Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
**K&L Gates LLP**
Four Embarcadero Center, Suite 1200
San Francisco, California  94111

Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

*Attorneys for Plaintiff and Counterclaim Defendant*
NETGEAR, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| NETGEAR, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>CHOICE ELECTRONICS INC.,<br><br>         Defendant. | Case No. 3:25-cv-02601-RS<br><br>**CASE MANAGEMENT STATEMENT**<br><br>District Judge: Hon. Richard Seeborg |
| CHOICE ELECTRONICS INC.,<br><br>         Counterclaim-Plaintiff,<br><br>v.<br><br>NETGEAR, INC.<br>         Counterclaim-Defendant. | |

Pursuant to the Court's Electronic Order dated March 18, 2025 (ECF 5), the Standing Order for All Judges of the other District of California and L.R.16-9, Plaintiff/Counterclaim-Defendant NETGEAR, INC. ("NETGEAR" or "Plaintiff") and Defendant/Counterclaim-Plaintiff Choice Electronics Inc. ("Choice Electronics" or "Defendant") (together, "the Parties") submit this Case Management Statement as follows:

1. **Jurisdiction & Service**

NETGEAR alleges that the Court has jurisdiction over the subject matter of its

claims this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Choice Electronics alleges that this Court has subject matter jurisdiction over its counterclaims pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367. Choice Electronics agrees that the Court has jurisdiction over this action.  *See* Compl. ¶¶ 2- 4; Answer, ¶¶ 2-4.

No issues exist regarding personal jurisdiction or venue, and all parties have been served.

**2. <u>Facts</u>**

<u>NETGEAR's Position:</u>

NETGEAR alleges that Defendant is offering for sale "new" NETGEAR Products, despite the fact that they are used, closed out, liquidated, counterfeit, and/or non-genuine product of unknown origin. NETGEAR has never authorized Defendant to sell NETGEAR Products and Defendant's wrongful and infringing promotion and sale of NETGEAR Products through online commerce sites amounts to trademark infringement, false advertising, false designation or origin and unfair competition arising under the Lanham Act and Business and Professions Cose §§ 17200 *et seq.*

Defendant advertises and sells NETGEAR branded products on several online retail platforms, including, but not limited to, Amazon.com and Walmart.com, under the seller name "Seller Choice Electronics' (Serial Numbers Recorded)" (Amazon Seller ID A18UQSTHS8A7FY). Specifically, Defendant advertises "new" NETGEAR Products but fulfills orders with liquidated, used, or non-genuine product of unknown origin. Customers of Defendant have complained of this conduct, specifically alleging that Defendant "[s]ent me a defective unit and then have me 8 dollars for a refund on a 150$ item. Don't buy here" and stating, "DO NOT BUY FROM THIS SELLER!!!!!! Seller sent damaged item. Trying to say I did the damage."; "Item received didn't work and they still made me pay for return shipping

($100) and still didn't give full refund. Don't buy from these people."; "Received used item with expired warranty"; and "There are 2 other labels under my address ship label on the box. Appears this product was returned at least twice and then sold again as new to me as a new product. Very very shady. They didn't even bother removing all the old labels or getting a new box. Tons of shipping tape on it." Compl. ¶¶ 34-38. Moreover, Defendant is manipulating the Amazon.com online review system and falsely advertising positive online review scores in order to deceive customers and improperly compete with NETGEAR for sales. *Id.* ¶¶ 41-64.

Defendant disputes these allegations.

Choice Electronics' Position:

This case relates to the sale of networking hardware over the internet and, in particular, on Amazon.com ("Amazon"). Plaintiff manufactures and sells these products under the NETGEAR brand ("NETGEAR Products"). Among a variety of other items, Choice Electronics purchases genuine NETGEAR Products on the open market and resells them through an Amazon storefront. Seeking to eliminate competition on Amazon and maintain pricing for its products, Plaintiff filed the present suit alleging various Lanham Act and state law claims. But it is well-established that, under the "first sale doctrine," the resale of genuine trademarked goods—like here—does not constitute trademark infringement, even if made without the trademark owner's consent. *NEC Elecs. v. CAL Cir. Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) ("Trademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent."). Plaintiff's false advertising claims likewise fail. NETGEAR's arguments that Choice Electronics somehow suppresses or manipulates reviews is belied by the Complaint itself. Specifically, by including quotes of purported generic "poor reviews" demonstrates that all reviews—positive and negative—are readily viewable by consumers for their consideration.

Choice Electronics also asserts counterclaims in this action seeking a

declaratory judgment of non-infringement (Counterclaim I) as well as monetary and injunctive relief for Plaintiff's false advertising (Counterclaim II), violations of California Business and Professions Code §§ 17200 et seq (Counterclaim III), and Deceptive Trade Practices Under N.Y. General Business Law ("GBL") § 349 (Counterclaim IV).

