Jason N. Haycock (278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (347192)
Taylor.Yamahata@klgates.com
K&L GATES LLP
Four Embarcadero Center
Suite 1200
San Francisco, California  94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Morgan T. Nickerson (SBN 278983)
Morgan.Nickerson@klgates.com
K&L GATES LLP
1 Congress Street, 29th Floor
Boston, MA  02114
Telephone: +1 617 261 3134
Facsimile: +1 617 261 3175
(*Pro Hac Vice*)

*Attorneys for Plaintiff/Counterclaim-Defendant*
NETGEAR, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, INC., | Case No. 3:25-cv-02601-RS |
| Plaintiff, | **NETGEAR, INC.'s NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CHOICE ELECTRONICS INC.'S COUNTERCLAIMS AND MEMORANDUM IN SUPPORT** |
| v. | |
| CHOICE ELECTRONICS INC., | |
| Defendant. | [*Filed concurrently with the [Proposed] Order*] |
| | Hearing Date: August 14, 2025 |
| | Time: 1:30 p.m. |
| | Court: Courtroom #3, 17th Floor, San Francisco, CA |
| | Judge: Hon. Richard Seeborg |
| CHOICE ELECTRONICS INC., | |
| Counterclaim-Plaintiff, | |
| v. | |

1  NETGEAR, INC.,

2                        Counterclaim-Defendant,

3

4  _____

5  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

6      **PLEASE TAKE NOTICE** that on August 14, 2025, at 1:30 p.m. or as soon thereafter as

7  this matter may be heard, in Courtroom 3 of this Court, located in San Franciso, California, Plaintiff

8  and Counterclaim-Defendant NETGEAR, INC. ("NETGEAR") pursuant to Rules 12(b)(1) and

9  12(c) of the Federal Rules of Civil Procedure, will and hereby do move the Court for an order

10 granting their Motion for Judgment on the Pleadings as to Counterclaim-Plaintiff Choice

11 Electronics Inc.'s ("Choice Electronics") Counterclaims with prejudice.  Judgment on the pleadings

12 is warranted on the following grounds:

13     **First**, Counterclaim II, which alleges false advertising under the Lanham Act, fails because

14 Choice Electronics lacks standing, has not identified any actionable misrepresentation, and has not

15 pleaded the claim with the particularity required under Rule 9(b).

16     **Second**, Counterclaims III and IV, brought under California and New York unfair trade

17 practices statutes, should be dismissed for lack of standing and because the allegations do not

18 describe any conduct that qualifies as unfair or deceptive under the applicable laws.

19     **Third**, Counterclaim I, seeking a declaratory judgment of non-infringement, should be

20 dismissed as it merely mirrors Plaintiff's claims and affirmative defenses, and serves no

21 independent purpose in the litigation.

22     This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points

23 and Authorities, any reply memorandum, all pleadings, papers, and records on file with this Court,

24 and all other such argument and evidence as may be presented in connection with the Motion.

25

26

27

28

1   Dated: June 30, 2025                          K&L GATES LLP

2

3                                                 By: /s/ *Jason N. Haycock*

4                                                     Jason N. Haycock
                                                     K. Taylor Yamahata

5                                                 Morgan T. Nickerson (*Pro Hac Vice*)

6                                                 *Attorneys for Plaintiff/Counterclaim-Defendant*

7                                                 NETGEAR, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

I.      STATEMENT OF THE ISSUES TO BE DECIDED.............................................. 1

II.     INTRODUCTION ................................................................................................. 1

III.    FACTUAL BACKGROUND ................................................................................ 2

IV.     LEGAL STANDARD ........................................................................................... 3

V.      ARGUMENT ........................................................................................................ 4

        A.      Choice Electronics' False Advertising Claims Fail for Lack of
                Standing and For Failure to State a Viable Claim...................................... 4

                i.      Choice Electronics Lacks Standing to Assert a False
                        Advertising Claim. ........................................................................... 5

                ii.     Choice Electronics Fails to Allege Any Statement Made By
                        NETGEAR to Support a False Advertising Claim. ......................... 6

                iii.    Choice Electronics Has Not Pleaded its False Advertising
                        Claim with the Specificity Required. .............................................. 8

        B.      Choice Electronics' State Law Claims Fail. .............................................. 9

                i.      Choice Electronics Lacks Standing to Challenge
                        NETGEAR's Warranty. .................................................................... 9

                ii.     Choice Electronics' State Law Claims Fail to Allege Any
                        Predicate Wrongdoing..................................................................... 12

        C.      Choice Electronics' Declaratory Judgment Claim Should be
                Dismissed As Duplicative. ........................................................................ 13

