TYLER R. DOWDALL (State Bar No. 258950)
tdowdall@tarterkrinsky.com
**TARTER KRINSKY & DROGIN LLP**
1880 Century Park East, Suite 1104
Los Angeles, CA 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465

MICHAEL BENZAKI (admitted *pro hac vice*)
mbenzaki@tarterkrinsky.com
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0377
Facsimile: (212) 216-8001

***Attorneys for Defendant/***
***Counterclaim-Plaintiff***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHOICE ELECTRONICS INC.,<br><br>Defendant | Case No: 3:25-cv-02601-RS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO NETGEAR INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:  August 14, 2025<br>Time:  1:30 p.m.<br>Location: San Francisco Courthouse,<br>              450 Golden Gate Avenue<br>              San Francisco, CA 94102<br>Courtroom 3 – 17th Floor |
| CHOICE ELECTRONICS INC.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>NETGEAR, INC.,<br><br>Counterclaim-Defendant. | District Judge: Hon. Richard Seeborg<br>Magistrate Judge: Hon. Nathanael M. Cousins |

*Sidebar (vertical text):* TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

**TABLE OF CONTENTS**

I.     STATEMENT OF THE ISSUES TO BE DECIDED ......................................................... 1

II.    INTRODUCTION ................................................................................................... 1

III.   RELEVANT FACTS .............................................................................................. 2

IV.   LEGAL STANDARD ............................................................................................. 3

V.    ARGUMENT ....................................................................................................... 4

    A.   Choice Electronics Declaratory Judgment Claim (Counterclaim I) Is Not a "Mirror Image" of Netgear's Trademark Infringement Claim ..................................... 4

    B.   Choice Electronics Has Standing To Assert The False Advertising Claim (Counterclaim II) That Has Been Sufficiently Alleged In The Counterclaims ........... 6

        1.   Choice Electronics Has Standing to Assert a Claim for False Advertising ......... 6

        2.   Choice Electronics Has Sufficiently Alleged That Netgear Made An Actionable False Statement ..................................................................... 8

        3.   Choice Electronics Has Met Its Pleading Requirements By Alleging Sufficient Facts to Support Its False Advertising Claim ................................... 11

    C.   Choice Electronics Properly Alleges Counterclaims Under California's Unfair Competition Law ("UCL") And New York's General Business Law ("GBL") ........ 12

VI.   CONCLUSION .................................................................................................... 15

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................................. 3

*B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.,*
   168 F.3d 967 (7th Cir. 1999) ................................................................................ 10

*Bel Canto Design, Ltd. v. MSS Hifi, Inc.,*
   837 F. Supp. 2d 208 (S.D.N.Y. 2011).............................................................. 13, 14

*Bel Canto Design, Ltd. v. MSS HiFi, Inc.,*
   No. 11 CIV. 6353 CM, 2012 WL 2376466 (S.D.N.Y. June 20, 2012) ...................... 14

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007).............................................................................................. 3, 4

*Bimbo Bakeries USA, Inc. v. Sycamore,*
   29 F.4th 630 (10th Cir. 2022) ................................................................................ 8

*Castaline v. Aaron Mueller Arts,*
   No. C 09-02543 CRB, 2010 WL 583944, (N.D. Cal. Feb. 16, 2010).......................... 4

*Cisco Sys., Inc. v. Beccela's Etc., LLC,*
   403 F. Supp. 3d 813 (N.D. Cal. 2019) .................................................................. 14

*Conley v. Gibson,*
   355 U.S. 41 (1957) .................................................................................................. 4

*Creagri, Inc. v. USANA Health Scis.,*
   No. 03-3216 MMC,
   2005 WL 181886 (N.D. Cal. Jan. 26, 2005) .......................................................... 12

*Dworkin v. Hustler Mag. Inc.,*
   867 F.2d 1188 (9th Cir. 1989) ................................................................................ 3

*GDM Enters., LLC v. Astral Health & Beauty, Inc.,*
   No. 17-1069-CV-W-SRB, 2018 WL 3453475 (W.D. Mo. July 17, 2018)................... 5

ii

*Gilbert L. Loaec 2014 Tr. v. Doheny,*

    No. 19-CV-02078-NC, 2019 WL 6255417 (N.D. Cal. Nov. 22, 2019) ..................................... 11

*Gilligan v. Jamco Dev. Corp.,*

    108 F.3d 246, (9th Cir. 1997) ........................................................................................................ 4

*Grasshopper House, LLC v. Clean & Sober Media, LLC,*

    No. 218CV00923SVWRAO, 2018 WL 6118440 (C.D. Cal. July 18, 2018) ............................ 10

*In re Nexus 6P Prods. Liab. Litig.,*

    293 F. Supp. 3d 888 (N.D. Cal. 2018) ....................................................................................... 12

*Interlink Prods. Int'l, Inc. v. F & W Trading LLC,*

    No. CV151340MASDEA, 2016 WL 1260713 (D.N.J. Mar. 31, 2016) ......................................... 9

*Lexmark Int'l, Inc. v. Static Control Components, Inc.,*

    572 U.S. 118 (2014) ....................................................................................................................... 6

*Malibu Media, LLC v. Doe,*

    No. C 15-04441 WHA, 2016 WL 3383758 (N.D. Cal. June 20, 2016) ....................................... 5

*Mallh v. Incase Designs Corp.,*

    No. CV 19-06414 DSF (SK), 2020 WL 13250089 (C.D. Cal. Mar. 11, 2020) ........................... 9

*Manning Int'l Inc. v. Home Shopping Network, Inc.,*

    152 F. Supp. 2d 432 (S.D.N.Y. 2001) ...................................................................................... 10

