| | |
|---|---|
| 1 | Jason N. Haycock (278983) |
|   | Jason.Haycock@klgates.com |
| 2 | K. Taylor Yamahata (347192) |
|   | Taylor.Yamahata@klgates.com |
| 3 | K&L GATES LLP |
|   | Four Embarcadero Center, Suite 1200 |
| 4 | San Francisco, California  94111 |
|   | Telephone: +1 415 882 8200 |
| 5 | Facsimile: +1 415 882 8220 |
| 6 | Morgan T. Nickerson (SBN 278983) |
|   | Morgan.Nickerson@klgates.com |
| 7 | K&L GATES LLP |
|   | 1 Congress Street, 29th Floor |
| 8 | Boston, MA  02114 |
|   | Telephone: +1 617 261 3134 |
| 9 | Facsimile: +1 617 261 3175 |
|   | (*Pro Hac Vice*) |
| 10 | |
|    | *Attorneys for Plaintiff/Counterclaim-Defendant* |
| 11 | NETGEAR, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, INC., | Case No. 3:25-cv-02601-RS |
| Plaintiff, | **NETGEAR, INC.'s REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CHOICE ELECTRONICS INC.'S COUNTERCLAIMS** |
| v. | |
| CHOICE ELECTRONICS INC., | |
| Defendant. | Hearing Date: August 14, 2025 |
|  | Time:         1:30 p.m. |
|  | Court:        Courtroom #3, 17th Floor, San Francisco, CA |
|  | Judge:        Hon. Richard Seeborg |
| CHOICE ELECTRONICS INC., | |
| Counterclaim-Plaintiff, | |
| v. | |
| NETGEAR, INC., | |
| Counterclaim-Defendant, | |

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff and Counterclaim-Defendant NETGEAR, INC. ("NETGEAR") respectfully submits this reply memorandum in support of its motion for judgment on the pleading as to Choice Electronics' counterclaims in their entirety under Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure.

Choice Electronics' opposition fails to adequately address the fundamental defects in its counterclaims. Rather than offering well-pleaded factual allegations, the opposition relies on vague assertions regarding the set up of an Amazon retail page and conclusory assertions of harm. For the following reasons, the Court should grant NETGEAR's motion.

*First*, Choice Electronics' opposition confirms the fundamental flaw in its false advertising theory: it cannot identify a single actionable "statement of fact" made by NETGEAR. That is the first element of any Lanham Act false advertising claim and the most basic requirement of notice pleading. Yet, nowhere in its counterclaim or opposition does Choice Electronics point to a quantifiable, verifiably false statement made by NETGEAR about a specific product. This inability to offer the exact statement of fact at issue demonstrates Choice Electronics' inability to plead a viable false advertising claim.

*Second*, Choice Electronics fails to allege any injury to itself, focusing instead on generalized harm to consumers. Critically, it ignores the redressability requirement of Article III standing. It alleges that NETGEAR sells products wholesale to Amazon, and that "Amazon allows" NETGEAR to create variation listings. This admission that Amazon, rather than NETGEAR, controls the product page is fatal as there is no injunctive relief the Court could issue against NETGEAR that would redress the alleged harm. For this reason alone, the claim fails.

*Third*, under Rule 9(b), a false advertising claim must identify with specificity the allegedly false statements at issue. Choice Electronics concedes that it has not met this heightened pleading standard and offers no meaningful rebuttal. The pleading standard and basic concepts of due

process require that NETGEAR be put on notice of exactly what false statement of fact it has allegedly made.

*Fourth*, Choice Electronics acknowledges that there is no private right of action under either the Magnuson-Moss Warranty Act or New York General Business Law § 369-b. As NETGEAR explained in its opening brief, courts do not permit such statutes to serve as predicate acts for consumer protection claims. Accordingly, these claims therefore fail for both lack of standing and lack of any factual basis.

*Fifth*, the declaratory judgment claim is improper and duplicative, as it merely mirrors the issues already presented by the parties' claims and defenses. It serves no independent purpose and the Court should exercise its discretion and dismiss the claim.

Because Choice Electronics has failed to allege facts sufficient to state any viable counterclaim, and its opposition offers no basis to preserve them, dismissal of all counterclaims is warranted.

## II.  ARGUMENT

### A.  Choice Electronics' False Advertising Claim Fails

#### i.  Choice Electronics Cannot Identify Any Actionable Statement of Fact Made by NETGEAR

Identifying an allegedly false statement of fact is the first and most essential element of any Lanham Act false advertising claim. If a statement is truly misleading or deceptive, it should be readily identifiable and specifically pleaded. The Ninth Circuit has made clear that unless a statement is a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact" it cannot "[a]s a matter of law, [] give rise to liability under [] the Lanham Act…" *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999). Without such a statement of fact, the claim cannot proceed.

