1  Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
2  K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
3  K&L GATES LLP
Four Embarcadero Center, Suite 1200
4  San Francisco, California 94111
Telephone: +1 415 882 8200
5  Facsimile: +1 415 882 8220

6  Morgan T. Nickerson (SBN 667290) (*Pro Hac Vice*)
Morgan.Nickerson@klgates.com
7  K&L GATES LLP
1 Congress Street, 29th Floor
8  Boston, MA 02114
Telephone: +1 617 261 3134
9  Facsimile: +1 617 261 3134

10  *Attorneys for Plaintiff/Counterclaim-Defendant*
NETGEAR, INC.

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

NETGEAR, INC.,                          Case No. 3:25-cv-02601-RS (AGT)
15
            Plaintiff,                  [Assigned to the Hon. Richard Seeborg and
16                                      the Hon. Alex G. Tse]
      v.
17                                      **MOTION TO EXTEND FACT**
CHOICE ELECTRONICS INC.,                **DISCOVERY DEADLINE PURSUANT**
18                                      **TO LOCAL RULE 6-3**
            Defendant.
19

20  CHOICE ELECTRONICS INC.,

21          Counterclaim-Plaintiff,

22    v.

23  NETGEAR, INC.,

24          Counterclaim-Defendant.

25

26

27

28

Plaintiff and Counterclaim-Defendant NETGEAR, Inc. ("NETGEAR") respectfully moves under Local Rule 6-3 to extend the current fact discovery deadline and states as follows:

## I.    Introduction

Since serving its first round of discovery in July 2025, NETGEAR has diligently worked to move this case forward, first by agreeing to early mediation in an effort to resolve the matter efficiently, and then by continuing to pursue discovery in good faith while extending multiple professional courtesies to Choice Electronics ("Choice").  *See* Nickerson Decl. ¶¶ 4, 12.  At Choice's request, NETGEAR granted multiple extensions to accommodate Choice's counsel.  *Id.* Despite these accommodations, Choice has not meaningfully advanced discovery, and NETGEAR cannot complete necessary discovery by the current deadline.

 NETGEAR attempted to submit this request as a Joint Stipulation, but Choice's counsel declined to consent, calling the request "premature."  *Id.* ¶ 3.  Given the approaching fact discovery cutoff of December 11, 2025 (*see* ECF No. 24), almost one month away, NETGEAR files this Motion now to ensure the Court has sufficient time for review.  NETGEAR respectfully submits that good cause exists for a modest extension of approximately seven weeks, until February 1, 2026, to allow the parties to complete fact discovery and maintain forward progress in this litigation.

## II.    Relevant Background

 NETGEAR served its first sets of requests for production and interrogatories on Choice on July 17, 2025.  *See* Nickerson Decl. ¶ 4.  Choice requested an extension to respond, which NETGEAR granted as a professional courtesy.  *Id.*   On September 9, 2025, Choice served objections and provided written responses.  *Id.*  Although Choice agreed in those responses to produce documents, more than two months have passed and ***Defendant has yet to produce a single document in this case***.

 NETGEAR has also worked to schedule depositions of Choice's witnesses.  However, Choice has repeatedly asserted that both its counsel and witnesses were unavailable due to travel, religious observances, and personal matters.  *See id.* ¶¶ 13, 17.

Equally concerning, for weeks, Choice's counsel delayed finalizing routine procedural documents. *Id.* ¶ 7. Counsel received NETGEAR's proposed ESI protocol and protective order on September 5 but refused to approve or file either until November 5, 2025, despite the fact that both documents are nearly identical to those already agreed upon by the same counsel in *Corsair v. Choice Electronics Inc.*, Case No. 5:25-cv-00045 (N.D. Cal.). *See id.* These unnecessary delays, attributable solely to Choice, have impeded progress in discovery and conveniently allowed Choice to justify its ongoing failure to produce any documents. *See id.*

NETGEAR has attempted to resolve Choice's failure to produce documents through multiple good faith meet and confers. *Id.* ¶ 9. When no progress was made, NETGEAR filed a Notice of Need for Discovery Referral on October 24, 2025. *See* ECF No. 36. The Court referred the case to Magistrate Judge Alex G. Tse for discovery purposes. *See* ECF No. 37. Under Judge Tse's Civil Standing Order § VII.B, the parties must prepare a joint discovery statement if they cannot resolve a dispute after meeting and conferring. Therefore, on October 28, 2025, NETGEAR circulated a draft joint letter to Choice's counsel. *Id.* ¶ 11. The parties are in the process of finalizing that submission. *Id.*

