TYLER R. DOWDALL (State Bar No. 258950)
tdowdall@tarterkrinsky.com
**TARTER KRINSKY & DROGIN LLP**
1880 Century Park East, Suite 1104
Los Angeles, CA 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465

MARK BERKOWITZ (admitted *pro hac vice*)
mberkowitz@tarterkrinsky.com
MICHAEL BENZAKI (admitted *pro hac vice*)
mbenzaki@tarterkrinsky.com
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0377
Facsimile: (212) 216-8001

*Attorneys for Defendant/*
*Counterclaim-Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHOICE ELECTRONICS INC., <br><br> Defendant. | Case No: 3:25-cv-02601-RS (AGT) <br><br> Assigned to: Judge Richard Seeborg <br> Referred to: Magistrate Judge Alex G. Tse (Settlement) <br><br> **RESPONSE TO NETGEAR INC.'S MOTION TO EXTEND FACT DISCOVERY DEADLINE PURSUANT TO LOCAL RULE 6-3** <br><br> COMPLAINT FILED: March 17, 2025 <br> JURY TRIAL: June 1, 2026 |
| CHOICE ELECTRONICS INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> NETGEAR, INC. <br><br> Counterclaim-Defendant. | |

Defendant/Counterclaimant CHOICE ELECTRONICS INC ("Choice Electronics"), by and through its counsel, submits this response to the motion to extend fact discovery pursuant to Local Rule 6-3 (Dkt. 40, the "Motion") filed by Plaintiff/Counterclaim-Defendant NETGEAR INC. ("Netgear"). Submitted herewith is the Declaration of Michael Benzaki ("Benzaki Decl.")

## I. INTRODUCTION

Netgear's Motion does not provide the Court with the requisite good cause to justify its impractical request for an extension to the deadline for fact discovery. The fact of the matter is that discovery was stalled by Netgear's unwillingness to agree to enter into a basic ESI Protocols and now, faced with the consequences of its intransigence, Netgear hopes that this Court will grant it a do-over. For the reasons set forth below, the Motion should be denied.

## II. RELEVANT BACKGROUND

Netgear's attempt to cast itself as the sole party dedicated to advancing discovery has no basis in fact. Indeed, Choice Electronics served its first set of requests for production and first set of interrogatories (the "Choice Initial Discovery Demands") on June 30, 2025, more than *two weeks before* Netgear served its first set of discovery demands. Benzaki Decl. ¶2. On July 28, 2025, Netgear requested a two-week extension to serve its responses the Choice Initial Discovery Demands. *Id.* ¶ 3. Choice Electronics did not object to this request and merely requested a similar extension to its own deadline to respond to Netgear's first set of discovery requests. *Id.* Yet, the Motion conspicuously neglects to mention this fact as it does not corroborate the blatantly false narrative Netgear attempts to advance.

Further, the delay in "finalizing routine procedural documents" is the result of Netgear's refusal to agree to the terms set forth in this Court's form ESI Protocols, or *any* ESI Protocol for that matter. On September 9, 2025, Choice Electronics sent Netgear a proposed ESI Protocols that were modelled after this Court's standard protocols (the "Standard ESI Protocols") and substantively *identical* to those agreed to between counsel in another similar matter involving Choice Electronics. *Id.* ¶ 5. However, without any justification, Netgear summarily advised that it was not "prepared to proceed with the ESI Protocol at this time." *Id.* ¶ 6. Choice Electronics urged

Netgear to reconsider. Eventually, Netgear's counsel provided a draft of ESI Protocols that it would consider. *Id.* ¶ 7.

However, the proposed revisions made clear that Netgear was only interested in conducting discovery its way: shrouded in secrecy and free from oversight. For instance, Netgear's version of the ESI Protocols *removed* key provisions, including the parties' obligation to "exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved." *Id.* ¶¶8-10. Similarly, Netgear attempted to *remove* any obligation to come to agreement on the number of custodians for whom ESI should be preserved and searched for production. *Id.*

Indeed, as late as October 28, 2025, Netgear stood firm in its opposition to entering into an ESI Protocol by proclaiming that Netgear saw "***"little use trying to bridge the extensive gap in our ESI protocol positions."*** *Id.* ¶ 12. It was only on **October 31, 2025** that Netgear for the first time agreed to enter into the Standard ESI Protocols; and it only did so after Choice Electronics advised of its intention to seek an order from Magistrate Judge Tse for the entry of the same. *Id.* ¶ *13*. Accordingly, the only party to have unnecessarily delayed discovery was Netgear, not Choice Electronics.

With proposed ESI Protocols and a proposed Protective Order filed, Choice Electronics proposed a framework by which the parties would: (1) meet and confer as to their obligations under the ESI Protocols; and (2) exchange productions on a rolling basis. Indeed, this process could have started as early as September 2025 had Netgear simply agreed to enter into the Standard ESI Protocols. *Id.* ¶15.

