UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETGEAR, INC.,

          Plaintiff,

    v.

CHOICE ELECTRONICS INC.,

          Defendant.

Case No. 25-cv-02601-RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTERCLAIMS**

Plaintiff NETGEAR, Inc. brought this action against defendant Choice Electronics Inc., alleging claims for trademark infringement, false designation of origin, and false advertising under the Lanham Act, and related state law claims. The gravamen of the complaint is that Choice allegedly sells NETGEAR products on Amazon and other online marketplaces, advertised as new, when in fact Choice is not an authorized NETGEAR reseller, and the products it sells "are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin."

Choice filed an answer with four counterclaims, as to which NETGEAR sought judgment on the pleadings. Choice recently filed amended counterclaims, which include three wholly new counterclaims, but which do not materially alter the four original counterclaims. The parties have stipulated the motion for judgment on the pleadings shall be deemed applicable to the amended counterclaims. The motion, of course, does not address the newly added counterclaims.

The four original counts, as restated in the amended counterclaims, advance claims for declaratory relief, false advertising under the Lanham Act, violation of California Business and

United States District Court
Northern District of California

Professions Code §§ 17200 *et seq.*, and deceptive trade practices under New York General Business Law § 349. NETGEAR seeks judgment on the pleadings, contending Choice lacks standing and/or fails to state a claim as to the Lanham Act and state law counts, and that the court should decline to exercise jurisdiction over the "duplicative" declaratory relief count.

The parties were asked to provide supplemental briefing regarding an order granting in part and denying in part a motion to dismiss counterclaims in *Corsair Gaming, Inc. v. Choice Elecs. Inc.*, No. 5:25-CV-00045-BLF, 2025 WL 2822691, at *1 (N.D. Cal. Oct. 3, 2025). The *Corsair* plaintiff had initiated an action again Choice alleging:

> [D]espite never having been authorized or otherwise granted permission to sell Corsair Products, Choice has represented "that the Corsair products it offers for sale on Amazon are 'new' despite the fact that they are used, closed out, liquidated, counterfeit, and/or non-genuine product of unknown origin."

2025 WL 2822691, at *1 (N.D. Cal. Oct. 3, 2025).

In *Corsair*, Choice asserted counterclaims including the same four counts it originally asserted here, based on very similar factual allegations. There, Choice alleged the plaintiff "'knowingly manipulates Amazon listings in order to show inflated and unwarranted reviews for its products by misleadingly listing new products as 'variations' of pre-existing products, instead of creating new listings for new products,' causing consumers to be 'deceived and confused into believing that Corsair Products have amassed significant amounts of positive reviews and high ratings, when, in fact, such reviews and ratings merely relate to a prior product.'" 2025 WL 2822691, at *4. Here, Choice alleges, "By listing new unrelated products as 'variations' of pre-existing products, Netgear is, either directly or by implication, misleading consumers into wrongly believing that prior reviews and ratings for pre-existing products belong to new unrelated fundamentally different products."

Furthermore both in *Corsair* and here, Choice alleges the plaintiff's warranty policy violates a variety of consumer protection regulations and laws. In both cases, those allegations form part of the basis for the counts under California Business and Professions Code §§ 17200 *et*

*seq.*, and New York General Business Law § 349.

The *Corsair* court found Choice had standing and had adequately pleaded its Lanham Act claim, and that the declaratory relief could go forward. The court, however, dismissed the state law unlawful trade practices claims to the extent they were based on allegations that the plaintiff's warranty was improper. The court held those state law claims could go forward to the extent they were predicated on the Lanham Act violations. *See* 2025 WL 2822691, at \*7.

*Corsair* is not binding authority, of course. Nevertheless, in light of its thorough and well-reasoned discussion of facts not materially different from those presented in this case, it is appropriate to adopt its analysis and reach the same result here. NETGEAR contends *Corsair* does not adequately address its contention that Choice alleges no actionable false statement of fact. Both in *Corsair* and here, however, the allegations are that the plaintiff makes false and misleading representations by listing new products as mere "variations" of existing products, causing consumers to be "deceived and confused" into believing the new products have amassed significant positive reviews and high ratings, when, in fact, such reviews and ratings relate to prior products. NETGEAR's insistence that it is not responsible for how Amazon, the reseller, presents the products on pages it controls ignores specific allegations that NETGEAR controls whether its newly introduced products are presented as mere "variations" of existing products, or not.

Choice, in turn, urges the court not to follow *Corsair* on the disposition of the claims asserting NETGEAR's warranty policies are improper. Choice's arguments for a different result, however, were fully addressed in *Corsair*, and are not persuasive.

Accordingly, NETGEAR's motion for judgment on the pleadings is denied as to the Lanham Act claim and the declaratory relief claim. As to the state law claims, the motion is granted to the extent they are predicated on Choice's allegations regarding NETGEAR's warranty, but are otherwise denied.[1]

---

[1] *Corsair* granted leave to amend as to the warranty issue. Because this is judgment on the pleadings rather than a motion to dismiss, leave to amend is not ordinarily available. It appears, however, that Choice chose not to amend in *Corsair*, which suggests it likely would not do so here

United States District Court
Northern District of California

**IT IS SO ORDERED**.

Dated: March 31, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

either, were leave to amend available.