Jason N. Haycock (278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (347192)
Taylor.Yamahata@klgates.com
K&L GATES LLP
Four Embarcadero Center
Suite 1200
San Francisco, California  94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Morgan T. Nickerson (SBN 278983)
Morgan.Nickerson@klgates.com
K&L GATES LLP
One Congress Street, 29th Floor
Boston, MA  02114
Telephone: +1 617 261 3134
Facsimile: +1 617 261 3175
(*Pro Hac Vice*)

*Attorneys for Plaintiff/Counterclaim-Defendant*
NETGEAR, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, INC., | Case No. 3:25-cv-02601-RS |
| Plaintiff, | **NETGEAR, INC.'s NOTICE OF MOTION AND MOTION TO DISMISS CHOICE ELECTRONICS INC.'S AMENDED COUNTERCLAIMS AND MEMORANDUM IN SUPPORT** |
| v. | |
| CHOICE ELECTRONICS INC., | |
| Defendant. | [*Filed concurrently with the [Proposed] Order*] |
| | Hearing Date:  June 11, 2026 |
| CHOICE ELECTRONICS INC., | Time:            1:30 p.m. |
| Counterclaim-Plaintiff, | Court:           Courtroom #12, 19th Floor, San Francisco, CA |
| v. | Judge:           Hon. Richard Seeborg |
| NETGEAR, INC. | |
| Counterclaim-Defendant. | |

3:25-cv-02601-RS

NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on the June 11, 2026 at 1:30 p.m. in Courtroom 12, 19th floor of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California 94102,or as soon thereafter as this matter may be heard, Plaintiff and Counterclaim-Defendant NETGEAR, Inc. ("NETGEAR"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, will and hereby does move the Court for an Order dismissing Counterclaims III and IV to the extent they continue to rely on warranty-based theories this Court has already rejected.  Dismissal is, once again, warranted because Choice Electronics Inc.'s ("Choice") Amended Counterclaims improperly reassert warranty-based allegations this Court already dismissed.  *See* Dkt. 70.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, records. and papers on file in this action, and such other argument or evidence as may be presented to the Court.

Dated: May 6, 2026                                    K&L GATES LLP

By: /s/ *K. Taylor Yamahata*
    Jason N. Haycock
    K. Taylor Yamahata
    Morgan T. Nickerson (*Pro Hac Vice*)

    *Attorneys for Plaintiff/Counterclaim-Defendant*
    NETGEAR, INC.

3:25-cv-02601-RS

NOTICE OF MOTION AND MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF THE ISSUES TO BE DECIDED

1.    Whether Counterclaims III and IV should again be dismissed to the extent they remain predicated on NETGEAR's warranty-related conduct, as previously rejected by this Court?

### II.    INTRODUCTION

This Court has already ruled that Choice's California and New York state-law counterclaims cannot proceed to the extent they are based on allegations that NETGEAR's warranty policies are improper.  *See* Dkt. 70 (Order Re. J. on Pleadings on Countercl.) at 3.  In adopting the reasoning of *Corsair Gaming, Inc. v. Choice Elecs. Inc.*, No. 5:25-CV-00045-BLF, 2025 WL 2822691, at \*1 (N.D. Cal. Oct. 3, 2025) ("*Corsair v. Choice*") and applying it here, the Court expressly held that Counterclaims III and IV survive only insofar as they are predicated on alleged Lanham Act violations, ***not*** on Choice's warranty-based theories.

NETGEAR does not seek to relitigate issues this Court has already decided.  Rather, this Motion simply asks the Court to enforce its prior ruling. Choice's Amended Counterclaims continue to include the same warranty-based allegations this Court already rejected.  Choice cannot circumvent the Court's prior order (Dkt. 70) by re-pleading previously dismissed warranty theories in amended form. To the extent Counterclaims III and IV continue to rely on allegations that NETGEAR's warranty practices themselves are improper, those allegations remain barred and should again be dismissed by the Court with prejudice.

### III.    FACTUAL BACKGROUND[1]

Choice's Amended Counterclaims continue to challenge NETGEAR's "Limited Hardware Warranty," including allegations that NETGEAR's warranty policies violate various consumer protection laws and regulations.  *See* Dkt. 67 (Amended Countercl.) ¶¶ 104–120, 143–157.  These are the same core warranty-based theories this Court previously addressed and rejected as improper predicates for Choice's California and New York state-law claims.  *See* Dkt. 70.

