UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETGEAR, INC.,

　　　　　　　Plaintiff,

　　v.

CHOICE ELECTRONICS INC.,

　　　　　　　Defendant.

Case No. 25-cv-02601-RS

**ORDER RE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

Pursuant to Civil Local Rule 7-1(b), the motion of plaintiff NETGEAR, Inc.[1] to dismiss Counterclaims III and IV of the amended counterclaims brought by defendant Choice Electronics, Inc. is suitable for disposition without oral argument, and the hearing set for June 11, 2026, is vacated. Review of the procedural history in this matter demonstrates that this motion should never have been filed. Choice initially advanced four numbered counterclaims. Netgear sought judgment on the pleadings as to all four. Dkt. No. 26. While that motion was under submission, Choice filed a motion for leave to assert three additional counterclaims. Dkt. No. 57. The parties were directed to meet and confer as to whether that motion could be resolved by stipulation (without prejudice to a subsequent motion to dismiss the new counterclaims) and how it would interplay with the pending motion for judgment on the pleadings. Dkt. No. 60.

---

[1] "NETGEAR" apparently appears in all caps in plaintiff's legal name. To avoid the appearance of emphasis, this order will refer to plaintiff as "Netgear."

United States District Court
Northern District of California

The parties then stipulated to the filing of the amended counterclaims, and agreed that the pending motion for judgment on the pleadings would be deemed applicable (and still under submission) as to the first four counterclaims in the amended pleading. It was so ordered. Dkt. No. 64.

Shortly thereafter, Netgear moved to file an amended complaint. Dkt. 65. The following day, Choice filed its amended counterclaims, including the three new counterclaims, pursuant to the parties' stipulation. Dkt. 67. Then, before any opposition to Netgear's motion for leave to amend the complaint had been filed, an order issued on the motion for judgment on the pleadings. That order denied the motion as to the first two counterclaims. Judgment on the pleadings was granted as to the second two counterclaims to the extent they were "predicated on Choice's allegations regarding NETGEAR's warranty," but was "otherwise denied." Dkt. No. 70.

The parties then worked cooperatively and professionally to address the issue of Netgear's pending motion for leave to amend the complaint. Specifically, the parties stipulated that Netgear would file the amended complaint, that Choice would respond "with the Amended Counterclaims included in Dkt. 67," and that Netgear would answer the re-filed Amended Counterclaims thereafter. Dkt. 71, adopted as order Dkt. 75.

At the time the parties entered into the stipulation at Dkt. 71, judgment on the pleadings had already been granted with respect to counterclaims III and IV, to the extent they are "predicated on Choice's allegations regarding NETGEAR's warranty." Perhaps it would have avoided potential ambiguity had the parties expressly stated in their stipulation that the contemplated refiling of all seven counterclaims was not intended somehow to restore the portions of counterclaims III and IV predicated on the warranty allegations. Given the sequence of events, however, it was not reasonable to assume Choice was attempting to avoid the legal effect of the order on the motion for judgment on the pleadings. Moreover, because Netgear had expressly stipulated to Choice simply refiling "the Amended Counterclaims included in Dkt. 67," rather than an edited version expressly omitting or identifying those portions as to which judgment on the pleadings had already been granted, it was in no position to complain. At a very minimum, if

Netgear genuinely believed the filing to which it previously stipulated created undue ambiguity, it should have sought a further stipulation to clarify that the ruling on the motion for judgment on the pleadings remained in effect, rather than burdening the court and defendant with a motion to dismiss.

The motion to dismiss is denied as unnecessary. The order on the motion for judgment on the pleadings remains in effect, and Choice's third and fourth counterclaims cannot go forward to the extent based on allegations regarding warranty practices, but may otherwise proceed.

**IT IS SO ORDERED**.

Dated:  June 5, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

CASE NO. 25-cv-02601-RS

3