# EXHIBIT A-1

Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
Morgan T. Nickerson
Morgan.nickerson@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Attorneys for Plaintiff/
Counterclaim-Defendant
*Netgear Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETGEAR INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHOICE ELECTRONICS INC.,<br><br>Defendant. | Case No. 3:25-cv-02601-RS<br><br>**NETGEAR INC.'S RESPONSE TO CHOICE ELECTRONICS INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR INSPECTION**<br><br>District Judge: Hon. Richard Seeborg |
| CHOICE ELECTRONICS INC.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>NETGEAR INC.<br><br>Counterclaim-Defendant. | |

PROPOUNDING PARTY: CHOICE ELECTRONICS INC.

RESPONDING PARTIES: NETGEAR INC.

SET NUMBER: ONE (1)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Netgear Inc. ("Plaintiff" or "NETGEAR") hereby responds to Defendant/Counterclaimant Choice Electronics Inc.'s ("Defendant" or "Choice Electronics") document requests. NETGEAR objects to each request to the extent it calls for documents protected by the attorney-client privilege. As to each specific request, NETGEAR responds as follows:

**REQUEST NO. 1.**

Organizational charts and other documents showing Netgear's corporate structure, including, but not limited to, current and former parents, subsidiaries, affiliates, partners and licensees, and current and former owners, principals, officers and directors.

**RESPONSE TO REQUEST NO. 1.**

NETGEAR objects as the request for "other documents" is vague and undefined. NETGEAR further objects as the documents are irrelevant to the claims or defenses in the case and the burden in producing the documents is not proportional to the needs of the case. Without waiving said objections, NETGEAR states that is a publicly traded company whose corporate structure is fully available to the public. NETGEAR directs defendant to https://investor.netgear.com where all of said requested materials can be found that are responsive to this request.

**REQUEST NO. 2.**

A copy of each agreement between Netgear on the one hand, and any third-party, on the other hand, relating to the purchase, distribution and/or sale of Netgear Products in the United States.

**RESPONSE TO REQUEST NO. 2.**

NETGEAR objects as the documents are irrelevant to the claims or defenses in the case. NETGEAR further objects to the request as overly burdensome and not proportional to the needs of the case as it would require NETGEAR to provide documents, emails, invoices, and receipts related to its sales of several hundred million dollars worth of products in the United States each year. Given the breadth of the request, such a document production would be overwhelming and

the cost of the same would far exceed any benefit. NETGEAR is willing to consider a more reasonable request, but will not be producing documents responsive to this broad request as currently worded.

**REQUEST NO. 3.**

All Documents and Communications relating to Choice Electronics and/or the Choice Electronics Storefront.

**RESPONSE TO REQUEST NO. 3.**

NETGEAR objects to the extent the request calls for documents protected by the attorney-client privilege. Subject to and without waiver of the same, NETGEAR will product responsive documents subject to an agreed upon protective order being entered.

**REQUEST NO. 4.**

All Documents and Communications relating to any Netgear Products offered for sale or sold by Choice Electronics.

**RESPONSE TO REQUEST NO. 4.**

NETGEAR objects to the extent the request calls for documents protected by the attorney-client privilege. Subject to and without waiver of the same, NETGEAR will product responsive documents subject to an agreed upon protective order being entered.

**REQUEST NO. 5.**

All documents and Communications concerning Netgear Listings.

**RESPONSE TO REQUEST NO. 5.**

NETGEAR objects as the documents are irrelevant to the claims or defenses in the case. NETGEAR further objects to the request as overly burdensome and not proportional to the needs of the case as it would require NETGEAR to provide documents, emails, invoices, and receipts related to its sales of several hundred million dollars worth of products in the United States each year. Given the breadth of the request, such a document production would be overwhelming and the cost of the same would far exceed any benefit. NETGEAR is willing to consider a more

reasonable request, but will not be producing documents responsive to this broad request as currently worded.

**REQUEST NO. 6.**

All Documents and Communications concerning Netgear's creation and modification of Netgear Listings.

**RESPONSE TO REQUEST NO. 6.**

NETGEAR objects to the request as vague and undefined as it seeks documents concerning the creation and modification of webpages owned by a third party retailer. NETGEAR will search for and produce documents related to this request only as to the NETGEAR product specifically identified in the counterclaim. NETGEAR objects to any broader search as irrelevant, overly burdensome, and not proportional to the needs of the case.

