# EXHIBIT A-2

Jason N. Haycock (278983)
Jason.Haycock@klgates.com
Taylor Yamahata (347192)
Taylor.Yamahata@klgates.com
K&L GATES LLP
Four Embarcadero Center
Suite 1200
San Francisco, California 94111
Telephone: +1 617 261 3134
Facsimile: +1 617 261 3134

Morgan T. Nickerson
morgan.nickerson@klgates.com
K&L GATES LLP
One Congress Street, 29th Floor
Boston, Massachusetts 02114
Telephone: +1 617 261 3134
Facsimile: +1 617 261 3134

Attorneys for Plaintiff
Netgear

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHOICE ELECTRONICS INC.,<br><br>Defendant. | Case No. 5:25-cv-00045-BLF<br><br>**NETGEAR INC.'S RESPONSE TO CHOICE ELECTRONCIS INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>District Judge: Hon. Richard Seeborg<br><br>Magistrate Judge: Hon. Alex G. Tse |
| CHOICE ELECTRONICS INC.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>NETGEAR, INC.,<br><br>Counterclaim-Defendant. | |

PROPOUNDING PARTY: CHOICE ELECTRONICS INC.

RESPONDING PARTIES: NETGEAR INC.

SET NUMBER: TWO (2)

## DOCUMENT REQUESTS

**REQUEST NO. 50.**

Documents sufficient to identify the specific Netgear Products that Plaintiff alleges Defendant "purchases...from return and liquidation stock." (*see* ECF No. 1, Compl. ¶ 19).

**RESPONSE TO REQUEST NO. 50.**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, and sales records. NETGEAR further objects to the extent the Request assumes that Choice sells any NETGEAR products that are not sourced from returns, liquidation, or other secondary market channels. Subject to and without waiving these objections, NETGEAR will provide responsive documents in its possession, custody, and control. However, NETGEAR's position is that all NETGEAR products sold by Choice are sourced from returns, liquidation, or other secondary market channels and are therefore used, non-genuine, or of unknown provenance, despite being advertised and sold by Choice as new. NETGEAR further relies on Choice's public product listings advertising NETGEAR products as new, together with evidence that the products sold lack manufacturer warranty coverage and exhibit characteristics consistent with returned or liquidated goods, as alleged in the Complaint. To the extent Choice contends that any NETGEAR product it sold was not sourced from return or liquidation stock, NETGEAR contends that Choice bears the burden of producing documents demonstrating lawful acquisition through NETGEAR's authorized distribution channels. NETGEAR reserves the right to supplement this response as discovery proceeds.

**REQUEST NO. 51.**

All Documents and Communications supporting the Complaint's allegations that the Netgear Products offered for sale by Defendant are "purchase[d]... from return and liquidation stock." (*see, e.g.*, ECF No. 1, Compl. ¶ 19).

**RESPONSE TO REQUEST NO. 51.**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, and sales records. NETGEAR further objects to the extent the Request assumes that Choice sells any NETGEAR products that are not sourced from returns, liquidation, or other secondary market channels. Subject to and without waiving these objections, NETGEAR will provide responsive documents in its possession, custody, and control. However, NETGEAR's position is that all NETGEAR products sold by Choice are sourced from returns, liquidation, or other secondary market channels and are therefore used, non-genuine, or of unknown provenance, despite being advertised and sold by Choice as new. NETGEAR further relies on Choice's public product listings advertising NETGEAR products as new, together with evidence that the products sold lack manufacturer warranty coverage and exhibit characteristics consistent with returned or liquidated goods, as alleged in the Complaint. To the extent Choice contends that any NETGEAR product it sold was not sourced from return or liquidation stock, NETGEAR contends that Choice bears the burden of producing documents demonstrating lawful acquisition through NETGEAR's authorized distribution channels. NETGEAR reserves the right to supplement this response as discovery proceeds.

**REQUEST NO. 52.**

Documents sufficient to identify the specific Netgear Products sold by Defendant that Plaintiff alleges are "counterfeit."

