UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETGEAR, INC.,

Plaintiff,

v.

CHOICE ELECTRONICS INC.,

Defendant.

Case No. 25-cv-02601-RS (AGT)

**DISCOVERY ORDER**

Re: Dkt. Nos. 90, 91

In two joint statements, Netgear has asked the Court to compel Choice to supplement its responses to dozens of ROGs and RFPs. The Court isn't convinced that the parties spent enough time and effort discussing these discovery requests before seeking judicial intervention. Indeed, for some of the requests, it appears that the parties didn't meet and confer at all. *See, e.g.*, Dkt. 90 at 3 ("With respect to Netgear's arguments about [ROGs] 22–24, Netgear refused to engage in a discussion regarding its multi-part interrogatories."); Dkt. 91 at 3 ("Netgear has refused to meet and confer regarding the fact that the sixth set of RFPs (RFPs 70–94) . . . are duplicative of one or more of Netgear's prior RFPs.").

The parties must do more work before seeking help from the Court. By September 15, 2026, they must meet and confer further, in person or by videoconference. Their meet-

and-confer session cannot be pro forma; they must make a serious effort to compromise and resolve their disputes before filing another joint statement.

Although another meet-and-confer session is needed, the Court will offer some guidance on several issues on which the parties clearly disagree.

First, Netgear's trademark claim concerns all Netgear products that Choice sold. *See* Dkt. 76, FAC ¶ 19 ("[A]ll NETGEAR Products sold by [Choice] are non-genuine products."). The Netgear products listed in the complaint are only illustrative. *See id.* ¶ 20 ("Below are examples of [Choice's] product listings advertising [Netgear] products . . . ."). As a result, Netgear needn't limit discovery to the products identified in its complaint.

Second, for the Netgear products at issue, the complete chain of custody is relevant. The chain of custody may substantiate Netgear's allegation that Choice sold Netgear products that were "liquidated, used, stolen, . . . intended for use outside of the United States, or non-genuine." *Id.* ¶ 29. Choice may not have in its possession, custody, or control information from which it can determine the complete chain of custody. But if so, Choice must say so. Choice cannot simply refuse to produce chain-of-custody information.

Third, discovery regarding Choice's sale of non-Netgear products doesn't appear to be proportional to the needs of the case. If Netgear seeks such discovery, it will need to do more to articulate how this discovery is relevant and proportional.

Fourth, interrogatory responses cannot simply refer to the pleadings. *See, e.g.*, Dkt. 90-1 at 134, Choice's Response to ROG 12 (referring Netgear to "paragraphs 25–65 of the Counterclaims"). "An answer to an interrogatory should be complete in itself[.]" *Lawman v. City & Cnty. of San Francisco*, 159 F. Supp. 3d 1130, 1140 (N.D. Cal. 2016).

* * *

By September 15, 2026, the parties must meet and confer further about the disputed ROGs and RFPs. If they are unable to resolve their disputes, they may file additional joint statements. As a reminder, "[a] joint statement should address only one issue or a few issues that are inextricably related. Multiple joint statements should be filed if there are discrete issues in dispute." AGT Civil Standing Order § VII.B. Also, parties must separately attach and number each document filed with a joint statement. They shouldn't combine multiple documents into one PDF exhibit. *See id.* § VI.C.

**IT IS SO ORDERED.**

Dated: September 10, 2026

Alex G. Tse
United States Magistrate Judge