# EXHIBIT A

TYLER R. DOWDALL (State Bar No. 258950)
*tdowdall@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465

MICHAEL BENZAKI (*pro hac vice*)
*mbenzaki@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0377
Facsimile: (212) 216-8001
***Attorneys for Defendant/ Counterclaim-Plaintiff***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETGEAR, INC.,<br>Plaintiff,<br>v.<br>CHOICE ELECTRONICS INC.,<br>Defendant. | Case No: 3:25-cv-02601-RS<br><br>District Judge: Hon. Richard Seeborg |
| CHOICE ELECTRONICS INC.,<br>Counterclaim-Plaintiff,<br>v.<br>NETGEAR INC. and<br>Counterclaim-Defendant. | **CHOICE ELECTRONICS INC.'S OBJECTIONS AND RESPONSES TO NETGEAR INC.'S FIRST REQUEST OF DOCUMENTS AND REQUEST FOR INSPECTION OF PREMISE** |

PROPOUNDING PARTY: NETGEAR INC.

RESPONDING PARTY: CHOICE ELECTRONICS INC.

SET NO.: One (1)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant/Counterclaim-Plaintiff CHOICE ELECTRONICS INC. ("Defendant" or "Choice Electronics"), by and through its undersigned counsel, hereby responds to Plaintiff/Counterclaim Defendant NETGEAR INC.'s ("Plaintiff") First Request for Production of Documents and Request for Inspection of Premise as follows:

## PRELIMINARY STATEMENT

Defendant's investigation, discovery and analysis are ongoing, and Defendant's response to these Requests is based on information and documents presently available to Defendant after reasonable inquiry. Defendant reserves the right to supplement or amend these responses based on the continuing course of discovery, including in the event further information and/or documents are disclosed or discovered. In addition, Defendant's responses are given without prejudice to its rights to introduce as evidence at trial any subsequently discovered or unintentionally omitted information and/or documents.

Specific objections to each of these Requests are made on an individual basis in the responses below. In addition to these specific objections, Defendant makes certain continuing objections ("General Objections") to the Requests. These General Objections are hereby incorporated by reference into the responses made with respect to each separate document Request. For particular emphasis, Defendant has, from time to time, expressly included one or more of the General Objections in certain of their responses below. Defendant's response to each individual Request is submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that specific response. Accordingly, the inclusion of any specific objection in a response to a document Request below is neither intended as, nor shall in any way be deemed to be, a waiver of any General Objections or of any other specific objection made herein or that may be asserted at a later date. In addition, the failure to include at this time any continuing or specific objection to a document Request is neither intended as, nor shall in any way be deemed to be, a waiver of Defendant's right to assert that or any other objection at a later date.

No incidental or implied admissions are intended by the responses herein. Defendant's response and/or objections to a particular document Request shall not be taken as an admission that Defendant accepts or admits the existence of any "fact" set forth in or assumed by that Request.

**GENERAL OBJECTIONS**

1. Defendant objects to the Requests to the extent that they seek information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable doctrine, privilege, or immunity.

2. Defendant objects to any requirement that it identify or provide a list of any materials withheld from discovery pursuant to either the attorney-client communications privilege and/or the attorney work product immunity and which materials were created on or after March 17, 2025, the date on which this lawsuit was filed. Such a requirement would be unduly burdensome and would interfere with Defendant's prosecution and defense of this lawsuit by deterring the creation of such documents.

3. Defendant objects to the Requests to the extent that they are inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Court, or any Court Order. Defendant will respond to the Requests only to the extent required by the Federal Rules of Civil Procedure, the Local Rules of the Court, and the Court's Order.

4. Defendant objects to the Requests to the extent that they are premature and call for discovery of information that is dependent upon Plaintiff first providing information to Defendant.

5. Defendant objects to the Requests to the extent that they seek disclosure of information that is neither relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to Plaintiff's definition of the terms "Defendant," "You," and "Your" to the extent they include entities and individuals not named as parties in the instant Action. Defendant will interpret the terms "Defendant," "You," and "Your" to mean Defendant and, where applicable, its officers, directors, and employees.

7. Defendant objects to Plaintiff's definition of the terms "NETGEAR" or "Plaintiff" to the extent they include entities and individuals not named as parties in the instant Action and are unknown to Defendant. Defendant will interpret the terms "NETGEAR" or "Plaintiff" to mean Plaintiff and, where applicable, its officers, directors, and employees.

