UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETGEAR, INC.,

Plaintiff,

v.

CHOICE ELECTRONICS INC.,

Defendant.

Case No. 25-cv-02601-RS (AGT)

**DISCOVERY ORDER**

Re: Dkt. No. 105

The Court grants in part and denies in part Netgear's request to compel Choice to produce documents responsive to RFPs 56, 61, 62, 74, and 81.

* * *

The Court grants Netgear's request as to RFPs 56 and 74.

> RFP 56: All Documents and Communications relating to any actions taken by Amazon or any other third party in response to the allegedly defamatory statements.

Dkt. 105-1 at 8.

The "allegedly defamatory statements" are cabined in by the statements identified in Choice's defamation counterclaim, wherein Choice alleges that Netgear defamed Choice by falsely reporting to Amazon that Choice sold stolen Netgear products. *See* Dkt. 105 at 1 (citing Dkt. 67 ¶¶ 55–59, 158–201). All documents and communications relating to any actions taken by Amazon or any other third party in response to those statements are relevant

to the defamation counterclaim, and Choice hasn't identified an undue burden of production.

> RFP 74: All Documents reflecting Amazon's reasons, bases, findings, conclusions, determinations, or decisions regarding allegations that You sold, possessed, offered for sale, fulfilled, stored, or distributed stolen, diverted, improperly sourced, unauthorized, counterfeit, or otherwise ineligible products.

Dkt. 105-2 at 7.

Amazon's responses to allegations about Choice selling, *inter alia*, stolen and counterfeited products are relevant to Choice's counterclaims, even if the allegations don't relate to Netgear products. As Netgear notes, "[t]he requested documents will permit Netgear to determine whether Amazon follows an escalating enforcement policy or whether the cumulative effect of repeated complaints drove its decision" to suspend Choice's sale of Netgear products. Dkt. 105 at 3 (select capitalization omitted).

Choice worries about mini-trials and FRE 403 concerns related to complaints Amazon has received about Choice from other, non-Netgear brands. Those worries can be addressed in motions in limine or at trial, but they don't warrant restricting discovery concerning complaints to Amazon about Choice.

The Court <u>denies</u> Netgear's request to compel as to RFPs 61, 62, and 81.

> RFP 61: All Documents and Communications relating to any disruption of your relationship with Amazon or any other third party.

Dkt. 105-1 at 11.

RFP 61 is overbroad because the word "disruption" can cover all sorts of business or logistical miscues, including minor matters like shipping issues, as Choice notes, dkt. 105 at 3, and Netgear hasn't explained why documents relating to any disruption of Choice's relationship with "any other third party" are relevant and proportional to the needs of the case.

> RFP 62: All Communications between you and Amazon or any other third party relating to any alleged disruption of your ability to sell NETGEAR products.

Dkt. 105-1 at 12.

RFP 62 is narrower than RFP 61 because RFP 62 is limited to Netgear products, but RFP 62 is also overbroad, again because of the breadth of possible "disruptions" and because the request also extends to communications between Choice and "any other third party."

> RFP 81: All Documents concerning any allegation by Amazon, any manufacturer, any retailer, any distributor, any marketplace, any insurer, any law-enforcement agency, or any third party that You sold, possessed, offered for sale, fulfilled, stored, or distributed stolen, diverted, improperly sourced, unauthorized, counterfeit, or otherwise ineligible products.

Dkt. 105-2 at 13.

RFP 81's lengthy list of third parties (e.g., "any manufacturer, any retailer, any distributor"), in conjunction with its lengthy list of responsive allegations (e.g., selling "stolen, diverted, improperly sourced, unauthorized, counterfeit, or otherwise ineligible products"), renders the request overbroad and disproportional to the needs of the case.

* * *

Choice must produce all documents in its possession, custody, or control responsive to RFPs 56 and 74 by October 21, 2026.

**IT IS SO ORDERED.**

Dated: October 14, 2026

Alex G. Tse
United States Magistrate Judge