UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, INC.,<br>Plaintiff,<br>v.<br>CHOICE ELECTRONICS INC.,<br>Defendant. | Case No. 25-cv-02601-RS (AGT)<br>**DISCOVERY ORDER**<br>Re: Dkt. No. 106 |

By October 30, 2026, Choice must produce:

> (1) all invoices and underlying purchase documentation supporting Choice's acquisition of the 139 EAX15 units and 19 CM2050V units identified in Choice's sales data, or a verified response confirming that no such documentation exists and explaining the basis for that representation; (2) the emails by which Supplier1 and Supplier2 transmitted invoices to Choice [for Netgear products]; (3) credit card statements, bank or account statements, and other payment records evidencing amounts Choice paid to Supplier1 and Supplier2 for Netgear products; and (4) all WhatsApp messages [between Choice and Supplier1 or Supplier2 concerning the acquisition, sourcing, or condition of Netgear products].

Dkt. 106 at 3; *see also id.* at 1.

This discovery all relates to the origin and genuineness of the Netgear products sold by Choice, and those issues are relevant to Choice's first-sale affirmative defense to trademark infringement. *See Pendleton Woolen Mills, Inc. v. Kraff's Men's Wear Co.*, 2014 WL

7777762, at *8 (D. Or. Nov. 21, 2014) ("[A]ssertion of the first sale doctrine places supplier information within the scope of discovery under Rule 26(b)(1)."); *Coty Inc. v. C Lenu, Inc.*, 2010 WL 5392887, at *5 (S.D. Fla. Dec. 22, 2010) (explaining that to rebut a defendant's first-sale defense, the plaintiff may need "to trace the source" of the products sold by the defendant to determine their origin and genuineness); *Netgear, Inc. v. Choice Elecs., Inc.*, No. 26-cv-02358-ES-AME, Dkt. 22 at 5–6 (D.N.J. Sept. 4, 2026) (granting Netgear's motion to compel a Choice supplier to produce the "Supplier's invoices between Amazon.com and Supplier, credit card or account statements showing amounts paid for the NETGEAR products, and WhatsApp messages between Supplier and Choice Electronics;" "[b]y raising the First Sale Doctrine, Choice Electronics put at issue documents concerning its supply chain of NETGEAR products").[1]

Choice hasn't identified an undue burden that will result from producing this discovery. Nor has Choice established that Netgear's request to compel is untimely. Although the parties first met and conferred about Netgear's discovery requests last year, Netgear wasn't required to seek Court intervention then and timely moved to compel on the last day for filing fact-discovery joint statements. *See* Dkts. 102 at 1, 106.

**IT IS SO ORDERED.**

Dated: October 15, 2026

Alex G. Tse
United States Magistrate Judge

[1] The discovery compelled here isn't unnecessarily duplicative of the discovery compelled in the New Jersey subpoena matter. As Netgear notes, "Choice has an independent obligation to search for and produce responsive communications . . . , and Choice's production may capture communications that Supplier1 no longer possesses . . . ." Dkt. 106 at 2.