UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETGEAR, INC.,

Plaintiff,

v.

CHOICE ELECTRONICS INC.,

Defendant.

Case No. 25-cv-02601-RS (AGT)

**DISCOVERY ORDER**

Re: Dkt. No. 109

Netgear's 30(b)(6) witness, Jesse Kellar, was not "completely unprepared," as Choice contends, dkt. 109 at 1, but he did answer "I don't know" more than sporadically. *See* Dkt. 108-4, Dep. Tr. (answering "I don't know" at least 65 times). Netgear insists that Choice noticed too many 30(b)(6) topics, but if so, Netgear should have objected before the deposition, during meet and confer with opposing counsel and, if necessary, in a request for a protective order. Instead, it appears as if Netgear chose not to prepare for certain topics.

The Court will allow Choice to depose Kellar for three more hours, on or before November 6, 2026. At least a week before the deposition, the parties must meet and confer about the topics that will be covered. Choice will need to focus on only a subset of its topics, picking the most important ones that Kellar wasn't fully prepared to address. Each side shall

bear its own costs, but the Court may require Netgear to pay Choice's reasonable expenses, including attorney's fees, if the witness is again unprepared. *See* Fed. R. Civ. P. 37(b)(2)(C).

* * *

With the parties' joint statement, Netgear provided the Court with a copy of the deposition transcript, which Netgear designated in its entirety as highly confidential. Dkt. 108 at 2. That designation isn't warranted for the entire transcript. In particular, the questions that resulted in "I don't know" answers don't reveal "trade secret information, prospective marketing plans and financial projections, or other highly sensitive information that can cause direct damages to the party if such information were to be disclosed." Dkt. 53 ¶ 2.7. Nor has Netgear otherwise identified "specific prejudice or harm" that would result if those questions and their "I don't know" answers were publicly disclosed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). The Court won't allow the entire transcript to remain under seal, but Netgear may propose narrower redactions of the transcript by November 6, 2026.

**IT IS SO ORDERED.**

Dated: October 20, 2026

Alex G. Tse
United States Magistrate Judge