UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, INC.,<br>Plaintiff,<br>v.<br>CHOICE ELECTRONICS INC.,<br>Defendant. | Case No. 25-cv-02601-RS (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 110 |

On September 4, 2026, the Court directed Netgear to supplement some of its discovery responses. Dkt. 92. Choice says Netgear didn't adequately do so. With limited exception, the Court concludes otherwise.

* * *

1. ESI Custodians and Search Terms. In the September 4 Order, the Court provided the following directions on ESI custodians and search terms: "Choice may ask Netgear to add ESI custodians and search terms, but Choice must be specific and explain why its proposed custodians and search terms would plausibly yield responsive ESI. If Choice satisfies that burden, Netgear must conduct further searches." Dkt. 92 at 1.

After September 4, Choice asked Netgear to add over 20 custodians. *See* Dkt. 110-1 at 2; Dkt. 110-4 at 6. But Choice didn't "explain why its proposed custodians . . . would plausibly yield responsive ESI." Dkt. 92 at 1. Netgear thus rejected Choice's proposal. Choice now asks the Court to order Netgear to meet and confer further about custodians and

search terms and to require Netgear "to search a minimum of 10 additional search terms [for] an additional 10 custodians." Dkt. 110 at 2. The Court denies Choice's request. Choice didn't satisfy its burden to "explain why its proposed custodians . . . would plausibly yield responsive ESI," dkt. 92 at 1, and the time to do so has passed. Fact discovery is closed. Dkt. 88.

2. Authorized Resellers. In the September 4 Order, the Court directed Netgear to "identify its authorized Amazon resellers and produce all related agreements with them." Dkt. 92 at 1. Netgear says it has now done so; it "identified its three authorized Amazon resellers and produced the agreements that exist." Dkt. 110-3 at 2. Choice suggests that Netgear may be out of compliance with the September 4 Order but doesn't explain how. The Court is satisfied with Netgear's representation that it identified its authorized Amazon resellers and produced all related agreements. The Court won't require Netgear to do more.

3. Netgear Product Listings on Amazon. As the September 4 Order required, Netgear produced communications concerning the creation and modification of Netgear product listings on Amazon.com. *See* Dkt. 92 at 2; Dkt. 110 at 4. Choice asserts that those communications were "modified by Netgear to, *inter alia*, conceal the email attachment names and cut-off some of the email text." Dkt. 110 at 3. In response, Netgear acknowledges that it made redactions to the emails, but Netgear says it "redacted only the forwarding email headers and wrapper, not the substantive communications." Dkt. 110-3 at 2.

Netgear hasn't explained why any redactions to these emails were necessary, nor does the Court see good cause for the redactions. Netgear must produce unredacted versions of the communications in question. If appropriate, Netgear may designate the emails as confidential or highly confidential under the stipulated protective order. Dkt. 53.

4. Customer Complaints. Previously, Netgear produced customer complaints it had tracked in a Salesforce database by exporting the complaints into a spreadsheet. *See* Dkt. 92 at 2. Choice worried that Netgear may have manipulated the spreadsheet before producing it, so the Court directed Netgear to either (i) have counsel explain how the spreadsheet was created and identify any information from Salesforce that was omitted, or (ii) identify someone who could be deposed about the database and the spreadsheet. *Id.* at 3.

Netgear chose the first option; its counsel explained in writing how the spreadsheet was created and identified information that was omitted. *See* Dkt. 110-2 at 2. Among other things, Netgear's counsel confirmed that "[t]he spreadsheet reflects the complete set of fields pulled from the relevant Salesforce Case records," "no additional columns were generated, selected, or excluded during the export process," "[n]o Salesforce Case fields were omitted from the export underlying this spreadsheet," and only certain fields containing personal identifiers were redacted prior to production. Dkt. 110-2 at 2.

Choice asserts that Netgear refused to answer certain follow-up questions about the spreadsheet and seeks a court order that would require Netgear to "make a witness available to be deposed about the Salesforce database and the spreadsheet[]." Dkt. 110 at 3. The Court won't grant Choice's requested relief. Netgear complied with the September 4 Order by explaining how the spreadsheet was created and identifying information that was omitted. The Court won't require Netgear to provide more details or produce a witness.

5. Netgear's Warranty. Choice's RFP 21 asked Netgear to produce documents about claims under Netgear's warranty. The September 4 Order stated that "[i]f Netgear has withheld documents responsive to RFP 21, it must produce them . . . ." Dkt. 92 at 3. Subsequently, Netgear confirmed that "it is withholding no documents responsive to RFP 21." Dkt. 110 at

5. Choice thinks there may still be unproduced responsive documents, *see id.* at 3 ("Netgear still has not provided all versions of the purported 'Netgear Warranty'"), but Choice hasn't offered any evidence to support its contention, and the Court cannot order Netgear to produce documents that don't exist.

6. Documents to Support Netgear's Damages Theory. Choice's RFPs 14 and 15 asked Netgear to produce documents sufficient to show Netgear's gross revenues and net profits from sales to Amazon or on Amazon. In the September 4 Order, the Court held that the requested documents were relevant and ordered Netgear to produce them. Dkt. 92 at 4. Netgear represents that it complied with the Order and "has fully produced the [responsive] data." Dkt. 110 at 5. Choice disagrees and says that Netgear produced a spreadsheet and a screenshot of a second spreadsheet, which together don't include the requested profit information. *See id.* at 3. Choice didn't file excerpts of the spreadsheets or otherwise provide the Court with evidence of what they include. As a result, Choice hasn't established that Netgear's production was deficient, and the Court won't compel Netgear to respond further.

* * *

By October 26, 2026, Netgear must produce unredacted versions of the communications it produced that concern the creation and modification of Netgear product listings on Amazon.com. With that exception, Netgear needn't respond further to the discovery requests addressed in the September 4 Order.

**IT IS SO ORDERED.**

Dated: October 21, 2026

Alex G. Tse
United States Magistrate Judge