These counterclaims stem from allegations that NETGEAR unfairly manipulates Amazon listings by using old listings for unrelated new products in order to show inflated and unwarranted reviews for the new products, thereby misleading consumers. Further, NETGEAR asserts that NETGEAR-branded product are covered by a warranty, but only when purchased from NETGEAR or an "authorized" reseller. But NETGEAR fails to comply with the federal requirements for consumer product warranties, and violates N.Y. G.B.L. § 369-b by attempting to limit the warranty to authorized resellers, thereby deceiving consumers regarding the legitimacy and lawfulness of that warranty and its purported limitation.

### 3. <u>Legal Issues</u>

<u>NETGEAR's Position:</u>

This is an action for trademark infringement, false advertising, false designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and Business and Professions Code §§ 17200 *et seq*. from Defendant's wrongful and infringing promotion and sale of NETGEAR's products through online commerce sites, including but not limited to, Amazon.com and Walmart.com.

<u>Choice Electronics' Position</u>

NETGEAR has no viable claim; under the well-established "first sale doctrine," the resale of genuine trademarked goods—like Choice Electronics' lawful resale of NETGEAR-branded products—does not constitute trademark infringement, even if made without the trademark owner's consent. *NEC Elecs. v. CAL Cir. Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) ("Trademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's

consent.").

NETGEAR's selling of new, unrelated products under pre-existing Amazon listings so that it could cause the reviews from a prior product extend to the new, unrelated product constitute false advertisement and unfair or deceptive acts or practices. So do NETGEAR's misrepresentations concerning its purported "warranty," which is invalid and violates state and federal laws, including but not limited to 15 U.S.C. § 2302 and N.Y. G.B.L. § 369-b.

**4. <u>Motions</u>**

There are no pending motions at this time.

**5. <u>Amendment of Pleadings</u>**

NETGEAR does not anticipate any amended complaints at this time but reserves the right to amend pursuant to Rule 15(a)(2), should additional evidence be discovered during the court of discovery. NETGEAR proposes that the deadline to amend be 30 days after the close of fact discovery.

Choice Electronics does not anticipate amending its Counterclaims at this time but reserves the right to amend pursuant to Rule 15(a) (e.g., should additional evidence be discovered during the course of discovery).

**6. <u>Evidence Preservation</u>**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have begun to meet and confer pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties each believe that they are complying in good faith with their obligations to preserve potentially relevant documents and evidence, including electronically stored information ("ESI") as well as the products at issue. The Parties will continue to meet and confer in an effort to reach an agreement further delineating the procedures to be used in producing ESI.

7. **Disclosures**

The Parties have held several conferences to discuss their Rule 26(f) obligations. Pursuant to the Federal Rules of Civil Procedure, the Parties have agreed to make Rule 26 Initial Disclosures on or before June 20, 2025.

8. **Discovery**

No discovery has been taken to date. The Parties do not believe that limitations or modifications of the discovery rules are necessary, except with respect to the number of depositions discussed below. NETGEAR presently believes that the subjects on which discovery may be needed include the following:

- Defendant's electronically stored information, which likely includes its advertisements on Amazon.com, Walmart.com and elsewhere, communications regarding NETGEAR Products, sales data, consumer complaints and related communications concerning Defendant's sale of products, product sourcing information, online posting information, and other relevant information.

- Defendant's hardcopy files, which likely include its advertisements, communications, packaging, consumer complaints concerning its sales, sales information, product sourcing information and other relevant information.

Choice Electronics presently believes that the subjects on which discovery may be needed include the following:

- NETGEAR's marketing, advertising, distribution and sale of NETGEAR-branded products on Amazon and other online marketplaces.

- NETGEAR's basis for its allegation that Choice Electronics offers for sale "used, closed-out, liquidated, counterfeit, and/or non-genuine" NETGEAR-branded products.

- NETGEAR's history of enforcement of Plaintiff's trademarks and related tactics.

- NETGEAR's distribution network and related agreements.

- NETGEAR's sales and profits from the sale of NETGEAR-branded products.

- NETGEAR's creation and maintenance of ASINs for NETGEAR-branded products on the Amazon.com marketplace.
- NETGEAR's warranty practices concerning NETGEAR-branded products.

The Parties agree that there will be a need for a protective order The Parties intend to enter a stipulation for protective order with two levels of confidentiality. The Parties intend to use the Northern District of California's model Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets and will submit it to the Court on or before July 1, 2025. The Parties also agree that they are each limited to 6 non-expert depositions unless good cause exists for additional depositions.

**9. Class Actions**

Not applicable.

**10. Related Cases**

Not applicable.