VI.     CONCLUSION ................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AirWair Int'l Ltd. v. Schultz,*
    84 F. Supp. 3d 943 (N.D. Cal. 2015) ........................................................................................ 3

*Allbirds, Inc. v. Giesswein Walkwaren AG,*
    2020 WL 6826487 (N.D. Cal. June 4, 2020) ........................................................................ 12

*Alvarez v. Chevron Corp.,*
    656 F.3d 925 (9th Cir. 2011)................................................................................................... 13

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................................................. 3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................................... 3, 12

*Bimbo Bakeries USA, Inc. v. Sycamore,*
    29 F.4th 630 (10th Cir. 2022)............................................................................................... 6, 7

*Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1055
    n.4 (9th Cir. 2011) ................................................................................................................... 3

*Cisco Sys., Inc. v. Beccela's Etc., LLC,*
    403 F. Supp. 3d 813 (N.D. Cal. 2019) ............................................................................... 9, 10

*City of New York v. Smokes–Spirits.com, Inc.,*
    12 N.Y.3d 616 (2009) ............................................................................................................ 13

*Clapper v. Amnesty Int'l USA,*
    568 U.S. 398 (2013)................................................................................................................. 5

*Cleary v. News Corp.,*
    30 F.3d 1255 (9th Cir.1994).................................................................................................. 12

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,*
    173 F.3d 725 (9th Cir. 1999)................................................................................................ 7, 8

*Daily v. Federal Ins. Co.,*
    2005 WL 14734 (N.D.Cal. January 3, 2005) .................................................................. 13, 14

*Executive Risk Indem. Inc. v. Icon Title Agency, LLC,*
    739 F.Supp.2d 446 (S.D.N.Y.2010)...................................................................................... 11

1600237575.3

*Freitag v. Valeiras*,
    No. 3:21-CV-1625-LAB-AHG, 2022 WL 2277502 (S.D. Cal. June 22, 2022) .................... 13

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008)................................................................................. 4

*Keegan v. American Honda Motor Co., Inc.*,
    838 F. Supp. 2d 929 (C.D. Cal 2012)....................................................................... 9

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ......................................................................................... 3, 5

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011)................................................................................. 3

*Newcal Indus., Inc. v. Ikon Off. Sol.*,
    513 F.3d 1038 (9th Cir. 2008)................................................................................. 7

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011)................................................................................... 3

*Skydive Ariz., Inc. v. Quattrocchi*,
    673 F.3d 1105 (9th Cir. 2012)................................................................................. 6

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ............................................................................................ 3

*Stokes v. CitiMortgage, Inc.*,
    2014 WL 4359193 (C.D. Cal. Sept. 3, 2014).......................................................... 13

*TrafficSchool.com, Inc. v. Edriver Inc.*,
    653 F.3d 820 (9th Cir. 2011)................................................................................... 5

*Walker Distributing Co. v. Lucky Lager Brewing Co.*,
    323 F.2d 1 (9th Cir. 1963)...................................................................................... 5

*WorldHomeCenter.com, Inc. v. Franke Consumer Prods., Inc.*,
    10 Civ. 3205(BSJ), Doc. No. 31, 2011 WL 2565284 (S.D.N.Y. June 22, 2011) .................. 11

*Yelp, Inc. v. ReviewVio, Inc.*,
    No. C 23-06508 WHA, 2024 WL 2883668 (N.D. Cal. June 6, 2024)...................................... 8

**Statutes**

15 U.S.C. §§ 2301-2312, *et seq.* ...................................................................................... 9

15 U.S.C. § 2302 ............................................................................................................ 9

- iii -

1600237575.3

15 U.S.C. § 2310(d) ...................................................................................................... 9

Ca. Unfair Business Law (UCL), Bus. & Prof. § 17200, *et seq.* ........................................... 12, 13

Federal Trade Commission Act, § 5(a) 15 U.S.C. § 45(a) and § 12 15 U.S.C. §52 ...................... 6

Lanham Act ..................................................................................................................*passim*

Magnuson-Moss Warranty Act ........................................................................................ 9

N.Y. Gen. Bus. Law § 369–b ........................................................................... 9, 10, 11

N.Y. General Business Law § 349 .................................................................... 9, 10, 11, 13

**Other Authorities**

16 CFR § 702.3(c) N.Y. G.B.L. § 369-b .......................................................................... 9

Federal Rule of Civil Procedure 12(b)(1) .................................................................. 3, 12

Federal Rule of Civil Procedure 12(b)(6) .................................................................... 3

Federal Rule of Civil Procedure 12(c) .......................................................................... 3

Federal Rules of Civil Procedure Rule 9(b) ........................................................ 1, 3, 4, 8

Federal Rules of Civil Procedure Rules 12(b)(1) and 12(c) ............................................. 1

NOTICE OF MOTION AND MOTION FOR
JUDGMENT ON THE PLEADINGS

1600237575.3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF THE ISSUES TO BE DECIDED

1.    Whether Choice Electronics has standing to assert a false advertising claim when there is injury redressable by this Court?