*Mimedx Grp., Inc. v. Osiris Therapeutics, Inc.,*

    No. 16 CIV. 3645 (KPF), 2017 WL 3129799 (S.D.N.Y. July 21, 2017) ................................... 15

*Mir v. Little Co. of Mary Hosp.,*

    844 F.2d 646 (9th Cir. 1988) ........................................................................................................ 4

*Newcal Indus., Inc. v. Ikon Off. Sol.,*

    513 F.3d 1038 (9th Cir. 2008) ...................................................................................................... 8

*Openwave Messaging, Inc. v. Open-Xchange, Inc.,*

    No. 16-CV-00253-WHO, 2016 WL 6393503 (N.D. Cal. Oct. 28, 2016) .............................. 5, 11

*Rocky Brands, Inc. v. Red Wing Shoe Co., Inc.,*

    No. 2:06-CV-00275, 2009 WL 10679619 (S.D. Ohio Dec. 9, 2009) ........................................ 10

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

iii

*Sanchez v. Nurture, Inc.*,

   626 F. Supp. 3d 1107 (N.D. Cal. 2022) ...................................................................... 12

*Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*,

   No. 21-CV-01280-JST, 2021 WL 11593043 (N.D. Cal. Aug. 16, 2021) ......................... 6, 7, 15

*Shinde v. Nithyananda Found.*,

   No. EDCV 13-00363-JGB (SPx), 2013 WL 12132050 (C.D. Cal. July 19, 2013) ................. 12

*SKWS Enters., Inc. v. Levonchuck*,

   No. CV 17-3327-R, 2018 WL 11351584 (C.D. Cal. Apr. 2, 2018).................................... 11

*Stickrath v. Globalstar, Inc.*,

   No. C07-1941 TEH, 2008 WL 2050990 (N.D. Cal. May 13, 2008) .................................. 4

*Vasquez v. L.A. County*,

   487 F.3d 1246 (9th Cir. 2007) ................................................................................ 3

*Worldhomecenter.com, Inc. v. KWC Am.,*

   *Inc.,* No. 10 CIV. 7781 NRB, 2011 WL 4352390 (S.D.N.Y. Sept. 15, 2011)..................... 13

*WorldHomeCenter.com, Inc. v. PLC Lighting, Inc.*,

   851 F. Supp. 2d 494 (S.D.N.Y. 2011)............................................................. 13, 14, 15

*Yelp, Inc. v. ReviewVio, Inc.*,

   No. C 23-06508 WHA, 2024 WL 2883668 (N.D. Cal. June 6, 2024)................................ 11

**Statutes**

15 USC § 45 ......................................................................................................... 10

15 USC § 52 ......................................................................................................... 10

15 USC §1125 ....................................................................................................... 10

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 3, 4

Fed. R. Civ. P. 12(c) ............................................................................................... 3

Fed. R. Civ. P. 8(a) ........................................................................................... 4, 11

Fed. R. Civ. P. 8(e) ................................................................................................. 4

Fed. R. Civ. P. 9(b) ............................................................................................... 11

N.Y. GBL § 369-b ................................................................................................. 13

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant/Counterclaimant CHOICE ELECTRONICS INC. ("Choice Electronics" or "Defendant') submits this Memorandum of Points and Authorities in opposition to Plaintiff/Counterclaim-Defendant NETGEAR, INC. ("Netgear") Motion for a judgment on the pleadings, dated June 30, 2025, (ECF No. 36, "Motion") with respect to the Choice Electronics' Amended Counterclaims dated May 1, 2025 (ECF. No. 11, "Counterclaims" or "Countercl.").

## I.     STATEMENT OF THE ISSUES TO BE DECIDED

1.     Whether a declaratory judgment claim of non-infringement in a trademark litigation should be dismissed merely because it concerns some of the same subject matter set forth in the Complaint?

2.     Whether Choice Electronics has standing to assert a false advertising claim against Netgear under the Lanham Act and whether such claim has sufficiently been alleged by Choice Electronics?

3.     Whether Choice Electronics has properly alleged claims under California's Unfair Competition Law and New York's General Business Law based on Netgear's violations of: (1) the Magnuson-Moss Warranty Act; (2) New York's GBL § 369-b; and (3) the Lanham Act.

## II.    INTRODUCTION

The Counterclaims asserted by Choice Electronics in this action pertain to Netgear's unfair manipulation of Amazon listings by adding new products to old listings (for unrelated products) to show consumers inflated and unwarranted reviews for the new and fundamentally different products. As detailed in the Counterclaims, Netgear has long engaged in conduct specifically designed to stifle competition and control pricing on Amazon by manipulating the reviews of its products on the Amazon marketplace. As detailed in the Counterclaims, this persistent conduct of false advertising materially misleads consumers who rely on product reviews before making a purchase, and harms competitors. Ultimately, by manipulating the reviews for the products they offer for sale, Netgear, under false pretenses, diverts consumers away from its competitors, such as Choice Electronics.

TARTER KRINSKY & DROGIN LLP
1350 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

Accordingly, Choice Electronics asserted the Counterclaims seeking a declaratory judgment of non-infringement (Counterclaim I), as well as monetary and injunctive relief against Netgear pertaining to its false advertising (Counterclaim II), violations of California a Business and Professions Code §§ 17200 et seq. (Counterclaim III), and violations of New York's General Business Law (Counterclaim IV). The Counterclaims go far beyond the requirements of notice pleading—they explain precisely why Choice Electronics is entitled to the requested relief.

*First,* under settled law, Choice Electronics has proper standing, as a competitor of Netgear, to assert its Lanham Act false advertising claim (Counterclaim III), for which the Counterclaims' paragraphs include specific allegations that meet applicable pleading requirements.