Here, Choice Electronics identifies no such statement. In a typical false advertising case involving WiFi products, a plaintiff hypothetically could allege that the packaging claimed "delivers up to 1.1 Gbps" when the device could not reach even a fraction of that speed under

1  normal conditions. Or the packaging might promise parental controls that do not exist. These are
2  the kinds of specific, verifiable misrepresentations that the Lanham Act is designed to address.

3        Choice Electronics fails to allege any such allegations of false statements made by
4  NETGEAR. Instead, it points to the general layout of Amazon product pages, customer reviews,
5  and Amazon's use of badges such as "Amazon's Choice." But none of these elements are
6  statements made by NETGEAR. They are not measurable or verifiable, and they are not factual
7  representations about product performance or features. Even the allegations that NETGEAR was
8  allowed by Amazon to create "variation" relationships between products amount to complaints
9  about page structure, not false statements of fact. And to the extent Choice Electronics takes issue
10 with customer reviews or average star ratings, those too are not actionable statements *made by*
11 *NETGEAR*. Amazon (not NETGEAR) solicits, aggregates, and displays feedback from its
12 customers on its page. Choice Electronics cannot bootstrap liability to NETGEAR based on content
13 created and controlled by its third party retailer.

14       It is not enough to challenge the look and feel of a product listing. A false advertising claim
15 under the Lanham Act requires a clear and factual misrepresentation made by the defendant. Choice
16 Electronics has identified none. Its failure to do so in either the counterclaims or its opposition
17 warrants dismissal.

18       **ii.   Choice Electronics Lacks Standing**

19       As set forth in NETGEAR's opening brief, to establish Article III standing, Choice
20 Electronics must allege: (1) an injury-in-fact, (2) a causal connection between the injury and the
21 challenged conduct, and (3) that the injury is likely to be redressed by a favorable court decision.
22 *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Choice Electronics' opposition does not
23 cure the deficiencies identified in NETGEAR's motion as it fails to address redressability and does
24 not plausibly allege any injury traceable to NETGEAR's conduct.

25       Choice Electronics' opposition fails to rebut NETGEAR's argument that there is no
26 injunctive relief this Court could issue to redress the alleged harm. Under long-standing Supreme
27 Court precedent, a plaintiff's injury must be redressable by a favorable decision to establish
28

standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Redressability requires "a likelihood that the requested relief will redress the alleged injury." *Bonnichsen v. United States*, 367 F.3d 864, 873 (9th Cir. 2004); *see also Washington Env't Council v. Bellon*, 732 F.3d 1131, 1146 (9th Cir. 2013).

Here, Choice Electronics alleges that Amazon "allows" third parties the "privilege" of selling products on their website. Countercl. ¶¶ 17, 18, 26. This allegation confirms common sense: Amazon, not NETGEAR, controls the product pages on Amazon.com. At most (and as alleged), NETGEAR may be able to request that an Amazon page be set up a certain way, but whether Amazon allows for the changes to be implemented on its webpage is completely up to Amazon. Choice Electronics' pleadings confirm this reality. As a result, there is no injunctive relief this Court could issue *against NETGEAR* that would redress the alleged harm or the "variation" page set-up and the claim fails for a lack of redressability.

Similarly, Choice Electronics fails to plausibly allege that it, rather than consumers, suffered any injury. According to Choice Electronics' own pleading, NETGEAR sells products to Amazon on a wholesale basis, and Amazon acts as the retailer. *Id*. ¶ 25. There is no allegation that NETGEAR itself sells directly to consumers on the Amazon platform. In contrast, it is Choice Electronics that sells NETGEAR products on the Amazon platform. *Id*. ¶ 12. While the counterclaim certainly contains allegations of harm to consumers *(id*. ¶¶ 52–56), it fails to connect that alleged harm to consumers to any concrete injury to Choice Electronics, as it is undisputed that it is Amazon, rather than NETGEAR, that has contact with consumers.  As such, Choice Electronics fails to allege the chain of inferences between the alleged harm to consumers occurring on Amazon and Choice Electronics itself.  Without a concrete and particularized injury, Choice Electronics lacks standing to assert a false advertising claim.

### iii. Choice Electronics Concedes That It Has Not Met the Rule 9(b) Pleading Standard

As set forth in NETGEAR's opening brief, because the false advertising claim sounds in fraud, it must satisfy the heightened pleading requirements of Rule 9(b). *See* Fed. R. Civ. P. 9(b).

Choice Electronics' opposition concedes that it has alleged only a single illustrative example of a purported false statement by NETGEAR. Whether analyzed under Rule 8 or Rule 9(b), NETGEAR has the right to know exactly what "false statement of fact" it is alleged to have made. Providing a single example of an alleged false statement paired with vague allegations that there may be other unidentified statements does not comport with pleading standards or even basic due process rights.