Meanwhile, NETGEAR has continued to meet its own obligations. On October 28, 2025, NETGEAR produced more than 430 pages of documents. *Id.* ¶ 12. NETGEAR is also finalizing a supplemental production to ensure full compliance. **In contrast, as of the date of this Motion, Choice has not produced a single document.** On October 28, 2025, NETGEAR served a second set of requests for production, despite having received no documents in response to its first set served in July. *Id.* Further, on October 29, 2025, NETGEAR noticed the deposition of Choice's founder and principal member, Moshe Greenspan, for November 11, 2025. *Id.* ¶ 13. Yet without any document production from Choice, NETGEAR cannot adequately prepare for that deposition and it will need to be re-noticed.

## III.    Good Cause for Extension

NETGEAR respectfully moves for an order extending only the fact discovery deadline set forth in the current scheduling order (ECF No. 24) by fifty-two (52) days through February 1, 2026.

In determining whether good cause exists for a discovery extension, courts consider "whether the non-moving party would be prejudiced," "whether the moving party was diligent in obtaining discovery," and "the likelihood that the discovery will lead to relevant evidence." *Ries v. Arizona Beverages USA LLC*, 2013 WL 12172652, at *2-3 (N.D. Cal. Feb. 5, 2013). Good cause is present here because:

> (1) At this point in the case, Choice has failed to provide critical discovery;
>
> (2) NETGEAR cannot adequately prepare for an imminent deposition without a production from Choice; and
>
> (3) NETGEAR must obtain source information for the NETGEAR products sold by Choice, which is information central to this case.

Any one of these grounds independently warrants a short extension. Together, they demonstrate that denying an extension would significantly prejudice NETGEAR's ability to litigate the case on the merits.

As set forth in the accompanying Declaration, NETGEAR has acted diligently at every stage of discovery. NETGEAR has produced more than 430 documents to Choice and is currently finalizing a supplemental production. On October 28, 2025, NETGEAR served a second set of requests for production, despite having received no documents in response to its first set served in July. NETGEAR also noticed the deposition of Choice's founder and principal member, Moshe Greenspan, for November 11, 2025, notwithstanding the lack of documents needed to prepare. **NETGEAR has continued to move this case forward; Choice has not.**

Moreover, the core dispute in this case centers on the source of the NETGEAR products sold by Choice. Despite stating in its discovery responses and during meet and confers that it would produce source information, Choice has not yet done so. Without source information, NETGEAR is unable to complete its assessment of the authenticity and chain of custody of the NETGEAR products that Choice sells in its online storefronts. The source of NETGEAR's Choice products is at the heart of the claims and defenses in this case and must be investigated before the litigation can proceed. In addition, NETGEAR has made clear that it intends to depose the source and needs

1  time to do so. NETGEAR will suffer immense prejudice if prevented from pursuing this essential

2  discovery.

3      Importantly, NETGEAR is facing similar discovery avoidance tactics from Choice in a

4  parallel action in the Northern District of California, *Corsair v. Choice Electronics Inc.*, Case No.

5  5:25-cv-00045.  On nearly identical facts, Judge Beth Labson Freeman granted an extension of the

6  fact discovery deadline.  *See* ECF. No. 55.

7      A modest extension of the fact discovery deadline will permit the parties to complete

8  necessary discovery efficiently, resolve disputes without unnecessary motion practice, and avoid

9  burdening the Court.  No other deadlines will be affected, and the extension will not prejudice

10  Choice or the Court.

11      For these reasons, NETGEAR respectfully requests that the Court grant this Motion and

12  enter the accompanying Proposed Order.

13  Dated: November 10, 2025

14                    **K&L GATES LLP**

15

16                    By: */s/ Morgan T. Nickerson*
                         Morgan T. Nickerson (*Pro Hac Vice*)
17                       Jason N. Haycock
                         K. Taylor Yamahata
18

19                    *Attorneys for Plaintiff/Counterclaim-*
                       *Defendant*
20                     NETGEAR, INC.

21

22

23

24

25

26

27

28