Further, Netgear's claim that it has "continued to meet its own obligations" by producing more than 400 pages of documents in this case is an exercise in half-truths. The entirety of its "production" is comprised of publicly available screenshots of Choice Electronics' Amazon.com storefront, reviews thereon, and publicly available filings with the USPTO. Stated otherwise, Netgear has also not produced anything of substance—only filler.

III. **ARGUMENT**

As an initial matter, Netgear attempts to cloak Choice Electronics's supplier information with outsized importance in this case exposes the fact that Netgear's "real motive is not to police counterfeit goods, but to find the leak in its supply chain and to close it off." *See Gucci Am., Inc. v. Daffy's, Inc.*, No. CIV.A. 00-4463, 2000 WL 1720738, at *2 (D.N.J. Nov. 14, 2000). However, it is well established that such goals are "not a fair use of trademark litigation." *Id.* at *10. Such unfair use of trademark litigation is common as Amazon, in its testimony to the United States Congress, explained that brands, like Netgear in this case, "often conflate the question of whether goods are authentic (not counterfeit) with whether a particular seller is 'authorized' (meaning they have a contract with the manufacturer)." *See* https://docs.house.gov/meetings/JU/JU05/20190716/109793/HHRG-116-JU05-20190716-SD038.pdf, at pp. 31–32 ¶¶ 98–99, (last visited October 30, 2025). Just as Amazon does not "require that sellers have a direct contractual relationship with a product's manufacturer" (*id.*), settled law makes clear that "[t]rademark law generally does not reach the sale of genuine goods bearing a true mark ***even though such sale is without the mark owner's consent***." *NEC Elecs. v. CAL Cir. Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) (emphasis added). Accordingly, the source/supplier information that Netgear desperately seeks is not material to a trademark infringement case, but rather a means to further its legally irrelevant business interests. *See also, e.g.*, *Conair LLC v. Lighthouse Wholesale, LLC*, No. 3:23-CV-1038 (JCH), 2024 WL 1532260, at *5 (D. Conn. Apr. 9, 2024) ("The issue of where [defendant] obtains its discounted BaBylissPRO products does not bear on the validity of Conair's trademark or whether Lighthouse's use is likely to cause consumer confusion . . . ."); *FUJIFILM N. Am. Corp. v. Abesons Corp.*, No. 1:16-cv-05677-BMC (E.D.N.Y. July 3, 2017) (suppliers' "identity does not bear on" the trademark infringement claims concerning sales of gray market goods).

Nevertheless, in this case, Choice Electronics has *agreed* to produce supplier information in connection with the products specifically at issue in this case. However, Choice Electronics merely took the position that *before* any documents are exchanged, the parties should come to terms on ESI Protocols to specifically outline applicable methodologies for preserving, searching and producing

electronically stored information. With this process finally complete, the parties can now pursue properly searching for relevant documents, including ESI, and produce the same.

Further, as discussed above, any delay in this case has been caused by Netgear. Netgear simply sought to obtain documents and information Choice Electronics without having to respond to discovery itself, e.g., by preserving and searching for ESI. Accordingly, Netgear cannot show good cause for an extension.

Finally, Netgear's request that *only* the deadline for fact discovery be adjourned is impractical as it would force the parties to designate their experts a month before having all the facts available to them while also leaving the parties less than three weeks to file dispositive motions. Accordingly, to the extent the Court is so inclined to extend the deadline for fact discovery, Choice Electronics submits that all deadlines in the Case Management Scheduling Order dated June 26, 2025 (ECF. 24) should also be extended as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Fact Discovery | 12/11/2025 | 1/26/2026 |
| Amended Pleadings | 1/12/2026 | 2/26/2026 |
| Case Management Statement | 12/31/2025 | 2/13/2026 |
| Close of Expert Discovery | 2/27/2026 | 4/11/2026 |
| Designation of Experts | 1/9/2026 | 2/23/2026 |
| Rebuttal Expert Reports | 2/6/2026 | 3/23/2026 |
| Dispositive Motion Hearing | 3/26/2026 | 5/7/2026 |
| Final Pretrial Conference | 5/20/2026 | 7/8/2026 |
| Jury Selection | 6/1/2026 | 7/16/2026 |
| Jury Trial | 6/1/2026 | 7/16/2026 |

IV. **CONCLUSION**

For the above stated reasons, Choice Electronics respectfully requests that the Court deny the Motion, or in the alternative, adjust all current deadlines as detailed herein.

DATED: November 12, 2025  **TARTER KRINSKY & DROGIN LLP**

By: _____/s/ Michael Benzaki_____
TYLER R. DOWDALL (SBN. 258950)
*tdowdall@tarterkrinsky.com*
MARK BERKOWITZ (admitted *pro hac vice)*
*mberkowitz@tarterkrinsky.com*
MICHAEL BENZAKI (admitted *pro hac vice*)
*mbenzaki@tarterkrinsky.com*
**Attorneys for Defendant/Counterclaim-Plaintiff**

# CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2025, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

Dated: November 12, 2025                /s/ Michael Benzaki
                                        Michael Benzaki