---

[1] These facts are taken as true for purposes of this motion only.

In its prior Order, this Court expressly adopted the reasoning from *Corsair v. Choice* and held that Choice's state-law claims could not proceed to the extent they were based on allegations that NETGEAR's warranty practices were improper.  *See id*. at 3.

## IV.   LEGAL STANDARD

To survive a motion brought pursuant to Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly,* 550 U.S. at 555, 570. However, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

When determining whether a claim has been stated, the Court accepts as true all well-pleaded factual allegations and construes them in the light most favorable to the non-moving party. *Reese v. BP Expl. (Alaska) Inc.,* 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

## V.   ARGUMENT

### A. Counterclaims III and IV Remain Defective to the Extent They Continue to Rely on Warranty-Based Theories.

Most importantly, Choice's Amended Counterclaims allege ***no new facts material to the warranty issue*** originally asserted in the original Counterclaims (Dkt. 11). Choice's warranty-related allegations remain substantively unchanged, and Choice offers no new factual basis that would alter this Court's prior analysis or ruling in Dkt. 70.  Because Choice's underlying warranty theory remains the same, the same legal defects and dismissal analysis must apply.

3:25-cv-02601-RS

NOTICE OF MOTION AND MOTION TO DISMISS

Accordingly, Choice's warranty-based allegations remain defective for the same reasons NETGEAR previously raised in its Motion for Judgment on the Pleadings (Dkt. 26) and this Court already accepted (Dkt. 70). As NETGEAR previously explained, Choice is not a consumer of NETGEAR products and therefore lacks standing; the statutes and regulations Choice invokes do *not* provide it with an independent basis to challenge NETGEAR's consumer warranty; and Choice failed to plausibly allege that NETGEAR's warranty terms caused any concrete injury to Choice itself. *See* Dkt. 26 at 9–12. Choice's theory is also speculative because the challenged warranty appears on NETGEAR's own website, and Choice fails to plausibly connect those warranty terms to any cognizable injury to its separate Amazon resale business. *Id.* at 12. Further, without a legally viable warranty-based foundation, Choice's California and New York state-law claims cannot independently survive. *Id.* at 12–13. In short, Choice's Amended Counterclaims still rest on the same theory this Court already rejected: that issues with NETGEAR's consumer warranty alone can support Counterclaims III and IV.

This Court's prior ruling confirms that point. In its Order, after adopting the analysis in *Corsair v. Choice*, on materially similar facts, the Court held that Choice's warranty-related allegations could not serve as a basis for Counterclaims III and IV. Specifically, although Choice alleged that NETGEAR's warranty policies violated various consumer protection laws, this Court dismissed the state-law claims "to the extent they are predicated on Choice's allegations regarding NETGEAR's warranty." Dkt. 70 at 3.

Choice cannot avoid the Court's Order by simply repeating the same warranty allegations in amended form. Yet Choice's Amended Counterclaims again devote substantial allegations to NETGEAR's warranty practices. *See* Dkt. 67 (Amended Countercl.) ¶¶ 104–120, 143–157. However, repleading previously rejected warranty theories does not change this Court's ruling. As the Court has already made clear, allegations regarding NETGEAR's warranty practices cannot independently sustain Counterclaims III and IV.[2] Accordingly, to the extent Choice continues to

---

[2] Importantly, this Court declined to grant Choice leave to amend these warranty-based allegations. *See* Dkt. 70 n.1. Choice's Amended Counterclaims allege no new material facts that alter the

3:25-cv-02601-RS

NOTICE OF MOTION AND MOTION TO DISMISS

rely on those same warranty-based allegations, those portions should again be dismissed without leave to amend.

## VI.    CONCLUSION

For the foregoing reasons, NETGEAR respectfully requests that the Court dismiss Counterclaims III and IV to the extent they rely on warranty-based theories previously rejected by this Court, with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: May 6, 2026                                      K&L GATES LLP


                                                        By: /s/ K. Taylor Yamahata
                                                            Jason N. Haycock
                                                            K. Taylor Yamahata
                                                            Morgan T. Nickerson (*Pro Hac Vice*)

                                                            *Attorneys for Plaintiff/Counterclaim-Defendant*
                                                            NETGEAR, INC.

Court's prior reasoning.  Accordingly, the same analysis controls here, and Choice should not be granted further leave to amend.

3:25-cv-02601-RS
NOTICE OF MOTION AND MOTION TO DISMISS

4