**REQUEST NO. 7.**

Documents sufficient to identify all Netgear Listings created by Netgear.

**RESPONSE TO REQUEST NO. 7.**

NETGEAR objects to the request as vague and undefined as it seeks documents concerning the creation of webpages owned by a third party retailer. NETGEAR will search for and produce documents related to this request only as to the NETGEAR product specifically identified in the counterclaim. NETGEAR objects to any broader search as irrelevant, overly burdensome, and not proportional to the needs of the case

**REQUEST NO. 8.**

All Documents and Communications concerning Netgear's decision to create variation relationships on any Netgear Listings.

**RESPONSE TO REQUEST NO. 8.**

NETGEAR objects to the request as vague and undefined as it seeks documents concerning the creation of webpages owned by a third party retailer. NETGEAR specifically denies that it ever created "variation relationships." NETGEAR will search for and produce documents related to this

request only as to the NETGEAR product specifically identified in the counterclaim. NETGEAR objects to any broader search as irrelevant, overly burdensome, and not proportional to the needs of the case.

**REQUEST NO. 9.**

All Communications, reports or submissions Netgear made to Amazon relating to Choice Electronics, the Choice Electronics Storefront, and any Netgear Products offered for sale or sold by Choice Electronics.

**RESPONSE TO REQUEST NO. 9.**

NETGEAR will produce documents responsive to this request to the extent such documents exist.

**REQUEST NO. 10.**

All Communications, reports or submissions Netgear made to Amazon relating to allegations made by Netgear that the Netgear Products sold by Choice Electronics were purportedly stolen or obtained through illicit means.

**RESPONSE TO REQUEST NO. 10.**

NETGEAR will produce documents responsive to this request to the extent such documents exist.

**REQUEST NO. 11.**

Netgear's notes concerning Choice Electronics, including all notes concerning the purchase, or distribution, of Netgear Products by Choice Electronics.

**RESPONSE TO REQUEST NO. 11.**

NETGEAR will produce documents responsive to this request to the extent such documents exist.

**REQUEST NO. 12.**

All Documents relating to Netgear's attempts to purchase, and purchases of, Netgear Products from Choice Electronics or the Choice Electronics Storefront, including, but not limited

to, any investigative report, evaluation, inspection, analysis, testing or comparison involving such purchase(s).

**RESPONSE TO REQUEST NO. 12.**

NETGEAR will produce documents responsive to this request to the extent such documents exist.

**REQUEST NO. 13.**

All documents, things, and communications concerning Choice Electronics and/or the Choice Electronics Storefront, including, without limitation, any investigative report, evaluation, inspection, analysis, testing or comparison involving Netgear Products offered for sale or sold through the Choice Electronics Storefront.

**RESPONSE TO REQUEST NO. 13.**

NETGEAR will produce documents responsive to this request to the extent such documents exist.

**REQUEST NO. 14.**

Documents sufficient to show, on a monthly basis and product basis (e.g., by ASIN), Netgear's total gross revenues and net profits generated from all sales of Netgear Products on Amazon as a third-party seller, including, but not limited to, all relevant accounting records.

**RESPONSE TO REQUEST NO. 14.**

NETGEAR objects to the request as irrelevant, unduly burdensome and not proportional to the needs of the case insofar as the request seeks information on NETGEAR products not identified in the counterclaim. NETGEAR will respond to this request by providing sales information related only to the products identified in the counterclaim.

**REQUEST NO. 15.**

Documents sufficient to show, on a monthly basis and product basis (e.g., by ASIN), Netgear's total gross revenues and net profits generated from all sales of Netgear Products to Amazon, including, but not limited to, all relevant accounting records.

**RESPONSE TO REQUEST NO. 15.**

NETGEAR objects to the request as irrelevant, unduly burdensome and not proportional to the needs of the case insofar as the request seeks information on NETGEAR products not identified in the counterclaim. NETGEAR will respond to this request by providing sales information related only to the products identified in the counterclaim.

**REQUEST NO. 16.**

Documents sufficient to show, on a monthly basis and product basis (e.g., by SKU), Netgear's total gross revenues and net profits generated from all sales of Netgear Products, including, but not limited to, all relevant accounting records.

**RESPONSE TO REQUEST NO. 16**

NETGEAR objects to the request as irrelevant, unduly burdensome and not proportional to the needs of the case insofar as the request seeks information on NETGEAR products not identified in the counterclaim. NETGEAR will respond to this request by providing sales information related only to the products identified in the counterclaim.