**RESPONSE TO REQUEST NO. 52.**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, and sales records. Subject to and without waiving these objections, NETGEAR will provide responsive documents in its possession, custody, and control. However, NETGEAR's position is that all NETGEAR products sold by Choice that are intended for resale in

foreign jurisdictions and/or are stolen product are considered non-genuine and counterfeit under the law.

**REQUEST NO. 53.**

Documents sufficient to identify the specific Netgear Products sold by Defendant that Plaintiff alleges are "non-genuine product." (*see, e.g.*, ECF No. 1, Compl. ¶¶ 19, 39, 75).

**RESPONSE TO REQUEST NO. 53.**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, and sales records. Subject to and without waiving these objections, NETGEAR will provide responsive documents in its possession, custody, and control. However, NETGEAR's position is that all NETGEAR products sold by Choice that are intended for resale in foreign jurisdictions and/or are stolen product are considered non-genuine and counterfeit under the law.

**REQUEST NO. 54.**

All Documents and Communications supporting the Complaint's allegations that the Netgear Products offered for sale, or sold, by Defendant are "counterfeit" (*see, e.g.*, ECF No. 1, Compl. ¶¶ 19, 39, 75).

**RESPONSE TO REQUEST NO. 54.**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, and sales records. Subject to and without waiving these objections, NETGEAR will provide responsive documents in its possession, custody, and control. However, NETGEAR's position is that all NETGEAR products sold by Choice that are intended for resale in foreign jurisdictions and/or are stolen product are considered non-genuine and counterfeit under the law.

**<u>REQUEST NO. 55.</u>**

Documents sufficient to identify the specific Netgear Products sold by Defendant that Plaintiff alleges are "non-genuine product." (*see, e.g.*, ECF No. 1, Compl. ¶¶ 19, 39, 75).

**<u>RESPONSE TO REQUEST NO. 55.</u>**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, and sales records. Subject to and without waiving these objections, NETGEAR will provide responsive documents in its possession, custody, and control. However, NETGEAR's position is that all NETGEAR products sold by Choice that are intended for resale in foreign jurisdictions and/or are stolen product are considered non-genuine and counterfeit under the law.

**<u>REQUEST NO. 56.</u>**

Documents sufficient to identify "the irreparable harm to its brand, image, business, and goodwill with the public" that Plaintiff alleges was specifically caused by Defendant. (*see*, ECF No. 1, Compl. ¶ 31).

**<u>RESPONSE TO REQUEST NO. 56.</u>**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, sales records, and consumer complaints. Subject to and without waiving these objections, NETGEAR will provide responsive documents in its possession, custody, and control.

**<u>REQUEST NO. 57.</u>**

All Documents and Communications supporting the Complaint's allegations that if Defendant had a "far lower feedback and positivity score" then Plaintiff would have "more sales." (*see*, ECF No. 1, Compl. ¶ 63).

**RESPONSE TO REQUEST NO. 57.**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, sales records, and consumer complaints. Subject to and without waiving these objections, NETGEAR will provide responsive documents in its possession, custody, and control.

**REQUEST NO. 58.**

Documents sufficient to identify the "lost sales revenue, fees, and other costs" that Plaintiff purports to have "suffered" specifically as a result of Defendant's sale of Netgear Products." (*see* ECF No. 1, Compl. ¶¶ 111, 104).

**RESPONSE TO REQUEST NO. 58.**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, sales records, and consumer complaints. Subject to and without waiving these objections, NETGEAR will provide non-privileged, responsive documents in its possession, custody, and control.

**REQUEST NO. 59.**

All Documents and Communications regarding the purchase order identified as "PO 8K67E68P." (*see* NETGEAR_000468-69).

**RESPONSE TO REQUEST NO. 59.**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, sales records, and consumer complaints. Subject to and without waiving these objections, NETGEAR will provide non-privileged, responsive documents in its possession, custody, and control.

**REQUEST NO. 60.**

All Documents and Communications, including but not limited to, reports, shipping labels, notifications, delivery confirmations, regarding the shipping and delivery of the Netgear-branded products ordered by Amazon as part of "PO 8K67E68P." (*see* NETGEAR_000468-69).