8. Defendant objects to Plaintiff's definition of the term "NETGEAR Products" to the extent it includes products bearing trademarks other than the alleged NETGEAR mark covered by the registration listed in Paragraph 7 of the Complaint. Defendant will interpret the term "NETGEAR Products" to mean NETGEAR-branded products.

9. Defendant objects to Plaintiff's definition of the term "Websites" and "Full Chain of Custody" as vague and ambiguous, at least because of its use of Plaintiff's defined term "NETGEAR Products."

10. The production of information and/or documents in response to any Request shall not constitute a waiver of any applicable objection relating to the admissibility of such information or documents. Defendant's inadvertent production, if any, of any privileged or otherwise protected information or documents shall not constitute a waiver of any sort, and Defendant requests that Plaintiff immediately return any such document without reviewing or making a copy upon receipt of a request from Defendant to do so.

11. Defendant objects to the Requests to the extent that they seek disclosure of information which scope exceeds that which is proportional to the present needs of the case. (*See* Fed. R. Civ. P. 26(b)(1) and Local Civil Rule 26.1.)

12. Defendant objects to the Requests to the extent that they seek to impose an obligation to identify or search for information at any location other than that at which they would be expected to be stored by Defendant in the ordinary course of business.

13. Defendant objects to the Requests to the extent that they seek information that is outside the possession, custody or control of Defendant.

14. Defendant objects to the Requests to the extent that they seek documents in the public domain or equally available to Plaintiff on the basis that it is equally convenient for Plaintiff to compile and/or obtain such information.

15. Defendant objects to the Requests to the extent that they seek information without providing a relevant time period or scope.

16. Defendant objects to the Requests to the extent that they seek production of non-privileged materials that contain confidential, proprietary, commercially sensitive, or trade secret information. Defendant will respond to such Interrogatories subject to the terms of the protective order entered by the Court.

17. Defendant objects to each Request to the extent that it seeks information or materials related to third parties that are subject to protective orders, non-disclosure agreements, confidentiality agreements, or other obligations of confidentiality.

18. Defendant objects to the Requests to the extent that they are vague, overbroad, and unduly burdensome.

19. Defendant objects to the Requests to the extent they call for a legal opinion or conclusion.

20. The responses provided herein are based on Defendant's current understanding and interpretation of the language used in the claims and the Requests, and the facts as they are currently known to Defendant. However, Defendant expressly reserves the right to supplement and/or amend any response herein should Defendant's understanding or interpretation of any Request be inconsistent with any interpretation proposed by Plaintiff or any interpretation adopted by the Court. Defendant also expressly reserves the right to supplement and/or amend any response herein if additional facts are discovered.

21. Defendant incorporates by reference the General Objections set forth above into each of the responses and specific objections set forth below. Defendant may repeat a General Objection for emphasis or some other reason. The failure to repeat any General Objection does not waive any

General Objection to a Request. Moreover, Defendant does not waive its right to amend its objections and/or responses.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving the above General Objections, and incorporating each of them by reference into each response below, Defendant hereby responds more specifically to Plaintiff's individual Requests, as follows:

**REQUEST NO. 1:**

Documents sufficient to identify the corporate structure of Defendant, including the names of persons or entities with ownership shares, their respective ownership percentage, and any affiliated companies. Your response should include documents indicating Defendant's domestic and foreign incorporation statuses.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "corporate structure," "ownership shares," "respective ownership percentage," "affiliated companies" and "domestic and foreign incorporation statuses." Defendant objects to this Request as indefinite and unduly burdensome to the extent it seeks documents untied to the issues in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to, and without waiving, the foregoing specific and General Objects, Defendant, following the entry of a protective order, will provide a copy of its Certificate of Incorporation and New York State Filing Receipt.