**11. Relief**

NETGEAR seeks the following relief:

A. Finding that, (i) as to Count I, Defendant's unauthorized sale of NETGEAR Products infringes on NETGEAR's registered trademark, in violation of 15 U.S.C. § 1114; (ii) as to Count II, Defendant's unauthorized sale of NETGEAR Products constitutes a false designation of origin, in violation of 15 U.S.C. § 1125(a); (iii) as to Count III, Defendant's false advertisement of NETGEAR Products constitutes false advertising, in violation of 15 U.S.C. § 1125(a); and (iv) as to Count IV and V, Defendant's actions constitute a violation of California and New York law, resulting in Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform such as Amazon.com or any other website,

website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

    i.    Using or attempting to use, any of NETGEAR's intellectual property, including, but not limited to, the NETGEAR Marks;

    ii.    Advertising, selling, or taking any steps to sell, any products bearing the NETGEAR Marks in an improper manner;

    iii.    Engaging in any activity constituting unfair competition with NETGEAR; and

    iv.    Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

B. Award NETGEAR its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 et seq, and/or N.Y. General Business Law § 349;

C. Award NETGEAR Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 et seq. and/or N.Y. General Business Law § 349;

D. Award NETGEAR statutory damages of $2,000,000.00 per mark pursuant to 15 U.S.C. § 1117(c);

E. Award NETGEAR exemplary and punitive damages in an appropriate amount;

F. Enter judgment that Defendant's acts of infringement have been knowing and willful;

G. Award NETGEAR its reasonable attorneys' fees in bringing this action as allowed by law;

H. Award NETGEAR pre-judgment and post-judgment interest in the

maximum amount allowed under the law;

I.   Award NETGEAR the costs incurred in bringing this action; and

J.   Award NETGEAR such other relief as this Court deems just and proper.

Choice Electronics' seeks the following relief:

A.   An order declaring that Choice Electronics has not infringed any valid and enforceable intellectual property rights owned by Counterclaim-Defendants, including the NETGEAR Registration;

B.   Preliminary and permanent injunctive relief restraining NETGEAR, its agents, servants, employees, successors and assigns, and all others in concert and privity with NETGEAR, from engaging in further review manipulation and engaging in other acts of false advertising, unlawful, unfair, and fraudulent acts, and deceptive business practices;

C.   An award of all damages that Choice Electronics has suffered as a result of NETGEAR's false advertising;

D.   Restitution and civil penalties for NETGEAR violations of California Business and Professions Code §§ 17200 et seq.

E.   An award of all damages that Choice Electronics has suffered as a result of NETGEAR's deceptive trade practices under NY GBL § 349;

F.   An award of all costs and fees incurred in this Action; and

G.   Such other and further relief as the Court shall find just and proper.

## 12. Settlement and ADR

The parties agree that the case would benefit from mediation with a court-appointed mediator.

## 13. Other References

The parties do not believe there is a need for a special master and do not believe referral of this action to binding arbitration is indicated or appropriate.

## 14. Narrowing of Issues

The parties are not currently aware of any agreements that could narrow the

issues.

**15. Scheduling**

The parties propose the following dated for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial:

The Parties propose the following discovery plan:

|  | NETGEAR's Proposed Dates | Choice Electronics' Proposed Dates |
|---|---|---|
| Discovery-related Motions | December 12, 2025 | October 24, 2025 |
| Fact Discovery Cutoff | January 23, 2026 | October 24, 2025 |
| Expert Disclosures – Initial | March 27, 2026 | November 21, 2025 |
| Expert Disclosures – Rebuttal | May 8, 2026 | December 19, 2025 |
| Expert Discovery Cutoff | June 5, 2026 | January 23, 2026 |
| Deadline to file MSJ & *Daubert* | July 10, 2026 | March 6, 2026 |
| Final Pretrial Conference | Court's Discretion | Court's Discretion |
| Jury Trial | 90 days after Final Pretrial Conference | 90 days after Final Pretrial Conference |

**16. Trial**

The Parties request a trial by jury of all issues so triable and believe that the estimated length of trial should last four days.

**17. Disclosure of Non-party Interested Entities of Persons**

NETGEAR and Choice Electronics has filed a Certification of Interested Entities or Persons required by Civil Local Rule 3-15 (ECF 7).

**18. Professional Conduct**

All counsel of record have reviewed the Guidelines for Professional Conduct

for the Northern District of California.

**19. <u>Other</u>**

NETGEAR is currently unaware of other matters that may facilitate the just, speedy, and inexpensive resolution of this action.

Dated: June 20, 2025                                        K&L GATES LLP

By: <u>*/s/ K. Taylor Yamahata*</u>
      Jason N. Haycock
      K. Taylor Yamahata

*Attorneys for Plaintiff and Counterclaim Defendant NETGEAR Inc.*

TARTER KRINSKY & DROGIN LLP

By: <u>*/s/ Tyler R. Dowdall*</u>
      Tyler R. Dowdall

*Attorney for Defendant and Counterclaim-Plaintiff Choice Electronics. Inc.*