2.    Whether Choice Electronics alleges an actionable "statement of fact" sufficient to support a false advertising claim?

3.    If an actionable "statement of fact" has been pleaded with the requisite particularity?

4.    Whether Choice Electronics has standing or has pleaded facts to support its unfair trade practice state law claims?

5.    Whether Choice Electronics' declaratory judgment claim is duplicative or the "mirror image" of claims in the complaint or in the affirmative defenses and therefore should be dismissed?

### II.    INTRODUCTION

Plaintiff and Counterclaim-Defendant NETGEAR, INC. ("NETGEAR") respectfully moves for judgment on the pleadings pursuant to Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure as to all counterclaims asserted by Choice Electronics.

The counterclaims challenge the structure of Amazon.com's ("Amazon") product pages, alleging it is unlawful for customer reviews to remain static when consumers compare products by toggling between similar product variations. Choice Electronics also contests how NETGEAR presents its warranty terms to consumers. These allegations, however, do not give rise to any viable claim under federal or state law.

*First*, Choice Electronics lacks standing to assert a Lanham Act false advertising claim, as it fails to allege any actual injury redressable by this Court. Even if it could assert standing, Choice Electronics' false advertising claim still fails (1) to identify an actionable statement of fact and (2) to meet the heightened pleading standard of Rule 9(b). *Second*, Choice Electronics' unfair trade practice claims fail due to lack of standing and insufficient factual allegations. *Third*, its declaratory judgment claim is redundant and improper, as it merely duplicates existing claims and defenses.

1600237575.3

As Choice Electronics' counterclaims are legally deficient on multiple fronts, dismissal is appropriate. As explained in detail below, the Court should dismiss these counterclaims in their entirety.

### III.    FACTUAL BACKGROUND[1]

As set forth in the counterclaim, Choice Electronics is an online retailer that resells various consumer electronics, including NETGEAR products, through its Amazon storefront. Answer ¶16 (Choice Electronics "admits that it has sold NETGEAR branded products through online marketplaces, including the Amazon.com marketplace."). NETGEAR is a manufacturer of, *inter alia*, computer networking hardware. Countercl. ¶ 8. NETGEAR does not sell its products on Amazon and instead sells its products at wholesale to Amazon, who in turn sells the products at retail to consumers. *Id.* ¶ 25.  In short, Amazon is a retailer of NETGEAR. *Id.*

Amazon controls the Amazon.com domain name and, as Choice Electronics alleges, it is a "privilege" to sell products on the Amazon marketplace. *Id.* ¶ 18.  "Amazon's online e-commerce platform **allows** third parties, like Choice Electronics, to sell products on its e-commerce platform." *Id.* ¶ 17 (emphasis added).  Amazon "allows" parties to set up pages on its platform in order to sell products.  *Id.* ¶ 26. While making clear that it is Amazon that "allows" third parties the "privilege" of selling products on their website (*id.* ¶¶ 17, 18, 26) and despite the fact that NETGEAR does not even sell products directly on Amazon (*id.* ¶ 25), Choice Electronics alleges that NETGEAR improperly controls Amazon webpages by grouping NETGEAR products together under Amazon's "variation" system, which allows a customer to compare similar, but different products and the prices at which they are sold.  *Id.* ¶¶ 27-43. It also takes issue with the fact that Amazon has awarded and "displays the 'Amazon's Choice' badge" on its pages selling NETGEAR products.  *Id.* ¶¶ 44-48.

Lastly, the counterclaims allege that NETGEAR's "Limited Hardware Warranty," found not on Amazon but on NETGEAR's own webpage (*id.* ¶ 66), violates a variety of **consumer** protection regulations and laws. *Id.* ¶¶ 66-82.

---

[1] These facts are taken as true for purposes of this motion only.

NOTICE OF MOTION AND MOTION FOR
JUDGMENT ON THE PLEADINGS

1600237575.3

1  **IV.    LEGAL STANDARD**

2    "[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction

3  under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th

4  Cir. 2011). In order to establish standing, a counterclaimant must demonstrate (1) an "injury in

5  fact" that is (2) fairly traceable to the challenged conduct of the counterclaim-defendant, and (3)

6  likely to be "redressed by a favorable judicial decision." *Lujan v. Defs. of Wildlife,* 504 U.S. 555,

7  560-61 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion

8  of a legally protected interest that is concrete and particularized and actual or imminent, not

9  conjectural or hypothetical." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 339 (2016) (internal quotation

10  marks omitted).