*Second,* the unfair trade practices claims under California law (Counterclaim IV) and New York law (Counterclaim V), for which Choice Electronics has standing, are adequately alleged as they include sufficient allegations of actionable conduct on the part of Netgear.

*Third*, the declaratory judgment claim (Counterclaim I) is not "redundant and improper" but rather properly seeks to resolve a genuine case or controversy as to the legal rights of the parties.

Accordingly, Netgear's Motion should be denied its entirety.

## III.    **RELEVANT FACTS**

Choice Electronics is a competitor of Netgear, and is in the business of lawfully acquiring and re-selling various products for a profit, including genuine Netgear Products, through an Amazon storefront. (*Id.* ¶¶ 9–14). Choice Electronics has invested significant efforts into building a successful and reputable Amazon storefront, which has amassed thousands of reviews and holds a near perfect customer rating. (*Id.* ¶¶ 21–22).

As alleged in the Counterclaims, the Netgear Products purchased from Netgear, or its authorized resellers, are covered by a purported warranty provided by Netgear (the "Netgear Warranty"). (*Id.* ¶¶ 66-67). However, the "Netgear Warranty" is invalid and does not comply with federal law and, by publishing that warranty on its website, Netgear is deceiving consumers regarding its legitimacy. (*Id.* ¶¶ 66-73). Further, the Netgear Warranty's disclaimer that the warranty will not extend to Netgear Products not purchased either from Netgear or an authorized third-party (the "Warranty Disclaimer") is invalid and thus constitutes a deceptive trade practice under New

TARTER KRINSKY & DROGIN LLP
1350 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

1    York law. (*Id.* ¶¶ 66-67, 74-82). This unlawful conduct has injured Choice Electronics because the

2    illegal "Netgear Warranty" and "Warranty Disclaimer" has discouraged and dissuaded consumers

3    from purchasing genuine Netgear Products from Choice Electronics. (*Id.* ¶ 82).

4         Seperately, Amazon allows its vendors (like Netgear) to create "variation" relationships

5    between products sold on Amazon.com that are substantially the same. (*Id.* ¶¶ 26).  Such products

6    may differ only in narrow, specific ways—such as color or quantity. According to Amazon's rules

7    and policies, substantially different products cannot share a variation relationship. (*Id.* ¶¶ 26-31).

8         Netgear has ignored these policies and has created variation relationships among Netgear

9    Products that are unrelated to each other, as illustrated by the fact that they listed fundamentally

10   different Wi-Fi network systems with different designs and incompatible technologies as variation

11   of each other.  (*Id.* ¶¶ 33-48).  By engaging in such conduct, Netgear is misleading consumers into

12   wrongfully believing that newer products are substantially the same as previously listed products

13   that differ in more ways than just color and size. (*Id.* ¶ 50). Moreover, this conduct misleads

14   consumers who rely on prior reviews before finalizing a purchase on Amazon into wrongly

15   believing that the accumulated reviews for the older products belong to, or otherwise endorse, a

16   substantially different product. (*Id.* ¶¶ 53–55). In sum, Netgear's activities violate Amazon's

17   policies, are encompassed by the types of activity that the U.S. Federal Trade Commission has

18   deemed to constitute false advertisement, and violate the federal Lanham Act, and California and

19   New York deceptive business practices statutes. (*Id.* ¶¶ 56–62).

20   **IV.    <u>LEGAL STANDARD</u>**

21        Since they are "functionally identical," "the same standard of review applicable to a Rule

22   12(b) motion applies to its Rule 12(c) analog." *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192

23   (9th Cir. 1989). To that end, it is well-established that to survive a Rule 12(b)(6) motion, a complaint

24   must plead "enough factors to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*

25   *v. Twombly*, 550 U.S. 544, 570 (2007). A claim is factually plausible when the factual content

26   pleaded allows a court "to draw the reasonable inference that the defendant is liable for the

27   misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal for failure to state a

28   claim is proper only "if it appears beyond doubt" that the non-moving party "can prove no set of

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

3

1  facts which would entitle him to relief." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir.

2  2007) (internal quotations and citation omitted).  In making this determination, the court must accept

3  all allegations of fact as true and construe the complaint in the light most favorable to the non-

4  moving party. *Id.* Dismissal is not warranted unless "it is clear that no set of facts in support of the

5  plaintiff's claim would entitle him to relief." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649

6  (9th Cir. 1988).

7      Generally, plaintiffs in federal court are required to give only "a short and plain statement

8  of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal

9  Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can

10 be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P.

11 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . .

12 claim is and the grounds upon which it rests.'" *Twombly,* 550 U.S. at 555 (*quoting Conley v. Gibson*,

13 355 U.S. 41, 47 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule

14 12(b)(6). *See, e.g., Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule

15 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.")

16 (internal quotation omitted).

17 **V.    ARGUMENT**

18     **A.  Choice Electronics Declaratory Judgment Claim (Counterclaim I) Is Not a**

19         **"Mirror Image" of Netgear's Trademark Infringement Claim**

20     Netgear argues that the declaratory judgment counterclaim is the "mirror image" of

21 Netgear's trademark infringement claim. (Mot. at 13-14). This argument is unavailing. It is well

22 established that Courts have "complete discretion whether to hear a counterclaim for declaratory

23 judgment." *Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, at *3 (N.D. Cal.

24 May 13, 2008). Courts should not dismiss "declaratory judgment counterclaims "simply because

25 they concern the same subject matter or arise from the same transaction as the complaint. *Id.* at *4.