Choice Electronics' cited cases are inapposite. The cited case stands for the general position that in situations where *a specific and singular false statement* has been alleged, a party need not list every place on the internet where that same, specific false statement has been listed. But that is not what is presented here. Choice Electronics has provided one alleged instance of wrongdoing and, in essence, stated that NETGEAR has made other unidentified false statements of facts as well. This fails any pleading standard and certainly the particularity requirement of Rule 9(b). Accordingly, the false advertising claim must be limited to the single statement of fact identified, and any broader claim based on unidentified statements should be dismissed.

### B. Choice Electronics Concedes That There is No Private Right of Action for Its Warranty Based Claims

As NETGEAR argued in its opening brief, 16 CFR § 701.3(a), 16 CFR § 702.3(c), as well as 15 U.S.C. § 2302 are all portions of the Magnuson-Moss Warranty Act, codified at 15 U.S.C. §§ 2301-2312, *et seq*. 15 U.S.C. § 2310(d), which provides that any "**consumer** who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" may sue for damages and other legal and equitable relief. *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 954 (C.D. Cal 2012) (emphasis added). As Choice Electronics is not a consumer of NETGEAR products, it does not have statutory standing to bring a claim under the Magnuson-Moss Warranty Act or to challenge the legality of NETGEAR's consumer warranty. Similarly, Choice Electronics' claims pursuant to N.Y. General Business Law § 349 based on violations of N.Y. G.B.L. § 369-b face a similar fate as "there is no private right of action under Section 369-b." *Cisco Sys., Inc. v. Beccela's Etc., LLC*, 403 F. Supp. 3d 813, 826 (N.D. Cal. 2019). Choice Electronics' opposition

does not challenge this well settled law. Instead, it argues that these violations of warranty law serve as the "predicate wrongdoing on the part of Netgear to assert state law claims under California's UCL and New York's GBL." Opp. at p. 12. But courts have rejected attempts to turn a *consumer* warranty law into a sword that can be used by a competitor.

> "Plaintiff's effort to backdoor a § 369–b claim for which there is no private right of action, *see discussion infr*a, into a deceptive practices claim, while clever, is unavailing."

*Worldhomecenter.com, Inc. v. KWC America, Inc.*, No. 10 CIV. 7781 NRB, 2011 WL 4352390, at *8 (S.D.N.Y. Sept. 15, 2011); *see also WorldHomeCenter.com, Inc. v. Franke Consumer Prods., Inc.*, 10 Civ. 3205(BSJ), Doc. No. 31, 2011 WL 2565284 (S.D.N.Y. June 22, 2011) ("The Court finds that Plaintiff has failed to state a claim under the DTPA because Plaintiff cannot specify any consumer who was actually injured as a result of the policy."); *Executive Risk Indem. Inc. v. Icon Title Agency, LLC,* 739 F.Supp.2d 446, 452 (S.D.N.Y.2010) (Under New York law, "it is well established ... that the claimed deception itself cannot be the only injury."). Indeed, it is undisputed that Choice Electronics fails to specify any specific consumer that has allegedly been harmed. Without such an allegation, the claim fails.

Moreover, even if warranty claims for which there is no private right of action could be considered a predicate act (they cannot), Choice Electronics once again fails to establish Article III standing. Its opposition offers no explanation whatsoever as to how warranty claims between NETGEAR and its customers cause harm to Choice Electronics. While Choice Electronics alleges that NETGEAR's warranty harms consumers, it offers no plausible explanation of how those terms cause it any injury. Indeed, there is not a single specific allegation of a single consumer being harmed. Because Choice Electronics has not alleged a concrete, particularized, and redressable injury arising from NETGEAR's warranty terms, it lacks standing to assert these claims. Accordingly, all state law causes of action premised on the warranty allegations should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

      **C.    Choice Electronics' Declaratory Judgment Claim Should be Dismissed As Duplicative.**

The parties agree that courts have broad discretion to hear or dismiss counterclaims for declaratory relief. Here, the declaratory judgment counterclaim simply restates the issues already raised in NETGEAR's complaint and addressed in the parties' pleadings. Accordingly, if the Court dismisses Choice Electronics' primary claims, NETGEAR respectfully requests that it also exercise its discretion to dismiss the duplicative declaratory judgment counterclaim.

**III.    CONCLUSION**

WHEREFORE, for each of the reasons explained above, NETGEAR respectfully requests that the Court grant its motion for judgment on the pleadings and dismiss Choice Electronics' Counterclaims with prejudice and for whatever other relief the Court deems just and equitable.

Dated: July 21, 2025                                K&L GATES LLP

                                                            By: */s/ Jason N. Haycock*
                                                                Jason N. Haycock
                                                                 K. Taylor Yamahata

                                                                Morgan T. Nickerson (*Pro Hac Vice*)

                                                               *Attorneys for Plaintiff/Counterclaim-Defendant*
                                                               NETGEAR, INC.