**REQUEST NO. 17.**

Documents sufficient to identify any and all Amazon seller accounts currently or formerly owned and/or operated by Netgear, its respective officers, agents, employees, or any other person or entity in active participation with Netgear, including but not limited to, any purported "authorized sellers."

**RESPONSE TO REQUEST NO. 17.**

NETGEAR will produce documents responsive to this request to the extent such documents exist.

**REQUEST NO. 18.**

Documents sufficient to identify any and all online selling accounts (other than Amazon seller accounts) currently or formerly owned and/or operated by Netgear, its respective officers, agents, employees, or any other person or entity in active participation with Netgear, including but

not limited to, any purported "authorized sellers."

**RESPONSE TO REQUEST NO. 18.**

NETGEAR objects to the request as irrelevant, unduly burdensome and not proportional to the needs of the case insofar as the request seeks information on accounts not owned or operated by NETGEAR. NETGEAR will produce documents responsive to this request related to its ownership only to the extent such documents exist.

**REQUEST NO. 19.**

All customer complaints or inquiries related to the Netgear Products, including, but not limited to, any complaints or inquiries related to counterfeit products, knockoff products, used products, defective products, damaged products, or any other quality issues.

**RESPONSE TO REQUEST NO. 19.**

NETGEAR objects to the request as irrelevant, unduly burdensome and not proportional to the needs of the case insofar as the request seeks information on NETGEAR products not identified in the counterclaim or related to its several hundreds of millions of dollars in sales of unrelated products each year. NETGEAR will respond to this request by searching for and producing documents responsive to this request insofar as they are related to the defendant and to the NETGEAR products identified in the counterclaim.

**REQUEST NO. 20.**

All Documents and Communications concerning the "Netgear Warranty" identified in the Counterclaims (ECF 11 at ¶ 66).

**RESPONSE TO REQUEST NO. 20.**

NETGEAR will produce a copy of its warranty related to the products at issue in this case. NETGEAR objects to providing any further documents as irrelevant, overly burdensome, and not proportional to the needs of this case.

**REQUEST NO. 21.**

All Documents and Communications concerning claims made under the "Netgear

Warranty" by customers of Netgear Products not purchased by purported "authorized sellers."

**RESPONSE TO REQUEST NO. 21.**

NETGEAR will produce documents related to the products at issue in this case to the extent they exist. NETGEAR objects to providing any further documents as irrelevant, overly burdensome, and not proportional to the needs of this case.

**REQUEST NO. 22.**

All Documents and Communications concerning the performance metrics of any Amazon storefronts on which Netgear or Netgear's Authorized Sellers Netgear Products.

**RESPONSE TO REQUEST NO. 22.**

NETGEAR objects as the term "performance metrics" is vague and undefined. NETGEAR does not have an Amazon storefront so no such documents exist. To the extent third parties sell NETGEAR products on Amazon, such documents are not in the possession, custody or control of NETGEAR.

**REQUEST NO. 23.**

Documents sufficient to identify each of Netgear's customers of Netgear Products (with the exception of retail consumers), including each Authorized Seller.

**RESPONSE TO REQUEST NO. 23.**

NETGEAR objects as the documents are irrelevant to the claims or defenses in the case. NETGEAR further objects to the request as overly burdensome and not proportional to the needs of the case as it would require NETGEAR to review documents, emails, invoices, and receipts related to its sales of several hundred million dollars worth of products in the United States each year the vast majority of which is unrelated to this case. Given the breadth of the request, such a document production would be overwhelming and the cost of the same would far exceed any benefit. NETGEAR is willing to consider a more reasonable request, but will not be producing documents responsive to this broad request as currently worded. NETGEAR notes that its list of retailers can be found at https://www.netgear.com/home/where-to-buy/.

**REQUEST NO. 24.**

Documents sufficient to show the channels of trade of Netgear Products, including, without limitation, customer lists and sales records, and any retail stores and online websites where such products are or were intended to be sold or offered for sale.