**RESPONSE TO REQUEST NO. 60.**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, sales records, and consumer complaints. NETGEAR also objects to the extent the request calls for "all documents" as unduly burdensome, irrelevant, and not proportional to the needs of the case. Subject to and without waiving these objections, NETGEAR will provide non-privileged, responsive documents in its possession, custody, and control.

**REQUEST NO. 61.**

All Documents and Communications, including, but not limited to, communications to and from Amazon, police reports, investigative reports, inspections, regarding the purported "shortage of 18 units" of Netgear Product "RBK762S-100NAS WiFi Mesh Network" (sold on the Amazon Marketplace under ASIN B0B4YH8JJ1) that were ordered by Amazon as part of PO 8K67E68P. (*see* NETGEAR_000468-69).

**RESPONSE TO REQUEST NO. 61.**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, sales records, and consumer complaints. NETGEAR also objects to the extent the request calls for "all documents" as unduly burdensome, irrelevant, and not proportional to the needs of the case. Subject to and without waiving these objections, NETGEAR will provide non-privileged, responsive documents in its possession, custody, and control.

**REQUEST NO. 62.**

All Documents and Communications, including, but not limited to, communications to and from Amazon, police reports, investigative reports, inspections, regarding Netgear's claim that

Defendant "is selling" the 18 units of Netgear Product "RBK762S-100NAS WiFi Mesh Network" (sold on the Amazon Marketplace under ASIN B0B4YH8JJ1) that were ordered as part of P.O 8K67E68P, but purportedly not received, by Amazon. (*see* NETGEAR_000468-69).

**<u>RESPONSE TO REQUEST NO. 62.</u>**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, sales records, and consumer complaints. NETGEAR also objects to the extent the request calls for "all documents" as unduly burdensome, irrelevant, and not proportional to the needs of the case. Subject to and without waiving these objections, NETGEAR will provide non-privileged, responsive documents in its possession, custody, and control.

**<u>REQUEST NO. 63.</u>**

All Documents and Communications, including but not limited to, investigative reports, police reports, inspections, regarding Plaintiff's belief that Defendant is, or was, selling what looks like to be stolen goods." (*see* NETGEAR_000467).

**<u>RESPONSE TO REQUEST NO. 63.</u>**

NETGEAR objects to this Request to the extent it seeks documents identifying information that is uniquely within Choice's possession, custody, and control, including Choice's own sourcing, acquisition, inventory, sales records, and consumer complaints. NETGEAR also objects to the extent the request calls for "all documents" as unduly burdensome, irrelevant, and not proportional to the needs of the case. Subject to and without waiving these objections, NETGEAR will provide non-privileged, responsive documents in its possession, custody, and control.

**<u>REQUEST NO. 64.</u>**

All Documents and Communications regarding the creation, maintenance, design, and monitoring of the Amazon.com listing for the Netgear Product "NETGEAR Orbi Whole Home Tri-Band WiFi 6 Mesh Network System (RBK853) - Router with 2 Satellite Extenders, Security Features, Coverage Up to 7,500 Square Feet, 100 Devices, AX6000 (Up to 6Gbps)" identified by ASIN B082LZKYFL.

**RESPONSE TO REQUEST NO. 64.**

NETGEAR object to the request as vague as "creation, maintenance, design, and monitoring" of ASIN B082LZKYFL is vague and undefined. Subject to and without waiver of this objection, NETGEAR will produce any documents in its possession, custody, and control.

**REQUEST NO. 65.**

All Documents and Communications regarding the creation, maintenance, design, and monitoring of the Amazon.com listing for the Netgear Product "NETGEAR Orbi Whole Home Tri-Band WiFi 6 Mesh Network System (RBK852) - Router with 1 Satellite Extender -Security Features - Coverage Up to 5,000 sq. ft., 100 Devices - AX6000 (Up to 6Gbps)" identified by ASIN B07WNY2WKG.