**REQUEST NO. 2:**

Documents sufficient to identify any and all Amazon seller accounts currently and formerly owned and/or operated by You, Your officers, agents, employees, or any other person or entity in active participation with You, including but not limited to documents indicating all specific geographical regions within Amazon's marketplaces in the Americas, Europe, Asia-Pacific and Middle East or North Africa where You sell, have sold or have listed or advertised to sell NETGEAR Products at any time.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "any and all Amazon seller accounts currently and formerly owned and/or operated by You, Your officers, agents, employees, or any other person or entity in active participation with You," "all specific geographical regions within Amazon's marketplaces in the Americas, Europe, Asia-Pacific and Middle East or North Africa," "NETGEAR Products," and "at any time." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case. Defendant further objects to this Request as indefinite and unduly burdensome to the extent it seeks information unlimited in time and untied to the issues in this action.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and the General Objections, Defendant states that it has sold NETGEAR-branded products on a storefront on the Amazon.com Marketplace named "Choice Electronics(Serial Numbers Recorded)" (Merchant ID: A18UQSTHS8A7FY). Otherwise, as phrased, Defendant cannot discern what non-privileged

documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 3:**

All Documents regarding or related to Your acquisition and/or purchase of NETGEAR Products, including, but not limited to, documents sufficient to identify the Full Chain of Custody of the NETGEAR Products, and all invoices, receipts, purchase orders, supply agreements, and related communications or other documents. Your response should include all Documents reflecting the SKUs, quantities per SKU, shipment dates and terms, and prices paid or other consideration given or exchanged for all NETGEAR Products acquired, purchased or otherwise sourced by You from January 1, 2020 to present.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents," "Your Acquisition and/or purchase," "Full Chain of Custody," "NETGEAR Products," "other consideration," and "You." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Defendant further objects to this Request to the extent that it seeks highly confidential, commercially sensitive and trade secret information, that is neither relevant nor necessary to the claims and defenses in the instant Action.

Defendant objects to this Request to the extent that it seeks information or materials related to third parties that are subject to protective orders, non-disclosure agreements, confidentiality agreements, or other obligations of confidentiality.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant, following the entry of a protective order, will produce invoices in its possession, custody and control related to the NETGEAR Products identified in the Complaint.

**REQUEST NO. 4:**

All Documents regarding or related to Your fulfillment of customer orders of NETGEAR Products, relating to sales on any Website or other retail channel, including but not limited to Documents relating to the shipment of NETGEAR Products to Amazon for orders fulfilled by Amazon Walmart for orders fulfilled by Walmart or to any other party that participated in the fulfilment of customer orders.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents," "Your fulfillment," "NETGEAR Products," "relating to sales on any Website or other retail channel," "any other party that participated in the fulfilment of customer orders." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that the term "NETGEAR products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. Defendant also objects to this Request as indefinite and unduly burdensome to the extent it seeks information unlimited in time and unrestricted to the issues in this Action.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Defendant objects to this Request to the extent that it seeks information related to third parties (i.e., personal customer information) that is subject to a reasonable expectation of confidentiality and is not relevant to any issue in this action.

Subject to and without waving the foregoing specific objections and General Objections, Defendant, following the entry of a protective order, will produce a spreadsheet showing its sales of the NETGEAR-branded products identified in the Complaint, to the extent available. Otherwise, as phrased, Defendant cannot discern what Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot provide a response unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 5:**

All Communications between You and any third party relating to Your acquisition or purchase of NETGEAR Products from January 1, 2020 to present.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll communications," "You," "any third party," "Your," and "NETGEAR Products." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Defendant further objects to this Request to the extent that it seeks highly confidential, commercially sensitive and trade secret information, that is neither relevant nor necessary to the claims and defenses in the instant Action.

Defendant further objects to this Request to the extent that it seeks highly confidential, commercially sensitive and trade secret information, that is neither relevant nor necessary to the claims and defenses in the instant Action.

Defendant objects to this Request to the extent that it seeks information or materials related to third parties that are subject to protective orders, non-disclosure agreements, confidentiality agreements, or other obligations of confidentiality.

Subject to and without waiving the foregoing specific objections and the General Objections, Defendant states that, following the entry of a protective order, it will produce communications regarding its purchase of the NETGEAR-branded products identified in the Complaint that are in Defendant's possession, custody, or control, if any. Otherwise, as phrased, Defendant cannot discern what Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot provide a response unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 6:**

All Communications between You and any third party, from January 1, 2020 to the present, concerning the NETGEAR Products including, but not limited to, the acquisition or potential acquisition or purchase of NETGEAR Products.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll communications," "You," "any third party," "NETGEAR Products," and "potential acquisition or purchase." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Defendant further objects to this Request to the extent that it seeks highly confidential, commercially sensitive and trade secret information, that is neither relevant nor necessary to the claims and defenses in the instant Action.

Defendant objects to this Request to the extent that it seeks information or materials related to third parties that are subject to protective orders, non-disclosure agreements, confidentiality agreements, or other obligations of confidentiality.