11    A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) utilizes

12  the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil

13  Procedure 12(b)(6). *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047,

14  1055 n.4 (9th Cir. 2011). "A motion to dismiss a counterclaim brought pursuant to Federal Rule of

15  Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's

16  complaint." *AirWair Int'l Ltd. v. Schultz,* 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015). To survive a

17  motion brought pursuant to Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to

18  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim

19  is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable

20  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662,

21  678 (2009) (citation omitted). A plaintiff must allege facts sufficient to "raise a right to relief above

22  the speculative level." *See Twombly,* 550 U.S. at 555, 570. However, "[i]n alleging fraud or

23  mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.

24  R. Civ. P. 9(b).

25    When determining whether a claim has been stated, the Court accepts as true all well-

26  pleaded factual allegations and construes them in the light most favorable to the non-moving

27  party. *Reese v. BP Expl. (Alaska) Inc.,* 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need

28

1600237575.3

1   not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or

2   unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir.

3   2008) (internal quotation marks and citations omitted).

4   **V.      ARGUMENT**

5           **A. Choice Electronics' False Advertising Claims Fail for Lack of Standing and**

6               **For Failure to State a Viable Claim.**

7           Choice Electronics challenges the way Amazon structures its product detail pages, alleging

8   that the ability to toggle between different versions or "variations" of NETGEAR products, along

9   with the display of the "Amazon's Choice" badge, constitutes false advertising under the Lanham

10  Act. This theory fails for several independent reasons.

11          First, Choice Electronics lacks standing. According to its own allegations, it is Amazon,

12  rather than NETGEAR, that controls the product pages in question. *See* Countercl. ¶¶ 17, 18, 26

13  (making clear that Amazon "allows" third parties the "privilege" of selling products on their

14  website). In fact, Choice Electronics makes clear that NETGEAR does not even sell products

15  directly on Amazon or have its own seller account on Amazon, instead alleging that Amazon is a

16  retailer of NETGEAR. *Id.* ¶¶ 25, 71. Because the alleged conduct occurs exclusively on the Amazon

17  platform which is owned and controlled is solely by Amazon, any claimed injury is not redressable

18  through a lawsuit against NETGEAR.

19          Second, the counterclaim does not identify any false or misleading ***statement of fact*** made

20  by NETGEAR. The Lanham Act prohibits false representations in commercial advertising, not

21  complaints about the layout or structure of a third-party retail website. Allegations about how

22  Amazon's platform displays product variations or badges do not fall within the scope of a false

23  advertising claim under the statute.

24          Third, the counterclaim fails to meet the heightened pleading standard required under Rule

25  9(b). While it broadly references NETGEAR's product listings, it only identifies a specific

26  complaint involving the display of Wi-Fi 6 and Wi-Fi 7 products. Any claims regarding other

27  listings are entirely vague and unsupported by particularized facts. There are hundreds of different

28

1  NETGEAR products sold via the Amazon channel, some by Amazon and some by third parties

2  such as Choice Electronics.  To defend itself, NETGEAR is entitled to fair notice of which specific

3  listings are alleged to be misleading or improperly displayed. The counterclaim provides no such

4  detail. Accordingly, any claims that do not relate to the identified Wi-Fi 6 and Wi-Fi 7 listings must

5  be dismissed for failure to plead with the particularity required for claims based on fraud or

6  deception.

7        **i. Choice Electronics Lacks Standing to Assert a False Advertising Claim.**

8    A counterclaim-plaintiff must independently establish Article III standing, *see Walker*

9  *Distributing Co. v. Lucky Lager Brewing Co.*, 323 F.2d 1, 10 (9th Cir. 1963), which Choice

10  Electronics has not done. Article III standing requires (1) an injury-in-fact (2) caused by "the

11  challenged action" (3) that is "redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*,

12  568 U.S. 398, 409 (2013). Those constitutional prerequisites which "implicate the subject matter

13  jurisdiction of the court" are "independent" of "standing under the Lanham Act" and must be

14  analyzed separately and first. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 825 (9th Cir.

15  2011). "The party invoking federal jurisdiction bears the burden of establishing these elements."

16  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

17    Here, Choice Electronics complains about the way that an Amazon.com page is set up.

18  Amazon is not a party to this case and there is no allegation, nor could there be, that NETGEAR

19  controls Amazon.com webpages.  Indeed, Choice Electronics pleads that Amazon "allows" third

20  parties the "privilege" of selling products on their website. *See* Countercl. ¶¶ 17, 18, 26. As

21  NETGEAR does not control Amazon.com or the way in which its pages are formatted or displayed,

22  there is no order the Court can issue to the parties of this case that addresses the alleged injury to

23  Choice Electronics. In short, the harm alleged by Choice Electronics is not "redressable by a

24  favorable ruling" and the claim should be dismissed for this reason alone.