26 In particular, Courts "should decline to dismiss counterclaims that seek a declaration that the patent

27 or trademark is invalid." *Id.*; *see Castaline v. Aaron Mueller Arts*, No. C 09-02543 CRB, 2010 WL

28

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
NETGEAR INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

583944, at *2 (N.D. Cal. Feb. 16, 2010) ("In the . . . trademark realm, courts have found that counterclaims alleging . . . trademark invalidity should not be dismissed as redundant").

A Court's decision to decline to dismiss non-infringement declaratory judgment claims in trademark cases "ensures that the defendant is protected against the possibility" that the rights owner "will dismiss the suit or that the infringement action will not resolve all of the issues between the parties." *GDM Enters., LLC v. Astral Health & Beauty, Inc.*, No. 17-1069-CV-W-SRB, 2018 WL 3453475, at *2 (W.D. Mo. July 17, 2018) (internal citations omitted). Indeed, the Motion "seems more like a gimmick designed to allow it an easy exit if discovery reveals its claims are meritless." *Malibu Media, LLC v. Doe,* No. C 15-04441 WHA, 2016 WL 3383758, at *2 (N.D. Cal. June 20, 2016).

Further, the Lanham Act provides that a prevailing party may recover its attorneys' fees (which Choice Electronics seeks), and "if events reveal that this case is meritless, [Netgear] could voluntarily dismiss its affirmative claims without prejudice under Rule 41(a)(2), seeking to avoid an award of attorney's fees. If, however, [Choice Electronics'] counterclaim remains alive, [it] will be able to press [its] counterclaim." *Malibu Media, LLC*, 2016 WL 3383758, at *2 (denying motion to dismiss declaratory judgment counterclaim and noting that the availability of attorney's fees "may be the *only* factor motivating" defendants to challenge a plaintiff's case on the merits"). Thus, Choice Electronics' declaratory judgment counterclaim should not be dismissed because it "serve[s] . . . [a] useful purpose." *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, No. 16-CV-00253-WHO, 2016 WL 6393503, at *10 (N.D. Cal. Oct. 28, 2016).

Further, Netgear has "not identified any prejudice that [it] would suffer" if the declaratory judgment counterclaim is not dismissed. *Id.* at *11 (denying motion to strike declaratory judgment counterclaim because the case was "still in its early stages" and the plaintiff failed to identify any harm it would incur absent dismissal). To the contrary, Netgear has already filed an answer to this counterclaim and discovery has commenced. *See Malibu Media, LLC*, 2016 WL 3383758, at *2 (holding that filing "an answer in which [the plaintiff] would deny all the allegations and refer back to the complaint" would "impose a negligible burden"). In short, without the declaratory judgement

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

counterclaim, Choice Electronics' rights, going forward, may not be fully resolved. Accordingly, the Motion should be denied with respect to the declaratory judgment counterclaim.

### B. Choice Electronics Has Standing To Assert The False Advertising Claim (Counterclaim II) That Has Been Sufficiently Alleged In The Counterclaims

#### 1. Choice Electronics Has Standing to Assert a Claim for False Advertising

Netgear seemingly does not challenge the fact that Choice Electronics has statutory standing to bring a false advertising claim under the Lanham. Rather, Netgear suggests that the Counterclaims do not plead sufficient facts to establish Article III standing. (Mot. at 5). Netgear is wrong. To have standing under Article III, a party "must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the [other party] and likely redressed by a favorable judicial decision." *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014).

To that end, the Supreme Court has held that allegations of "lost sales and damage to [a competitor's] business reputation" are sufficient to give a party "standing under Article III to press its false-advertising claim." *Id.* As such, parties can prove their injury "by creating a chain of inferences showing how the false advertising could harm [their] business." *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, No. 21-CV-01280-JST, 2021 WL 11593043 at *3 (N.D. Cal. Aug. 16, 2021). Further, "[e]vidence of direct competition is strong proof that plaintiffs have a stake in the outcome of the suit, so their injury isn't conjectural or hypothetical." *Id.*

The Court's holding in *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, No. 21-CV-01280-JST, 2021 WL 11593043 (N.D. Cal. Aug. 16, 2021) is instructive in this case. There, the Court denied a similar motion to dismiss and held that the plaintiff alleged sufficient facts to establish Article III and Lanham Act standing to pursue its false advertising claim. *Id.* at *3–*6. Specifically, the Court held that the plaintiff sufficiently alleged an "injury-in-fact" and a causal link between the false advertising and the alleged injury by pleading that: (1) the plaintiff competed with the defendants for consumers looking to purchase lidocaine patches; (2) the defendants falsely advertised the nature/benefits of its lidocaine patch; and (3) the plaintiff's false advertising deceived

consumers into buying the defendants' lidocaine patches rather than those of the plaintiff. *Id.* at *3–*5.

Similarly, Choice Electronics pleads sufficient facts to confer Article III standing. *First,* Choice Electronics alleges that Choice Electronics and Netgear are "competitors in the sale of computer network hardware products" in no small part because both offer Netgear Products for sale. (Countercl. ¶¶ 14, 65). *Second*, Choice Electronics alleges that Netgear engages in false advertising by creating variation listings for fundamentally different and unrelated products, which deceives consumers into wrongly believing that: (1) new, fundamentally different products are substantially the same as previously listed products that differ in more ways than just color and size. (*Id.* ¶ 50); and (2) the accumulated reviews and "Amazon's Choice" designations for the older products belong to, or otherwise endorses, a substantially different product. (*Id.* ¶¶ 51-53.) *Third,* Choice Electronics alleges that "Netgear's false advertising conduct entices consumers to purchase products from Netgear and in turn harms competitors, including Choice Electronics, by diverting customers away from them." (*Id.* ¶¶ 55-57, 99-100.) Such allegations mirror those that the *Sciex Pharms.* court found sufficient to establish Article III standing.