**RESPONSE TO REQUEST NO. 24.**

NETGEAR objects as the documents are irrelevant to the claims or defenses in the case. NETGEAR further objects to the request as overly burdensome and not proportional to the needs of the case as it would require NETGEAR to review documents, emails, invoices, and receipts related to its sales of several hundred million dollars worth of products in the United States each year the vast majority of which is unrelated to this case. Given the breadth of the request, such a document production would be overwhelming and the cost of the same would far exceed any benefit. NETGEAR is willing to consider a more reasonable request, but will not be producing documents responsive to this broad request as currently worded. NETGEAR notes that its list of retailers can be found at https://www.netgear.com/home/where-to-buy/

**REQUEST NO. 25.**

All Documents and Communications relating to the enforcement of the Netgear Trademarks, including the submission of reports of intellectual property violations by third-parties to Amazon, and notice letters concerning enforcement of the Netgear Trademarks.

**RESPONSE TO REQUEST NO. 25.**

NETGEAR objects as the documents are irrelevant to the claims or defenses in the case. NETGEAR further objects to the request as overly burdensome and not proportional to the needs of the case. This information is not maintained in a central database and to create the same would require searching inboxes of those who communicate with Amazon. Such review would require each email to be reviewed to determine the content of the same. The cost of this review would far exceed any benefit maintained from the same as any document concerning the defendant in this case would have already been produced (as agreed upon).

**REQUEST NO. 26.**

All Documents and Communications relating to Netgear's brand protection policies, since January 1, 2021.

**RESPONSE TO REQUEST NO. 26.**

NETGEAR objects as "brand protection policies" is vague and undefined. NETGEAR further objects to the request as irrelevant, overly burdensome, and not proportional to the needs of the case. NETGEAR is not withholding any documents as it does not have written "brand protection policies" responsive to this request.

**REQUEST NO. 27.**

A copy of each settlement agreement concerning enforcement of the Netgear Trademarks by Netgear, including all settlement agreements with sellers on Amazon.

**RESPONSE TO REQUEST NO. 27.**

NETGEAR objects as the documents are irrelevant to the claims or defenses in the case. NETGEAR further objects to the request as overly burdensome and not proportional to the needs of the case. NETGEAR is withholding documents responsive to this request, specifically, confidential settlement agreements with third parties unrelated to this case, based upon its objections.

**REQUEST NO. 28.**

All Documents and Communications relating to Netgear's efforts to eliminate or remove third-party sellers of Netgear Products from the Amazon marketplace, since January 1, 2021.

**RESPONSE TO REQUEST NO. 28.**

NETGEAR has no responsive documents as it has made no "efforts to eliminate or remove" third-party sellers of any products.

**REQUEST NO. 29.**

All internal Communications relating to the pricing of Netgear Products on Amazon.

**RESPONSE TO REQUEST NO. 29.**

NETGEAR objects as the documents are irrelevant to the claims or defenses in the case. NETGEAR further objects to the request as overly burdensome and not proportional to the needs of the case. This information is not maintained in a central database and to create the same would require searching inboxes of those who sell any NETGEAR product whether related to this case or not. Such review would require each email to be reviewed to determine the content of the same given the vague nature of the request.

**REQUEST NO. 30.**

All internal Communications relating to the pricing of Netgear Products by third-party sellers on Amazon.

**RESPONSE TO REQUEST NO. 30.**

NETGEAR objects as the documents are irrelevant to the claims or defenses in the case. NETGEAR further objects to the request as overly burdensome and not proportional to the needs of the case. This information is not maintained in a central database and to create the same would require searching inboxes of those who sell any NETGEAR product whether related to this case or not. Such review would require each email to be reviewed to determine the content of the same given the vague nature of the request.

**REQUEST NO. 31.**

All Communications with third-party Amazon sellers relating to their pricing of Netgear Products on Amazon.

**RESPONSE TO REQUEST NO. 31.**

NETGEAR objects as the documents are irrelevant to the claims or defenses in the case. NETGEAR further objects to the request as overly burdensome and not proportional to the needs of the case. This information is not maintained in a central database and to create the same would require searching inboxes of those who sell any NETGEAR product whether related to this case or not. Such review would require each email to be reviewed to determine the content of the same

given the vague nature of the request.

**REQUEST NO. 32.**

All Communications with third-party Amazon sellers relating to the selection (e.g., models) of Netgear Products they offer for sale on Amazon.

**RESPONSE TO REQUEST NO. 32.**

NETGEAR objects to this request as vague and undefined as it cannot determine what type of documents are being sought by the defendant. To the extent the request seeks communications with third parties regarding products not at issue in the case, NETGEAR objects to the request as being irrelevant, overly burdensome, and not proportional to the needs of the case.

**REQUEST NO. 33.**

All Documents and Communications relating to the retail pricing of Netgear Products in the United States, including any Minimum Advertised Pricing (MAP) policies.