**RESPONSE TO REQUEST NO. 65.**

NETGEAR object to the request as vague as "creation, maintenance, design, and monitoring" of ASIN B07WNY2WKG is vague and undefined. Subject to and without waiver of this objection, NETGEAR will produce any documents in its possession, custody, and control.

**REQUEST NO. 66.**

All Documents and Communications regarding the creation, maintenance, design, and monitoring of the Amazon.com listing for the Netgear Product "NETGEAR Orbi Whole Home Mesh WiFi 6 Satellite (RBS850) - Adds up to 2,500 sq. ft. Coverage, AX6000 (Up to 6Gbps)" identified by ASIN B083YRSCM9.

**RESPONSE TO REQUEST NO. 66.**

NETGEAR object to the request as vague as "creation, maintenance, design, and monitoring" of ASIN B083YRSCM9 is vague and undefined. Subject to and without waiver of this objection, NETGEAR will produce any documents in its possession, custody, and control.

**REQUEST NO. 67.**

All Documents and Communications regarding the creation, maintenance, design, and monitoring of the Amazon.com listing for the Netgear Product "NETGEAR Orbi 970 Series (RBE970) Quad-Band WiFi 7 Mesh Add-on Satellite - Works with Existing 970 Series

(973/972/971S), Security Features, Covers up to 3,300 sq. ft., BE27000 802.11be" identified by ASIN B0CJ9YMDX3.

**RESPONSE TO REQUEST NO. 67.**

NETGEAR object to the request as vague as "creation, maintenance, design, and monitoring" of ASIN B0CJ9YMDX3 is vague and undefined. Subject to and without waiver of this objection, NETGEAR will produce any documents in its possession, custody, and control.

**REQUEST NO. 68.**

All Documents and Communications regarding the creation, maintenance, design, and monitoring of the Amazon.com listing for the Netgear Product "NETGEAR Orbi 970 Series Quad-Band WiFi 7 Mesh Network System (RBE972S) - Router + 1 Satellite Extender, Security Features, 27 Gbps, 6,600 sq. ft., 200 Devices, 10 Gig Internet Port - Free Expert Help" identified by ASIN B0CGJJKHS6.

**RESPONSE TO REQUEST NO. 68.**

NETGEAR object to the request as vague as "creation, maintenance, design, and monitoring" of ASIN B0CGJJKHS6 is vague and undefined. Subject to and without waiver of this objection, NETGEAR will produce any documents in its possession, custody and control.

**REQUEST NO. 69.**

All Documents and Communications regarding the creation, maintenance, design, and monitoring of the Amazon.com listing for the Netgear Product "NETGEAR Orbi 970 Series Quad-Band WiFi 7 Mesh Network System (RBE973S), Router + 2 Satellite Extenders, Security Features, Up to 27Gbps, Covers Up to 10,000 sq. ft., 200 Devices, 10 Gig Internet Port" identified by ASIN B0CGJGXFCS.

**RESPONSE TO REQUEST NO. 69.**

NETGEAR object to the request as vague as "creation, maintenance, design, and monitoring" of ASIN B0CGJGXFCS is vague and undefined. Subject to and without waiver of this objection, NETGEAR will produce any documents in its possession, custody, and control.

Dated: January 12, 2026

K&L GATES LLP

By: */s/ Morgan T. Nickerson*
Jason N. Haycock
Taylor Yamahata
Morgan T. Nickerson

Attorneys for Plaintiff
Netgear

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2026, a copy of the foregoing document entitled NETGEAR'S RESPONSE TO CHOICE ELECTRONICS INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS was served via email on the following counsel of record for Defendant/Counterclaim-Plaintiff in this matter:

Tyler R. Dowdall (State Bar No. 258950)
TARTER KRINSKY & DROGIN LLP
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465
Email: tdowdall@tarterkrinsky.com

Michael Benzaki (pro hac vice)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Telephone: (212) 574-0377
Facsimile: (212) 216-8001
Email: mbenzaki@tarterkrinsky.com

Dated: January 12, 2026

By: */s/ Morgan T. Nickerson*_____________