Subject to and without waiving the foregoing specific objections and the General Objections, Defendant states that it will produce, following the entry of a protective order, communications regarding its purchase of the NETGEAR-branded products identified in the Complaint that are in Defendant's possession, custody, or control, if any. Otherwise, as phrased, Defendant cannot discern what Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot provide a response unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 7:**

Documents reflecting all sales of NETGEAR Products sold by You from January 1, 2020 to present via the Websites or other sales outlets, sufficient to identify what SKUs/ASINs and quantities which were sold, the prices charged to the consumer, and the corresponding dates of shipment.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the phrase "reflecting all sales," "NETGEAR Products," "You," "the Websites," and "other sales outlets." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant, following the entry of a protective order, will produce a spreadsheet showing its sales of the NETGEAR-branded products identified in the Complaint, including the associated revenue and costs, to the extent available.

**REQUEST NO. 8:**

All Communications and Documents between You and the Websites regarding any potential or actual violations, warnings, and intellectual property infringement notifications related to You and/or Your Seller Account(s) from January 1, 2020 to present.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Communications and Documents," "You," "the Websites," and "Your Seller Account(s)." Defendant also objects to this Request as indefinite and unduly burdensome to the extent it seeks documents untied to the issues in this case. Defendant further objects to this Request because it is not relevant to the claims or defenses in this case and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant states that it is presently unaware of any documents or communications in its possession, custody or control regarding violations, warnings or intellectual property infringement complaints pertaining to NETGEAR-branded products. Otherwise, as phrased, Defendant cannot discern what

non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 9:**

All Documents and Communications concerning any and all suspensions from the Amazon.com platform and the reasons therefor, including but not limited to Your related appeals, submitted plan of action letters and follow-up Communications related to same

**RESPONSE TO REQUEST NO. 9:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents and Communications," "any and all suspensions from the Amazon.com platform," "Your," and "follow-up Communications." Defendant objects to this Request as indefinite and unduly burdensome to the extent it seeks information unlimited in time and untied to the issues in this case. Defendant further objects to this Request because it is not relevant to the claims or defenses in this case and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

As phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 10:**

All Documents and Communications regarding Negative Customer Reviews, including but not limited to Your responses to the customer, Amazon or any other marketplace Website

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents and Communications," "Negative Customer Reviews," "Your

responses," and "any other marketplace Website." Defendant objects to this Request as indefinite and unduly burdensome to the extent it seeks information unlimited in time and untied to the issues in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant is not presently aware of any documents or communications in its possession, custody or control regarding negative customer reviews pertaining to NETGEAR-branded products. Otherwise, as phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 11:**

All Documents concerning Your advertisement of NETGEAR Products for sale on any of the Websites or other sales outlets from January 1, 2020 to present, including each listing or ad campaign posted or created on any of the Websites or other sales outlets (including offsite advertising campaigns meant to drive traffic to Amazon) for the sale of any NETGEAR Products. Include in your response advertising reports or similar Documents indicating the SKU/ASINs for which You have run advertising campaigns, the keyword(s) and any competitor SKU/ASINs targeted by the campaigns, and screen shots or other accurate graphical copies of the creative(s) and landing page(s) utilized in connection with the advertising campaigns.

**RESPONSE TO REQUEST NO. 11:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents," "Your advertisement," "NETGEAR Products," "any of the

Websites or other sales outlets," "each listing or ad campaign posted or created," "including offsite advertising campaigns meant to drive traffic to Amazon," "advertising reports," and "any competitor SKU/ASINs targeted by the campaigns," and "graphical copies of the creative(s)." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it seeks documents in the public domain or equally available to Plaintiff on the basis that it is equally convenient for Plaintiff to compile and/or obtain such information.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant, following the entry of a protective order, will produce a spreadsheet showing its sales information for NETGEAR-branded Products identified in the Complaint that will identify the publicly available ASINs under which those products were listed. Otherwise, Defendant states that it is not presently aware of any documents in its possession, custody or control that are responsive to this Request.

**REQUEST NO. 12:**

All Documents and Communications concerning Your fulfillment of customer orders for NETGEAR Products made through the Websites or other sales outlets including, but not limited to, invoices, shipping information, and bills of lading from January 1, 2020 to present.