25

26

27

28

1600237575.3

**ii. Choice Electronics Fails to Allege Any Statement Made By NETGEAR to Support a False Advertising Claim.**

For a Lanham Act false advertisement claim to survive a motion to dismiss, Choice Electronics must plausibly allege that NETGEAR made "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." *Skydive Ariz., Inc. v. Quattrocchi,* 673 F.3d 1105, 1110 (9th Cir. 2012).

Here, Choice Electronics cannot point to any "statement of fact about its own or another's product" made by NETGEAR, let alone one that is false. Instead, it claims that allowing a consumer to toggle between products on a webpage without the webpage changing the products' consumer feedback is "false advertising." Choice Electronics is trying to fit a square peg into a round hole as without a statement of fact, there is no claim for false advertising as a matter of law.[2] As recently explained by the Tenth Circuit Court of Appeals in *Bimbo Bakeries USA, Inc. v. Sycamore*, 29 F.4th 630 (10th Cir. 2022):

> To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers. ***But the foregoing framework only applies if the statement under attack is a statement of fact. Courts have long concluded that only statements of fact are actionable under the Lanham Act.*** *See Intermountain Stroke Center, Inc. v.*

---

[2] Choice Electronics' reliance on the Federal Trade Commission's action against a maker of vitamins is misplaced. As can be seen from the pleadings, attached as Exhibit 1 to the counterclaim, the FTC alleged that the conduct violated Sections 5(a) and 12 of the *Federal Trade Commission Act*. The FTC did not, and could not, assert a claim under the Lanham Act's false advertising provisions.

1600237575.3

1    *Intermountain Health Care, Inc.*, 638 F. App'x 778, 785–86 (10th Cir.

2    2016) (unpublished); *see also Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292, 302

3    (4th Cir. 2017) ("[I]n order to be 'false' in any way cognizable under the Lanham

4    Act, a statement must also be one of fact."). "A factual claim is a statement that '(1)

5    admits of being adjudged true or false in a way that (2) admits of empirical

6    verification.'" *Am. Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 391

7    (8th Cir. 2004) (quoting *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 496

8    (5th Cir. 2000)). A statement that fails to meet these criteria falls outside the Lanham

9    Act's purview.

10   *Id.* at 644 (some internal citations omitted) (emphasis added); *see also Newcal Indus., Inc. v. Ikon*

11   *Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) (dismissing false advertising claim in part due as

12   "statement [] is not a quantifiable claim and does not describe (or misdescribe) any specific or

13   absolute characteristic of IKON's service."); *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,

14   173 F.3d 725, 731 (9th Cir. 1999)) ("An actionable statement is a specific and measurable claim,

15   capable of being proved false or of being reasonably interpreted as a statement of objective fact.").

16   At best, Choice Electronics alleges that NETGEAR set up an Amazon page improperly.

17   However, its false advertising counterclaim is devoid of any allegation concerning (1) a false

18   statement of fact (2) made by NETGEAR about its own or another's product.  Because the alleged

19   improper page set-up is not a statement by NETGEAR that admits of being adjudged true or false

20   in a way that admits of empirical verification, the claim is facially deficient, outside the purview of

21   the Lanham Act, and must be dismissed as a matter of law.

22   The allegations concerning Amazon's placement of its "Amazon's Choice" badge on its

23   page selling NETGEAR products fares no better.  Like before, there is no allegation, nor could

24   there be, that the badge is a statement of fact by NETGEAR.  Instead, as explained in the

25   counterclaim, the badge is placed by Amazon on certain pages to "make it easy to discover products

26   that other customers frequently choose for similar shopping needs."  Countercl. ¶ 44.  Moreover,

27   once again, the statement is not one of fact, as what product is "Amazon's Choice" is not capable

28

NOTICE OF MOTION AND MOTION FOR
JUDGMENT ON THE PLEADINGS

1600237575.3

of being adjudged true or false in a way that admits of empirical verification. Instead, this is a classic statement of opinion not actionable under the Lanham Act. *See Coastal Abstract Serv., Inc.*, 173 F.3d at 731 (holding that a vague and subjective statement that the plaintiff was "too small" to handle certain business did not give rise to liability under the Lanham Act).

As only statements of fact are actionable under the Lanham Act, and Choice Electronics has not identified any such statement, its false advertising claim should be dismissed.