Finally, Netgear conspicuously ignores that the Counterclaims do in fact allege that Netgear "controls the content or structure" of the Netgear Products offered for sale on Amazon. (Mot. at 5) Specifically, the Counterclaims allege that Amazon permits its vendors (like Netgear) to "create 'variation' relationships between products sold on Amazon.com that are substantially the same." (Countercl. ¶ 26). The Counterclaims also expressly (and repeatedly) allege that "Netgear has . . . created variation relationships amongst Netgear Products that are unrelated to each other" (*Id.* ¶¶ 32, 37, 49, 97). Indeed, the suggestion that "there is no allegation…that NETGEAR controls Amazon.com webpages" (or more specifically, its own product listings) is demonstrably false. (Mot. at 5.)

As also detailed in the Counterclaims and herein, the Federal Trade Commission has successfully pursued similar claims against entities like Netgear (not Amazon) for engaging in the same deceptive conduct. (*Id.* ¶¶ 58-65). Accordingly, enjoining Netgear from engaging in such conduct will "redress" Choice Electronics' "harm of losing sales from customers who would have

TARTER KRINSKY & DROGIN LLP
1350 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

purchased" computer and gaming products from Choice Electronics rather than Netgear. *Scilex Pharms. Inc.*, 2021 WL 11593043 at *3. Thus, Choice Electronics has Article III standing to assert a false advertising counterclaim.

### 2. Choice Electronics Has Sufficiently Alleged That Netgear Made An Actionable False Statement

Netgear's argument that Choice Electronics has not alleged "a false statement" that was "made by NETGEAR about its own…product" (Mot. at 7) is legally baseless and readily refuted by the Counterclaims' detailed allegations. Specifically, the Counterclaims explain that, by routinely listing newly released products on Amazon as "variations" of fundamentally different older products (which employ incompatible technologies, different designs, and are sold at radically different price-points), Netgear is making the verifiably false statement of fact that the newer and older products are substantially the same and only differ "differs in attributes such as size or color." (Countercl. ¶¶ 27-28, 32-43, 50.)

These facts are wholly distinguishable from those in *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038 (9th Cir. 2008), which is relied on by Netgear, because unlike in that case, Netgear is not merely making a "general assertion" but rather deliberately making "a claim as to the specific characteristics of a product," which is an actionable statement of fact. *See Newcal Indus., Inc.* 513 F.3d at 1053. Netgear's reliance on *Bimbo Bakeries USA, Inc. v. Sycamore*, 29 F.4th 630 (10th Cir. 2022) is similarly unavailing because unlike the defendant in that case's use of the word "local" in a marketing campaign, Netgear listing fundamentally different products as variations ***does not*** "connote a host of ideas" but rather makes the fundamentally false statement that two objectively different products are the same. *See Bimbo Bakeries USA, Inc*, 29 F.4th at 644.

Moreover, the Counterclaims further explain and demonstrate that, by improperly listing fundamentally different products as variations, Netgear is also unlawfully inflating Amazon product ratings for its newer products that are improperly listed as variations of pre-existing products. Stated otherwise, by "listing new unrelated products as "variations" of pre-existing products, Netgear is… misleading consumers into wrongly believing that prior reviews and ratings for pre-existing products belong to new unrelated fundamentally different products." (Countercl. ¶¶ 29, 51-52). This

is because the "product detail page of products that are in a variation relationship shows the ratings and reviews of all the products in the variation relationship." (*Id.* ¶ 29.) For instance, when Netgear improperly listed two fundamentally different Wi-Fi products as variations, it represented to consumers that the newer product had garnered more than 2,300 customer reviews and accumulated an average rating of 4.3 stars out of five stars based on more than 4,880 ratings. In reality, however, only a small fraction of those ratings and reviews pertain to the newer (different) product. (*Id.* ¶ 41.)

Indeed, the Counterclaims substantial allegations of Netgear "purposefully driv[ing] up Amazon product ratings" to mislead consumers, a vast majority of whom heavily rely on such information when making purchasing decisions, are sufficient to state a Lanham Act false advertising claim. (*Id.* ¶¶50-57). *See Interlink Prods. Int'l, Inc. v. F & W Trading LLC*, No. CV151340MASDEA, 2016 WL 1260713, at *9 (D.N.J. Mar. 31, 2016) (holding that allegations that the "Defendants purposefully drive up Amazon product ratings…intending for consumers to rely on the misleading heightened reviews when selecting a product for purchase" were sufficient to state a Lanham Act claim for false advertising); *see also Mallh v. Incase Designs Corp.*, No. CV 19-06414 DSF (SK), 2020 WL 13250089, at *8 (C.D. Cal. Mar. 11, 2020) (holding that a Lanham Act false advertising claim was sufficiently where the plaintiff did not allege that the "numerical summaries of the star reviews" for the defendant's products were "incorrectly calculated" but rather properly alleged that the defendant "manipulated the reviews").

Netgear's arguments that the placement of "Amazon's Choice" badges cannot form the basis of a false advertisement claim also misses the mark. (Mot. at 7-8). The Counterclaims ***do not*** raise issue with the placement of the Amazon badge in and of itself; nor do the Counterclaims attempt to "adjudge" whether a product should be (or is) an "Amazon's Choice." (Mot. at 7-8). Rather, the Counterclaims allege that by improperly listing products as variations of each other, Netgear has managed to manipulate its listings such that an "Amazon's Choice" badge assigned to an older product also attaches to a fundamentally different newer product. (Countercl. ¶¶ 44-48.) This is sufficient to qualify as a false statement within the meaning of the Lanham Act. *See Mallh*, 2020 WL 13250089, at *8 (denying a motion to dismiss and distinguishing actionable allegation that the

TARTER KRINSKY & DROGIN LLP
1350 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

defendant manipulated product ratings from the unactionable allegation that the product ratings were "improperly calculated).