**RESPONSE TO REQUEST NO. 33.**

NETGEAR objects as the documents are irrelevant to the claims or defenses in the case. NETGEAR further objects to the request as overly burdensome and not proportional to the needs of the case. This information is not maintained in a central database and to create the same would require searching inboxes of those who sell any NETGEAR product whether related to this case or not. Such review would require each email to be reviewed to determine the content of the same given the vague nature of the request.

**REQUEST NO. 34.**

Documents sufficient to identify all manufacturers of Netgear Products.

**RESPONSE TO REQUEST NO. 34.**

NETGEAR objects to the request as vague as NETGEAR is the manufacturer of NETGEAR products.

**REQUEST NO. 35.**

A sample of each Netgear Product imported, distributed, offered for sale, sold, or authorized

for sale by Netgear in the United States.

**RESPONSE TO REQUEST NO. 35.**

NETGEAR objects to the request as overly burdensome and not proportional to the needs of the case. Many NETGEAR products sell for thousand of dollars and NETGEAR cannot be expected to send hundreds of thousands of dollars of NETGEAR products to defendant free of charge. Defendant can purchase any NETGEAR product it wants at https://www.netgear.com/home/where-to-buy/. To the extent defendant wants to inspect any specific NETGEAR product, NETGEAR can make said product available for inspection at a mutually agreeable time and location.

**REQUEST NO. 36.**

Photographs of the packaging of each Netgear Product imported, distributed, offered for sale, sold, or authorized for sale by Netgear in the United States.

**RESPONSE TO REQUEST NO. 36.**

NETGEAR objects to the request as irrelevant to the claims or defenses in the case. NETGEAR further objects to the request as overly burdensome and not proportional to the needs of the case as the condition of its products is not at issue in this case.

**REQUEST NO. 37.**

All Documents and Communications relating to the distribution, advertising, offer for sale and sale of Netgear Products by or through Amazon, including all agreements between You and Amazon relating to the distribution, advertising, offer for sale and sale of Netgear Products.

**RESPONSE TO REQUEST NO. 37.**

NETGEAR objects as the documents are irrelevant to the claims or defenses in the case. NETGEAR further objects to the request as overly burdensome and not proportional to the needs of the case as it would require NETGEAR to review documents, emails, invoices, and receipts related to its sales of several hundred million dollars worth of products in the United States each year the vast majority of which is unrelated to this case. Given the breadth of the request, such a

document production would be overwhelming and the cost of the same would far exceed any benefit. NETGEAR is willing to consider a more reasonable request, but will not be producing documents responsive to this broad request as currently worded.

**REQUEST NO. 38.**

Documents sufficient to identify any, and all, Netgear Products imported, distributed, offered for sale, sold, authorized for sale, or included in any product catalogs by Choice Electronics, since January 1, 2021.

**RESPONSE TO REQUEST NO. 38.**

NETGEAR objects as this information is entirely in the possession of Choice Electronics. NETGEAR is presently unaware of what NETGEAR products haven been "imported, distributed, offered for sale, sold, authorized for sale, or included in any product catalogs by Choice Electronics." Should defendant provide a list of NETGEAR products "imported, distributed, offered for sale, sold, authorized for sale, or included in any product catalogs by Choice Electronics" then NETGEAR can properly respond to the request.

**REQUEST NO. 39.**

All Documents and Communications concerning all past and existing relationships, including contracts, agreements, licenses, assignments, or other relations, between Netgear and any third party relating in any manner to the Netgear Trademarks.

**RESPONSE TO REQUEST NO. 39.**

NETGEAR objects as the request is vague and/or overly broad to the extent it calls for documents and communications "concerning all past and existing relationships" relating to every NETGEAR product sold by NETGEAR as it may require NETGEAR to produce every document created related to its sale of products. NETGEAR further objects to the request as irrelevant, overly burdensome and not proportional to the needs of the case as it would require NETGEAR to review documents, emails, invoices, and receipts related to its sales of several hundred million dollars worth of products in the United States each year the vast majority of which is unrelated to this case.

Given the breadth of the request, such a document production would be overwhelming and the cost of the same would far exceed any benefit. NETGEAR is willing to consider a more reasonable request, but will not be producing documents responsive to this broad request as currently worded.