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents and Communications," "Your," "fulfillment of customer

orders," "NETGEAR Products," "the Websites" and "other sales outlets." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks information related to third parties (i.e., personal customer information) that is subject to a reasonable expectation of confidentiality and is not relevant to any issue in this action.

Defendant objects to this Request to the extent that it is duplicative of Request No. 4.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant, following the entry of a protective order, will produce a spreadsheet showing its sales information for NETGEAR-branded Products identified in the Complaint, to the extent available. Otherwise, as phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 13:**

All Documents and Communications concerning customer returns, customer complaints, or claims related to the quality or authenticity of NETGEAR Products sold by You on any of the Websites or other sales outlets, from January 1, 2020 to present.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents and Communications," "claims related to the quality or authenticity," "NETGEAR Products," "You," "the Websites," and "any of the Websites or other

sales outlets." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant, following the entry of a protective order, will produce documents and communications that are in its possession, custody or control, if any, regarding complaints from customers pertaining to NETGEAR-branded products identified in the Complaint and returns of NETGEAR-branded products identified in the Complaint.

**REQUEST NO. 14:**

All Documents and Communications concerning Your policies and procedures for the receipt, handling, quality control, fulfillment and shipment of NETGEAR Products, from January 1, 2020 to present.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents and Communications," "Your," "policies and procedures for the receipt, handling, quality control, fulfillment and shipment." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the General Objections and the foregoing objections, Defendant states that, as a third-party seller, Defendant adheres to the Amazon policies as outlined on the Amazon platform. Subject to and without waiving the General Objections and the foregoing objections, Defendant, following the entry of a protective order, will produce documents reflecting its standard operating procedures to the extent such documents exist and are in the possession custody and control of Defendant.

**REQUEST NO. 15:**

All Documents and Communications concerning Your policies and procedures related to the assignment and/or differentiation of ASIN numbers relating to NETGEAR Products, including but not limited to the assignment of product identifiers (such as UPC, ISBN or EAN identifiers).

**RESPONSE TO REQUEST NO. 15:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms “[a]ll Documents and Communications,” “Your,” “policies and procedures,” “assignment and/or differentiation of ASIN numbers,” “NETGEAR Products,” “assignment of product identifiers.” Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff’s definition of the term “NETGEAR Products” seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party’s claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the General Objections and the foregoing objections, Defendant states that, as a third-party seller, Defendant adheres to the Amazon policies as outlined

on the Amazon platform. Otherwise, as phrased, Defendant cannot discern what non-privileged documents Defendants are specifically seeking in this Request that is relevant to any claim or defense, and therefore cannot produce responsive materials unless and until Defendants provides a more particularized Request.

**REQUEST NO. 16:**

Documents sufficient to show Your revenue from Your sale of NETGEAR Products from January 1, 2020 to present, including revenue on a quarterly and monthly basis.

**RESPONSE TO REQUEST NO. 16:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the term "Your." Defendant objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant, following the entry of a protective order, will produce a spreadsheet showing its sales of the NETGEAR-branded products identified in the Complaint, including the associated revenue and costs, to the extent available.

**REQUEST NO. 17:**

Documents sufficient to show Your costs from Your sale of NETGEAR Products from January 1, 2020 to present, including costs on a quarterly and monthly basis.

**RESPONSE TO REQUEST NO. 17:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "Your" and "costs from Your sale." Defendant also objects to this Request as

overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant, following the entry of a protective order, will produce a spreadsheet showing its sales of the NETGEAR-branded products identified in the Complaint, including the associated revenue and costs, to the extent available.

**REQUEST NO. 18:**

All Documents including, but not limited to, bank accounts and Amazon Seller Central and Amazon Vender Central documents which substantiate or otherwise evidence the revenue and cost numbers provided by You in responding to Request Nos. 16 and 17.

**RESPONSE TO REQUEST NO. 18:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents," "Amazon Seller Central and Amazon Vender Central documents," and "substantiate or otherwise evidence the revenue and cost numbers," and "You."

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant further objects to this Request to the extent that it seeks highly confidential, commercially sensitive and trade secret information, that is neither relevant nor necessary to the claims and defenses in the instant Action.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

As phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 19:**

All Documents from Your Amazon Seller Central Account which identify Your revenue, costs, production condition, and dates of products sold from January 1, 2020 to present, including, but not limited to, Your Detail Page Sales and Traffic Report, by ASIN, in the .csv format as provided by Amazon.