### iii. Choice Electronics Has Not Pleaded its False Advertising Claim with the Specificity Required.

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure as well as basic due process, Choice Electronics must plead its false advertising counterclaim "with particularity." Fed. R. Civ. P. 9(b); *see Yelp, Inc. v. ReviewVio, Inc.,* No. C 23-06508 WHA, 2024 WL 2883668, at *2 (N.D. Cal. June 6, 2024) ("While the Ninth Circuit has not squarely decided that Rule 9(b) applies to Lanham Act claims, several of its district courts have reasoned that, 'where a Lanham Act claim is predicated on the theory that the defendant engaged in a knowing and intentional misrepresentation, then Rule 9(b) is applicable.'" (quoting *23andMe v. Ancestry.com,* 356 F. Supp. 3d 889, 908 (N.D. Cal. 2018))). Accordingly, to satisfy this pleading rule, Choice Electronics must include the who, what, when, where, and how of the misconduct alleged. *Id.*

Paragraph 32 of the counterclaim claims that NETGEAR engaged in misconduct by creating "variation relationships amongst Netgear Products that are unrelated to each other," yet names only two standard Wi-Fi technologies in NETGEAR products: the Wi-Fi 6 and Wi-Fi 7. There are hundreds of different NETGEAR products sold on Amazon, many with multiple features and configurations.[3] Without identifying model numbers, ASINs, or listing dates, NETGEAR is not on notice of what claims have been asserted against it and instead must guess as to which of those hundreds of products listings it must defend. Rule 9(b) and due process requires the who, what,

---

[3] For clarity, NETGEAR does not operate a third-party Amazon storefront and does not sell its products directly on the Amazon platform. As alleged in paragraph 25 of the counterclaim, Amazon purchases NETGEAR products wholesale and resells them on its own, acting as a retailer.

1600237575.3

when, where, and how of the alleged false statements.  By failing to provide the "who, what, when, where, and how" of alleged false statement as to other NETGEAR Products, Choice Electronics has failed to meet its pleading standard and failed to put NETGEAR on notice of exactly what claims it needs to defend against.  As a result, all false advertising claims against any NETGEAR product except for the claims as to the Wi-Fi 6 and Wi-Fi 7 Products should be dismissed for failure to plead with the requisite specificity.

### B.  Choice Electronics' State Law Claims Fail.

#### i.   Choice Electronics Lacks Standing to Challenge NETGEAR's Warranty.

Choice Electronics attacks the lawfulness of NETGEAR's consumer warranty and alleges that by "publishing its invalid Netgear Warranty on its website, Netgear deceived consumers regarding the legitimacy and lawfulness of that warranty." Countercl. ¶ 73.  It alleges that NETGEAR's warranty violates N.Y. G.B.L. § 369-b, 16 CFR § 702.3(c), as well as 15 U.S.C. § 2302.  However, these claims lack a private right of action and Choice Electronics lacks standing to assert that NETGEAR's consumer warranty violated any of these statutes or regulations.

As an initial matter, 16 CFR § 702.3(c) and 15 U.S.C. § 2302 are portions of the Magnuson-Moss Warranty Act, codified at 15 U.S.C. §§ 2301-2312, *et seq*.  15 U.S.C. § 2310(d) provides that any "***consumer*** who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" may sue for damages and other legal and equitable relief.  *Keegan v. American Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 954 (C.D. Cal 2012) (emphasis added).  As Choice Electronics is not a ***consumer*** of NETGEAR products, it does not have statutory standing to bring a claim under the Magnuson-Moss Warranty Act or to challenge the legality of NETGEAR's consumer warranty.

Choice Electronics' claims pursuant to N.Y. General Business Law § 349 based on violations of N.Y. G.B.L. § 369-b face a similar fate.  Indeed, another session of this Court recently had an opportunity to discuss a claim brought pursuant to N.Y. G.B.L. § 369-b in *Cisco Sys., Inc.*

1600237575.3

*v. Beccela's Etc., LLC*, 403 F. Supp. 3d 813 (N.D. Cal. 2019).  In dismissing the Section 369-b claims, the Court ruled as follows:

> "The Court agrees with the reasoned decision in *Worldhomecenter.com, Inc. v. KWC America, Inc.,* No. 10 CIV. 7781 NRB, 2011 WL 4352390, at *8 (S.D.N.Y. Sept. 15, 2011) that there is no private right of action under Section 369-b. In that case, the plaintiff sought declaratory judgment that the defendant's practices violated Section 369-b, among other statutes. The district court held that Section 369-b does not allow for a private right of action. The court concluded that "the legislative scheme embodied in Article 24-A of the General Business Law, where § 369-a & § 369-b are found, only envisions enforcement by the New York Attorney General, and does not refer to enforcement by private citizens." It then noted that because "[t]he Attorney General is also empowered to take action under N.Y. Executive Law § 63(12) against any person who demonstrates 'persistent fraud or illegality in the carrying on, conducting or transaction of business,'" it would be "inconsistent with the legislature's chosen scheme of enforcing Article 24-A through action by the Attorney General" to hold that Section 369-b affords a private right of action. *Id*. at *8–*9; … the Court agrees that the legislative scheme demonstrates that the New York legislature intended that the Attorney General would enforce this law, such that there is no private right of action under the statute."