Furthermore, in *In the Matter of The Bountiful Company* the United States Federal Trade Commission ("FTC") (brought against a vitamin manufacturer) deemed conduct such as that of Netgear—including selling a new, unrelated product under a pre-existing listing so that it could cause the reviews and allocated "Amazon's Choice" badges from a prior product extend to the new, unrelated product—to constitute false advertisement and unfair or deceptive acts or practices. (Countercl. ¶¶ 58-61 and Exh. 1, *available* at ECF No. 11-1.) The FTC explained that such "representations were "false or misleading" because the "newer or weaker selling products" listed as variations of "different or longer or better selling products" "received significantly fewer customer ratings [and lower average star ratings] than appeared to be the case from their Amazon.com product pages" and "were not number one best sellers." (ECF No. 11-1 at ¶ 25.)

Netgear's attempts to minimize the FTC's action are entirely without merit. As a preliminary matter, Netgear offers no legal support whatsoever (because there is none) for its curious suggestion that the FTC "could not assert a claim under the Lanham Act's false advertisement provisions" against the vitamin manufacturer. (Mot. at 6.) In fact, the reason for the FTC did not bringing a Lanham Act claim is simple – the FTC Act, for which there is no private right to a cause of action, protects *consumers*, while the Lanham Act protects *business competitors*. *See Rocky Brands, Inc. v. Red Wing Shoe Co., Inc.,* No. 2:06-CV-00275, 2009 WL 10679619, at *3 (S.D. Ohio Dec. 9, 2009). Yet, the "fact that the FTC and the Lanham Act protect different classes of individuals does not make the FTC standard irrelevant." *Id.*

Consistent with this principle, Courts have routinely emphasized that parties "may and should rely on FTC guidelines as a basis for asserting false advertising under the Lanham Act." *See Grasshopper House, LLC v. Clean & Sober Media, LLC*, No. 218CV00923SVWRAO, 2018 WL 6118440, at *6 (C.D. Cal. July 18, 2018); *see also Manning Int'l Inc. v. Home Shopping Network, Inc.*, 152 F. Supp. 2d 432, 437 (S.D.N.Y. 2001) (same); *see also B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 973 (7th Cir. 1999) ("as the administrative agency charged with preventing unfair trade practices, the Commission's assessment of what constitutes deceptive

TARTER KRINSKY & DROGIN LLP

1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

advertising commands deference from the judiciary"). Accordingly, given that the relevant portions of the FTC Act (15 USC §§ 45 and 52) are virtually identical to those in the Lanham Act (15 USC §1125), it is significant (and at a minimum instructive) that the FTC has specifically found the impermissible listing of different products as variations (which as detailed herein falls within the gambit of the Lanham Act) to constitute false advertising.

Accordingly, the Motion should be denied because Choice Electronics has sufficiently alleged that Netgear made an actionable false statement.

### 3. Choice Electronics Has Met Its Pleading Requirements By Alleging Sufficient Facts to Support Its False Advertising Claim

Netgear contends that the false advertising counterclaim is subject to the pleading requirement set forth in Rule 9(b) rather than that of Rule 8(a) and that Choice Electronics has not met that burden. This too is wrong. As an initial matter, the heightened pleading standard of Rule 9(b) does not automatically apply to Lanham Act false advertising claims. Even the cases on which Netgear Relies state that Rule 9(b) only applies to a "Lanham Act claim [that] is predicated on the theory that the defendant engaged in a knowing and intentional misrepresentation." (Mot. at 8, citing, *Yelp, Inc. v. ReviewVio, Inc.*, No. C 23-06508 WHA, 2024 WL 2883668, at *2 (N.D. Cal. June 6, 2024.) Accordingly, Rule 9(b) does not apply here because the false advertising counterclaim "does not 'sound in fraud' because [Choice Electronics] does not specifically allege fraud, fraud is not an essential element of the counterclaim, and [Choice Electronics] does not allege a 'unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of the claim. *See SKWS Enters., Inc. v. Levonchuck,* No. CV 17-3327-R, 2018 WL 11351584, at *3 (C.D. Cal. Apr. 2, 2018) (applying Rule 8(a) pleading standard to Lanham Act false advertising claim).

Even if, *arguendo*, Rule 9(b) did apply, Choice Electronics' specific and detailed allegations meet the requisite heightened pleading standard. Rule 9(b) "requires only that the circumstances of fraud be stated with particularity; other facts may be pleaded generally, or in accordance with Rule 8." *Openwave Messaging, Inc*, 2016 WL 6393503, at *4. As acknowledged by Netgear, the Counterclaims provide a specific example of Netgear's false advertising involving two fundamentally different Wi-Fi network systems with incompatible technologies and drastically

TARTER KRINSKY & DROGIN LLP
1350 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

11

different designs, as reflected by their $1,000 price difference. (Counterl. ¶¶ 32-48.) This example clearly alleges the "particular details" of Netgear's false advertising. *See Gilbert L. Loaec 2014 Tr. v. Doheny,* No. 19-CV-02078-NC, 2019 WL 6255417, at *3 (N.D. Cal. Nov. 22, 2019). Despite this, Netgear seemingly contends that Choice Electronics must identify every single instance of when Netgear improperly manipulated reviews by creating variation listing for unrelated products. (Mot. at 8-9).[1] However, "Rule 9(b) does not require a plaintiff to set forth a complete history of every transaction." *Shinde v. Nithyananda Found.*, No. EDCV 13-00363-JGB (SPx), 2013 WL 12132050, at *9 (C.D. Cal. July 19, 2013) (internal quotations and citations omitted). Accordingly, the allegations in the Counterclaims "are pleaded with the requisite particularity because the allegations are sufficient to allow [Netgear] to properly respond and prepare their case." *Id.*

### C. Choice Electronics Properly Alleges Counterclaims Under California's Unfair Competition Law ("UCL") And New York's General Business Law ("GBL")

Netgear's suggestion that Choice Electronics is asserting claims under either the Magnuson-Moss Warranty Act or New York's G.B.L. § 369-b is a red herring that wholly mischaracterizes the Counterclaims. Rather, Netgear's violations of those statues, in addition to their violations of the Lanham Act, serve as the predicate wrongdoing on the part of Netgear to assert state law claims under California's UCL and New York's GBL. This is plainly permissible (and ignored by Netgear).