**REQUEST NO. 40.**

All Documents that support or contradict Netgear's allegation that the Netgear Products offered for sale by Choice Electronics "are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin." (ECF No. 1, Compl. ¶¶ 18, 39).

**RESPONSE TO REQUEST NO. 40.**

NETGEAR will produce documents responsive to this request to the extent such documents exist and are in the possession of NETGEAR.

**REQUEST NO. 41.**

All Documents that support or contradict Your allegation that Choice Electronics' "conduct results in consumer confusion, the dilution of NETGEAR's goodwill and trade name, as well as lost sales and profits of actual 'new' NETGEAR Products." (ECF No. 1, Compl. ¶ 40).

**RESPONSE TO REQUEST NO. 41.**

NETGEAR objects to the extent that the request calls for a legal conclusion. NETGEAR will produce documents responsive to this request to the extent such documents exist and are in the possession of NETGEAR.

**REQUEST NO. 42.**

All Documents that support or contradict Netgear's allegation that Choice Electronics is "improperly manipulating the online review system and falsely advertising its positive online review score." (ECF No. 1, Compl. ¶ 41).

**RESPONSE TO REQUEST NO. 42.**

NETGEAR will produce documents responsive to this request to the extent such documents exist and are in the possession of NETGEAR.

**REQUEST NO. 43.**

All Documents that support or contradict Plaintiff's allegation that "[b]ut for Defendant's manipulation and purposeful suppression of honest negative reviews, it would have a far lower feedback and positivity score resulting in far less sales to Defendant and more sales to NETGEAR (which uses Amazon as a retailer)". (ECF No. 1, Compl. ¶ 63).

**RESPONSE TO REQUEST NO. 43.**

NETGEAR will produce documents responsive to this request to the extent such documents exist and are in the possession of NETGEAR.

**REQUEST NO. 44.**

All Documents that support or contradict Plaintiff's allegation that "Defendant's actions substantially harm NETGEAR by placing infringing, falsely advertised NETGEAR Products into the stream of commerce in the United States." (ECF No. 1, Compl. ¶ 65).

**RESPONSE TO REQUEST NO. 44.**

NETGEAR objects to the extent that the request calls for a legal conclusion. NETGEAR will produce documents responsive to this request to the extent such documents exist and are in the possession of NETGEAR.

**REQUEST NO. 45.**

All Documents that support or contradict Plaintiff's allegation that Defendant is "selling or distributing products using the NETGEAR Marks that are different from those sold by NETGEAR." (ECF No. 1, Compl. ¶ 84).

**RESPONSE TO REQUEST NO. 45.**

NETGEAR objects to the extent that the request calls for a legal conclusion. NETGEAR will produce documents responsive to this request to the extent such documents exist and are in the possession of NETGEAR.

**REQUEST NO. 46.**

All Documents that support or contradict Plaintiff's allegation that "Defendant has made

and distributed . . . product listings and advertisements that contain false or misleading statements of fact regarding its products. (ECF No. 1, Compl. ¶ 92).

**RESPONSE TO REQUEST NO. 46.**

NETGEAR objects to the extent that the request calls for a legal conclusion. NETGEAR will produce documents responsive to this request to the extent such documents exist and are in the possession of NETGEAR.

**REQUEST NO. 47.**

All Documents that support or contradict Plaintiff's allegation that "Defendant's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it." (ECF No. 1, Compl. ¶¶ 112, 105).

**RESPONSE TO REQUEST NO. 47.**

NETGEAR objects to the extent that the request calls for a legal conclusion. NETGEAR will produce documents responsive to this request to the extent such documents exist and are in the possession of NETGEAR.

Dated: August 13, 2025

K&L GATES LLP

By: */s/Morgan T. Nickerson*
Jason N. Haycock
K. Taylor Yamahata
Morgan T. Nickerson

Attorneys for Plaintiff/
Counterclaim-Defendant *Netgear Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2025, a copy of the foregoing document entitled **NETGEAR INC.'S RESPONSE TO CHOICE ELECTRONICS INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR INSPECTION** was served via email on the following counsel of record for Defendant/Counterclaim-Plaintiff in this matter:

Tyler R. Dowdall (State Bar No. 258950)
TARTER KRINSKY & DROGIN LLP
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465
Email: tdowdall@tarterkrinsky.com

Michael Benzaki (pro hac vice)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0377
Facsimile: (212) 216-8001
Email: mbenzaki@tarterkrinsky.com

Dated: August 13, 2025

By: */s/Morgan T. Nickerson*