**RESPONSE TO REQUEST NO. 19:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents," "Your," "production condition," "dates of products," "Your Detail Page Sales and Traffic Report," and "as provided by Amazon."

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. Defendant objects to this Request as overbroad and unduly burdensome to the extent it seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

As phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 20:**

All Documents and Communications between You and the Websites or any other Internet marketplace or resale channel utilized by You regarding revenue and costs associated with Your sale of NETGEAR Products.

**RESPONSE TO REQUEST NO. 20:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents and Communications," "You," "the Websites," "any other Internet Marketplace or resale channel," "Your," and "NETGEAR Products." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request as indefinite and unduly burdensome to the extent it seeks documents unlimited in time and untied to the issues in this case. Defendant further objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant, following the entry of a protective order, will produce a spreadsheet showing its sales of NETGEAR-branded products identified in the Complaint, including the associated revenue and costs, to the extent available. Otherwise, as phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 21:**

All Documents and Communications concerning any NETGEAR Products provided to a customer at a discount of any amount, including but not limited to a free product, in exchange for that customer providing a customer review. Such a customer review shall not be limited to the number of stars or rating given.

**RESPONSE TO REQUEST NO. 21:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents and Communications," "NETGEAR Products," "a discount of any amount," "in exchange for," and "customer review." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request as indefinite and unduly burdensome to the extent it seeks documents unlimited in time and untied to the issues in this case. Defendant further objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it seeks information related to third parties (i.e., personal customer information) that is subject to a reasonable expectation of confidentiality and is not relevant to any issue in this action.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant states that it is not presently aware of any documents or communications in its possession, custody or control that are responsive to this Request.

**REQUEST NO. 22:**

All Documents reflecting the inventory You have maintained (either on-site or maintained elsewhere on Your behalf) of NETGEAR Products, covering the period from January 1, 2020 to present.

**RESPONSE TO REQUEST NO. 22:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents," "the inventory," "You," "maintained," "on-site," and "Your." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant, following the entry of a protective order, will provide a spreadsheet reflecting Defendant's current inventory of NETGEAR-branded products identified in the Complaint. Otherwise, as phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 23:**

All Documents and Communications regarding Your alleged authorization to sell NETGEAR Products.

**RESPONSE TO REQUEST NO. 23:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents and Communications," "Your," "alleged authorization," and "NETGEAR Products." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request as indefinite and unduly burdensome to the extent it seeks documents unlimited in time and untied to the issues in this case. Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant states that it is not presently aware of any documents or communications in its possession, custody or control responsive to this Request. Further, Defendant denies that any party needs to be "authorized" by a brand in order to resell genuine goods. *See, e.g., NEC Elecs. v. CAL Cir. Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) ("Trademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent.").

**REQUEST NO. 24:**

All Documents relating to and depicting the packaging, labeling, and product package inserts for the NETGEAR Products You have sold.

**RESPONSE TO REQUEST NO. 24:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll Documents," "depicting," and "product package inserts," "NETGEAR Products," and "You." Defendant also objects to this Request as overbroad and unduly burdensome

to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to this Request as indefinite and unduly burdensome to the extent it seeks documents unlimited in time and untied to the issues in this case. Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

As phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 25:**

One copy of Your state and federal tax returns from 2020 to present.

**RESPONSE TO REQUEST NO. 25:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the term "Your." Defendant also objects to this Request as unduly burdensome to the extent it seeks documents untied to the issues in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant further objects to this Request to the extent that it seeks highly confidential, commercially sensitive and trade secret information, that is neither relevant nor necessary to the claims and defenses in the instant Action.

As phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more

particularized Request.

**REQUEST NO. 26:**

One copy of Your 1099K forms issued by Amazon, for tax years 2020 to present, available from Your Amazon Seller Central Account, Tax Document Library.

**RESPONSE TO REQUEST NO. 26:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "Your" and "available from Your Amazon Seller Central Account, Tax Document Library." Defendant also objects to this Request as unduly burdensome to the extent it seeks documents untied to the issues in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant further objects to this Request to the extent that it seeks highly confidential, commercially sensitive and trade secret information, that is neither relevant nor necessary to the claims and defenses in the instant Action.

As phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 27:**

All internal Documents or Communications involving or relating to NETGEAR or NETGEAR Products from January 1, 2020 to present.