*Beccela's Etc., LLC*, 403 F. Supp. 3d at 826.  In so ruling, this Court "agree[d] with the reasoned decision in *Worldhomecenter.com, Inc. v. KWC America, Inc.*" *Id*.  The cited *Worldhomecenter.com, Inc.* decision makes clear that a party cannot base a N.Y. General Business Law § 349 claim upon an alleged violation of Section 369-b.  It reasoned:

> "Plaintiff's effort to backdoor a § 369–b claim for which there is no private right of action, *see discussion infr*a, into a deceptive practices claim, while clever, is unavailing. Plaintiff has not identified any harm to itself or to the public at large which might afford it standing to assert competitive harms, *see Securitron*

1600237575.3

*Magnalock*, 65 F.3d at 264, and therefore has failed to satisfy the third element of a

deceptive practices claim, sufferance of an injury. Specifically, plaintiff has not even

alleged the existence of any consumer whose warranty claim has been denied by

KWC as a result of having purchased a KWC product from plaintiff, an occurrence

of which it would presumably be aware. Thus, any claim of 'loss of profits, loss of

established business dealings and prospective business opportunities, and damage

to reputation' is purely speculative…. Nor is it clear that KWC's warranty policy

would violate § 369–b. This is because KWC's blanket disclaimer of warranties for

all products sold by 'unauthorized Internet sellers' may be too general to fit within

the statutory language of § 369–b, which voids warranty disclaimers for products

'sold by a particular dealer or dealers.' N.Y. Gen. Bus. Law § 369–b (emphasis

added). Therefore, for these several reasons, plaintiff's deceptive practices claim

must be dismissed."

*Id.*; *see also WorldHomeCenter.com, Inc. v. Franke Consumer Prods., Inc.*, 10 Civ. 3205(BSJ),

Doc. No. 31, 2011 WL 2565284 (S.D.N.Y. June 22, 2011) ("The Court finds that Plaintiff has failed

to state a claim under the DTPA because Plaintiff cannot specify any consumer who was actually

injured as a result of the policy."). Under New York law, "it is well established ... that the claimed

deception itself cannot be the only injury." *Executive Risk Indem. Inc. v. Icon Title Agency,*

*LLC,* 739 F.Supp.2d 446, 452 (S.D.N.Y.2010)). Like the two New York courts cited above, this

Court should not allow an end-around of a § 369–b claim for which there is no private right of

action, no specific harmed consumer identified, and should dismiss the N.Y. General Business Law

§ 349 claim based upon alleged violations of the same.

　　Lastly, Choice Electronics lacks constitutional standing to assert claims concerning

NETGEAR's warranty terms or any other claims that it makes in passing.[4] While it alleges that

---

[4] Choice Electronics' counterclaim provides a heading of "Price Manipulation" in a title to a section
(p. 14), but does not provide any actual factual allegations concerning the same.  To the extent that
this is read to assert a claim, it should be dismissed for failure to plead facts sufficient to support
the same.

NETGEAR's warranty harms *consumers*, there is no plausible explanation as to how NETGEAR's warranty terms harm Choice Electronics. Once again, the closest Choice Electronics gets to alleging a constitutionally cognizable injury is its conclusory legal assertion that NETGEAR's warranty has "discouraged and dissuaded consumers from purchasing genuine Netgear Products from Choice Electronics." Countercl. ¶ 82.  It is black letter law that legal conclusions do not state a claim, *see Twombly*, 550 U.S. at 564-565, and even if they could, it is not discernable how or why Choice Electronics would be injured by NETGEAR's warranty terms provided to consumers.  This is especially true here where the allegation is that the allegedly improper warranty terms are on NETGEAR's own website (Countercl. ¶ 66) rather than on the Amazon pages at issue.  Choice Electronics fails to connect how an allegedly improper warranty appearing on NETGEAR's own website causes injury to its sales on Amazon.  To establish injury and standing to sue under the Lanham Act, a plaintiff must allege the "chain of inferences showing how defendant's false advertising could harm plaintiff's business." *Allbirds, Inc. v. Giesswein Walkwaren AG,* 2020 WL 6826487, at *4 (N.D. Cal. June 4, 2020) (quoting *TrafficSchool.com, Inc.*, 653 F.3d at 825). Simply put, Choice Electronics has not provided the "chain of inferences" showing how NETGEAR's alleged improper warranty *appearing on its own webpage* harms Choice Electronics' Amazon business as required to establish Article III standing. *Id*.  Accordingly, all state law claims premised on warranty allegations should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing.