The "underlying purpose" of the UCL is to "protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Sanchez v. Nurture, Inc.*, 626 F. Supp. 3d 1107, 1115 (N.D. Cal. 2022). To that end, the UCL "prohibits business practices that are unlawful, unfair, or fraudulent." *Id.* at 1114–15. The "unlawful" prong of the UCL covers "any business practice that violate[s] an independent statutory duty." *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 929 (N.D. Cal. 2018). The statute providing the predicate for the unlawful conduct need not have a private cause of action. *See Sanchez*, 626 F. Supp. 3d at 1118

---

[1] Netgear's claim that it "does not operate a third-party Amazon storefront" (Mot. at 8, n.3) is irrelevant to the Counterclaims' allegations. Specifically, the Counterclaims allege that "Amazon allows its ***vendors*** to "create variation relationships between products sold on Amazon" and that Netgear did in fact, ***as an Amazon vendor*** create such variation listings. Counterl. ¶¶ 26, 32-33, 37-38, 97.)

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

1   (holding that alleged violations of FDA regulations constituted unlawful conduct within the meaning

2   of the UCL); *see also Creagri, Inc. v. USANA Health Scis.*, No. 03-3216 MMC, 2005 WL 181886,

3   at *7 (N.D. Cal. Jan. 26, 2005) (no private cause of action exists under the FDCA or FDA

4   regulations"). Here, the Counterclaims allege unlawful conduct on the part of Netgear resulting from

5   its violations of the Magnuson-Moss Warranty Act. (Countercl. ¶¶66-82.) This is sufficient to allege

6   unlawful conduct and assert a UCL claim.

7          Pursuant to GBL § 369-b, "[a] warranty or guarantee of merchandise may not be limited by

8   a manufacturer doing business in this state solely for the reason that such merchandise is sold by a

9   particular dealer or dealers, or that the dealer who sold the merchandise at retail has, since the date

10  of sale, either gone out of business or no longer sells such merchandise. Any attempt to limit the

11  manufacturer's warranty or guarantee for the aforesaid reason is void." As detailed in both the

12  Complaint and the Counterclaims, the purported Netgear Warranty includes a disclaimer (*i.e.,* the

13  Warranty Disclaimer) providing that the Netgear Warranty "will not be valid" for Netgear Products

14  that were purchased from "an unauthorized reseller." (Countercl. ¶ 22.) This "stated policy of

15  refusing to honor warranties of products for the sole reason that they were sold by unauthorized

16  dealers is contrary to GBL 369–b." *Bel Canto Design, Ltd. v. MSS Hifi, Inc.*, 837 F. Supp. 2d 208,

17  227 (S.D.N.Y. 2011); *see also WorldHomeCenter.com, Inc. v. PLC Lighting, Inc.*, 851 F. Supp. 2d

18  494, 500 (S.D.N.Y. 2011) (holding that "a warranty disclaimer policy attempted to do-disclaim

19  warranties of products sold by Plaintiff" is a violation of GBL § 369-b).

20         To the extent that Netgear suggests that its Warranty Disclaimer does not violate GBL §

21  369-b, such a position has no factual support at this stage, let alone any legal basis. As explained by

22  the Southern District of New York, the Practice Commentary to GBL § 369-b states that the purpose

23  of the law is to "prevent denial of manufacturer warranty service to customers . . . because goods

24  were sold by unauthorized dealers . . . Abuse may arise if the manufacturer seeks to avoid an express

25  warranty because the "wrong" dealer sold the goods . . . this is the evil at which [GBL] 369–b is

26  aimed." *See Bel Canto Design, Ltd.*, 837 F. Supp. 2d at 227 (quoting practice commentaries and

27  rejecting the narrow reading of GBL § 369-b by the Court in *Worldhomecenter.com, Inc. v. KWC*

28

TARTER KRINSKY & DROGIN LLP

1350 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

13

*Am., Inc.,* No. 10 CIV. 7781 NRB, 2011 WL 4352390, at *2 (S.D.N.Y. Sept. 15, 2011), on which the Netgear relies heavily).

Further, Netgear's position that GBL § 369-b cannot serve as a predicate wrongful act to successfully assert a claim under GBL § 349 is without merit. Netgear's reliance on *Cisco Sys., Inc. v. Beccela's Etc., LLC*, 403 F. Supp. 3d 813 (N.D. Cal. 2019) for that proposition is misplaced. In that case, the Court dismissed a declaratory judgment claim seeking to invalidate a warranty under GBL § 369-b. *Cisco Sys., Inc. v. Beccela's Etc., LLC*, 403 F. Supp. 3d 813, 826 (N.D. Cal. 2019). In contrast, Choice Electronics asserts a counterclaim alleging a violation of GBL § 349 (not a declaratory judgment) resulting from Netgear's violations of GBL § 369-b. It is notable that GBL § 369-b "is in the same chapter of General Business Law as GBL 349," which is precisely the statute that Choice Electronics claims Netgear is violating. (Countercl. ¶¶ 112-119); *see Bel Canto Design, Ltd.*, 837 F. Supp. 2d at 227. In fact, courts have denied motions to dismiss deceptive trade practices claims brought under GBL § 349 whereby the underlying wrongful conduct stemmed from violations of GBL § 369-b.