**RESPONSE TO REQUEST NO. 27:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll . . . Documents or Communications," "NETGEAR," and "NETGEAR Products." Defendant objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definitions of the terms "Glo Skin Beauty Products" and "Glo Skin Beauty" seek information from Defendant regarding goods ad parties not at issue in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Defendant also objects to this Request to the extent it is duplicative of Request Nos. 3, 4, 11–15, 21 and 22.

As phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 28:**

All customer reviews posted on Your Amazon.com account and your Walmart.com account.

**RESPONSE TO REQUEST NO. 28:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the term "[a]ll customer reviews" and "Your." Defendant objects to this Request as indefinite and unduly burdensome to the extent it seeks information unlimited in time and untied to the issues in this case.

Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant states that it is not reasonably able to identify any customer reviews regarding NETGEAR-branded products. Otherwise, as phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and

proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 29:**

All Photographs taken on products in order to preserve evidence as requested in the March 21, 2025 letter You received from Netgear's counsel.

**RESPONSE TO REQUEST NO. 29:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll photographs," "taken on products," and "in order to preserve evidence." Defendant objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing specific objections and General Objections, Defendant, following the entry of a protective order, will produce photographs taken of a representative sample of the NETGEAR-branded products identified in the Complaint offered for sale by Defendant. Otherwise as phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 30:**

All documents and communications pertaining to the customer review on December 16, 2024, which states "DO NOT BUY FROM THIS SELLER!!!!!! Seller sent damaged item. Trying to say I did the damage." (Exhibit F to Request for Admissions No. 11).

**RESPONSE TO REQUEST NO. 30:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll documents and communications," "the customer review," and "Exhibit

F." Defendant objects to this Request as overbroad and unduly burdensome to the extent it seeks information from Defendant regarding goods and parties not at issue in this case.

Defendant further objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it seeks information related to third parties (i.e., personal customer information) that is subject to a reasonable expectation of confidentiality and is not relevant to any issue in this action.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

As phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**<u>REQUEST NO. 31:</u>**

All documents and communications pertaining to the customer review on December 14, 2024, which states "Sent me a defective unit and then have me 8 dollars for a refund on a 150$ item. Don't buy here." (Exhibit G to Request for Admissions No. 12).

**<u>RESPONSE TO REQUEST NO. 31:</u>**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll documents and communications," "the customer review," and "Exhibit G." Defendant objects to this Request as overbroad and unduly burdensome to the extent it seeks information from Defendant regarding goods and parties not at issue in this case.

Defendant further objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it seeks information related to third parties (i.e., personal customer information) that is subject to a reasonable expectation of confidentiality and is not relevant to any issue in this action.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

As phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 32:**

All documents and communications pertaining to the customer review on November 5, 2024, which states "Item received didn't work and they still made me pay for return shipping ($100) and still didn't give full refund. Don't buy from these people." (Exhibit H to Request for Admissions No. 13).

**RESPONSE TO REQUEST NO. 32:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll documents and communications," "the customer review," and "Exhibit H." Defendant objects to this Request as overbroad and unduly burdensome to the extent it seeks information from Defendant regarding goods and parties not at issue in this case.

Defendant further objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it seeks information related to third parties (i.e., personal customer information) that is subject to a reasonable expectation of confidentiality and is not relevant to any issue in this action.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to

the extent that it calls for a legal opinion or conclusion.

As phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 33:**

All documents and communications pertaining to the customer review from on December 19, 2023, which states "Received used item with expired warranty." (Exhibit J to Request for Admissions No. 15).

**RESPONSE TO REQUEST NO. 33:**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll documents and communications," "the customer review," and "Exhibit J." Defendant objects to this Request as overbroad and unduly burdensome to the extent it seeks information from Defendant regarding goods and parties not at issue in this case.

Defendant further objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it seeks information related to third parties (i.e., personal customer information) that is subject to a reasonable expectation of confidentiality and is not relevant to any issue in this action.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

As phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST NO. 34**

All documents and communications pertaining to the customer review on December 18, 2024, which states "There are 2 other labels under my address ship label on the box. Appears this product was returned at least twice and then sold again as new to me as a new product. Very very shady. They didn't even bother removing all the old labels or getting a new box. Tons of shipping tape on it." (Exhibit I to Request for Admissions No. 14).