## ii. Choice Electronics' State Law Claims Fail to Allege Any Predicate Wrongdoing.

Choice Electronics alleges that NETGEAR violates the California Unfair Competition Law, codified at Business and Professions Code sections 17200, *et seq*.  The Ninth Circuit "has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are substantially congruent to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir.1994) (citations omitted). "By proscribing any unlawful business practice, the UCL borrows violations of other laws

1    and treats them as unlawful practices that the unfair competition law makes independently

2    actionable." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 n.8 (9th Cir. 2011) (alteration and internal

3    quotation marks omitted). "If a plaintiff cannot state a claim under the predicate law, however, [the

4    UCL] claim also fails." *Stokes v. CitiMortgage, Inc.*, 2014 WL 4359193, at *11 (C.D. Cal. Sept. 3,

5    2014) (internal quotation marks omitted).

6        Choice Electronics' claims of violation of California's Unfair Competition Law rises and

7    falls with its claims under the Lanham Act and its alleged warranty claim.  For the reasons explained

8    above, Choice Electronics has failed to state any cognizable unlawful business practice by

9    NETGEAR under any state or federal law.  As a result, there is no unlawful act alleged and the

10    claim under California Unfair Competition Law must fail as well.

11        Similarly, to state a claim under N.Y. General Business Law § 349, a plaintiff must show

12    that the defendant has engaged in: (1) consumer-oriented conduct that is (2) materially misleading

13    and that (3) plaintiff suffered injury as a result of the deceptive act or practice. *City of New York v.*

14    *Smokes–Spirits.com, Inc.*, 12 N.Y.3d 616, 621 (2009).  As shown above, Choice Electronics fails

15    to allege any actionable misconduct on the part of NETGEAR.  Accordingly, the New York state

16    law claim fails for lack of actionable misconduct as well.

17        **C. Choice Electronics' Declaratory Judgment Claim Should be Dismissed As**

18             **Duplicative.**

19        "The Court may use its discretion to dismiss counterclaims that are duplicative or the

20    'mirror image' of claims in the complaint or in the affirmative defenses." *Freitag v. Valeiras*, No.

21    3:21-CV-1625-LAB-AHG, 2022 WL 2277502 (S.D. Cal. June 22, 2022) citing *Stickrath v.*

22    *Globalstar, Inc.*, No. C07-1941-TEH, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008)

23    (dismissing "mirror image" counterclaims); *see also Daily v. Federal Ins. Co.*, 2005 WL 14734, 6

24    (N.D.Cal. January 3, 2005) (striking counterclaims where resolution of plaintiff's claim, along with

25    the affirmative defenses asserted by defendants, would resolve all questions raised by the

26    counterclaims). "A plaintiff moving to dismiss or strike a counterclaim on this basis must show that

27

28

1600237575.3

there is a complete identity of factual and legal issues between the counterclaims and the affirmative defenses, and that the counterclaims serve no useful purpose." *Id.*

In Count I, Choice Electronics alleges that "Netgear has asserted claims against Choice Electronics for purported infringement of its purported trademark rights, including the Netgear Registrations." Countercl. ¶ 84. It goes on to allege that "[a]s a result of Netgear's assertion of claims against Choice Electronics for infringement of Netgear's purported trademark rights, there is a definite and concrete dispute, touching the legal relations of the parties to this action." *Id.* ¶ 87. Based on Choice Electronics' pleadings, it is clear that Count I is merely a "mirror image" of NETGEAR's claim of infringement. Adjudication of this counterclaim serves no useful purpose and the Court, in its discretion, should dismiss this counterclaim.

## VI.    **CONCLUSION**

WHEREFORE, for each of the reasons explained above, NETGEAR respectfully requests that the Court dismiss Choice Electronics' Counterclaims with prejudice and for whatever other relief the Court deems just and equitable.

Dated:  June 30, 2025                K&L GATES LLP


By: /s/ *Jason N. Haycock*
Jason N. Haycock
K. Taylor Yamahata

Morgan T. Nickerson (*Pro Hac Vice*)

*Attorneys for Plaintiff/Counterclaim-Defendant*
NETGEAR, INC.

1600237575.3