For example, in *WorldHomeCenter.com, Inc. v. PLC Lighting, Inc.*, 851 F. Supp. 2d 494 (S.D.N.Y. 2011), the Southern District of New York rejected the same argument made here by Netgear and denied a motion to dismiss a claim brought under GBL § 349. There, just like Choice Electronics does in this case, the plaintiff alleged that a warranty disclaimer policy published to consumers violated GBL § 369-b and thus, constituted a deceptive trade practice that "unfairly discourage[d] and dissuade[d] consumers from purchasing merchandise from Plaintiff and unlawfully penalize[d] Plaintiff's customers who purchase Defendant's products." *WorldHomeCenter.com*, 851 F. Supp. 2d at 500 (internal quotations omitted) (*compare with* Countercl. ¶¶ 66-82).

In short, courts have repeatedly found the allegations in the Counterclaims more than sufficient to withstand dismissal where the warranty disclaimer policy at issue, which was published to the public: (1) constituted consumer-oriented conducted; (2) was a deceptive act within the meaning of GBL § 349; and (3) caused the plaintiff third-party reseller actual injury. *WorldHomeCenter.com, Inc.*, 851 F. Supp. 2d at 500; *see Bel Canto Design, Ltd. v. MSS HiFi, Inc.*,

TARTER KRINSKY & DROGIN LLP
1350 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

TARTER KRINSKY & DROGIN LLP

1380 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

1  No. 11 CIV. 6353 CM, 2012 WL 2376466, at *17 (S.D.N.Y. June 20, 2012) (denying motion to

2  dismiss GBL § 349 claim because, as alleged in the Complaint, a warranty disclaimer violating GBL

3  § 369-b that was published to the public could constitute a false statement within the meaning to the

4  Lanham Act); *see Mimedx Grp., Inc. v. Osiris Therapeutics, Inc.*, No. 16 CIV. 3645 (KPF), 2017

5  WL 3129799, at *14 (S.D.N.Y. July 21, 2017) (noting that claims under GBL § 349 are analyzed

6  "using the same standard" as Lanham Act claims").

7       Further, Choice Electronics does set forth the necessary "chain of inferences showing how

8  NETGEAR's alleged improper warranty," which appears on its website, "harms Choice Electronics'

9  Amazon business. (Mot. at 12.) In particular, the Counterclaims allege that Netgear identifies

10  Amazon.com as an authorized seller. (Countercl. ¶ 71.) As such, consumers considering a purchase

11  of Netgear Products are directed by Netgear to Amazon.com, where consumers, tainted by the false

12  belief that the Netgear Warranty Disclaimer is enforceable, will be "dissuaded" from "purchasing

13  genuine Netgear Products from Choice Electronics." (*Id.* ¶ 82.) Such allegations are sufficient to

14  show a "chain of inference" of how Netgear's unlawful Warranty Disclaimer damaged Choice

15  Electronics. *See WorldHomeCenter.com, Inc.*, 851 F. Supp. 2d at 500. Thus, Netgear's Motion

16  should be denied because Choice Electronics has standing to assert its state law claims, to the extent

17  they are based on Netgear's unlawful warranty.

18       In any event there is no basis to dismiss either of Choice Electronics' state law claims given

19  that Choice Electronics has properly asserted a false advertising claim under the Lanham Act. (*Supra*

20  at Section C.) *See Mimedx Grp., Inc.*, 2017 WL 3129799, at *14 (denying motion to dismiss GBL

21  § 349 and Lanham Act claim for false advertising); *see also Scilex Pharms. Inc.*, 2022 WL

22  20286688, at *9 (explaining that UCL claims are "substantially congruent to claims made under the

23  Lanham Act" and as such, using the same analysis to deny a motion to dismiss UCL and Lanham

24  Act claims).

25  **VI.    <u>CONCLUSION</u>**

26       For the above stated reasons, Counterclaimant respectfully requests that the Court deny

27  Counterclaim Defendants' Motion to Dismiss.

28

DATED:  July 14, 2025                          **TARTER KRINSKY & DROGIN LLP**

                                    By:    _____/s/ Michael Benzaki_____
                                           TYLER R. DOWDALL (SBN. 258950)
                                           *tdowdall@tarterkrinsky.com*
                                           TARTER KRINSKY & DROGIN LLP
                                           1880 Century Park East, Suite 1104
                                           Los Angeles, CA 90067
                                           Telephone: (424) 330-8580
                                           Facsimile: (315) 512-1465

                                           MICHAEL BENZAKI (admitted *pro hac vice*)
                                           *mbenzaki@tarterkrinsky.com*
                                           TARTER KRINSKY & DROGIN LLP
                                           1350 Broadway
                                           New York, New York 10018
                                           Telephone: (212) 574-0377
                                           Facsimile: (212) 216-8001

                                           ***Attorneys for Defendant/***
                                           ***Counterclaim-Plaintiff***

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
NETGEAR INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

<div align="center" style="writing-mode: vertical-rl">

TARTER KRINSKY & DROGIN LLP

1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

</div>

1

## <u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that on July 14, 2025, I electronically filed the above document(s) with the

3 Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all

4 registered counsel.

5

6  Dated: July 14, 2025           */s/ Michael Benzaki*
                                    Michael Benzaki

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
NETGEAR INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No: 3:25-cv-02601-RS