**RESPONSE TO REQUEST NO. 34**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "[a]ll documents and communications," "the customer review," and "Exhibit I." Defendant objects to this Request as overbroad and unduly burdensome to the extent it seeks information from Defendant regarding goods and parties not at issue in this case.

Defendant further objects to this Request to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Defendant objects to this Request to the extent that it seeks information related to third parties (i.e., personal customer information) that is subject to a reasonable expectation of confidentiality and is not relevant to any issue in this action.

Defendant objects to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it calls for a legal opinion or conclusion.

As phrased, Defendant cannot discern what non-privileged documents Plaintiff is specifically seeking in this Request that is relevant and proportional to any claim or defense, and therefore cannot produce responsive materials unless and until Plaintiff provides a more particularized Request.

**REQUEST FOR INSPECTION OF PREMISES**

NETGEAR requests an inspection, at a time to be mutually agreed by the Parties, of any and all properties at/from which You receive, store, package, handle, or ship any NETGEAR Products, to permit NETGEAR to inspect and photograph all products bearing the NETGEAR Marks on hand at the time of inspection

**RESPONSE TO REQUEST FOR INSPECTION OF PREMISES**

Defendant objects to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "any and all properties at/from which, "Your," "receive, store, package, handle, or ship" and "NETGEAR Products." Defendant also objects to this Request as overbroad and unduly burdensome to the extent that Plaintiff's definition of the term "NETGEAR Products" seeks information from Defendant regarding goods not at issue in this case.

Defendant objects to the Request to the extent the requested inspection is not limited in time or scope. Defendant objects to the Request insofar as the Request purports to impose upon Defendant obligations exceeding those set forth in the Federal Rules of Civil Procedure.

Defendant objects to the Request on the grounds that the inspection would be highly intrusive and unduly burdensome, and Plaintiff has not shown any basis or need for an inspection, nor any good cause that its need for an inspection outweighs the burden to Defendant. Instead, Plaintiff's Request is premised on unsupported, and knowingly false, statements regarding the authenticity of Defendant's inventory.

Defendant objects to the Request on the grounds that any inspection by Plaintiff's counsel, employees, or agents poses a privacy risk to the sensitive information inherently present at Defendant's premises.

Defendant objects to the Request to the extent Plaintiff is seeking an inspection of "all Products bearing NETGEAR Marks" and "any NETGEAR Products." In this regard, Plaintiff has failed to identify the relevance of such products to this Action. Specifically, Plaintiff's Request is overbroad, unduly burdensome and unlikely to lead to the discovery of admissible information because the products that Plaintiff seeks to inspect are not relevant to any of Plaintiff's claims.

Therefore, Defendant objects to the Request because its purported purpose is not relevant to the claims or defenses of the parties to this Action.

Defendant also objects to the Request to the extent that Plaintiff seeks to "inspect and photograph" any product on the grounds that such a request is vague, ambiguous, unduly burdensome and could result in damage to Defendant's inventory. Defendant further objects to the Request to the extent that there are alternative, less burdensome and intrusive discovery methods available.

Dated: September 5, 2025

TARTER KRINSKY & DROGIN LLP

By: *\/s/ Michael Benzaki*

Michael Benzaki (*pro hac vice*)
*mbenzaki@tarterkrinsky.com*
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0377
Facsimile: (212) 216-8001

Tyler R. Dowdall (Bar No. 258950)
*tdowdall@tarterkrinsky.com*
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465

***Attorneys for Defendant/Counterclaim-Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, a copy of the foregoing document entitled **CHOICE ELECTRONICS INC.'S OBJECTIONS AND RESPONSES TO NETGEAR INC.'S FIRST REQUEST FOR DOCUMENTS AND REQUEST FOR INSPECTION OF PREMISE** was served via e-mail on the following counsel of record for Plaintiff and Counterclaim-Defendants in this matter:

Jason N. Haycock (SBN 278983)
K. Taylor Yamahata (SBN 347192)
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220
Email: Jason.Haycock@klgates.com
Taylor.Yamahata@klgates.com

Morgan T. Nickerson (*pro hac vice*)
K&L GATES LLP
One Congress Street, 29th Floor
Boston, Massachusetts 02114
Telephone: +1 617 261 3134
Facsimile: +1 617 261 3134
Email: Morgan.Nickerson@klgates.com

Dated: September 5, 2025

By: */s/ Michael Benzaki*
Michael Benzaki