UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, INC.,<br>Plaintiff,<br>v.<br>CHOICE ELECTRONICS INC.,<br>Defendant. | Case No. 25-cv-02601-RS (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 112 |

***Choice's RFPs 80–88.*** Subject to two limitations imposed below, by November 13, 2026, Netgear must produce all nonprivileged documents in its possession, custody, or control that are responsive to Choice's RFPs 80–88.

RFPs 80–88 seek documents concerning Netgear's alleged practice of reporting to Amazon that resellers are selling stolen Netgear products. *See* Dkt. 89-4 at 2–6. If, as Choice contends, Netgear's "model of doing business" is to make false reports about resellers selling stolen goods in order to have those resellers removed from the market, Choice may be able to use such evidence to prove malice in support of its defamation counterclaim. *Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 711 (2007).

Netgear asserts that evidence of malice must be plaintiff-specific and cannot include evidence of possible malice directed toward third parties. *See* Dkt. 112 at 4. *Overstock.com* runs counter to Netgear's understanding. The court there reasoned that the defendant's "business model"—of publishing negative reports about public companies in order to promote short selling—"support[ed] an inference of malice." *Overstock.com*, 151 Cal. App. 4th at 711. Choice is attempting to make the same sort of connection here.

The Court imposes two limitations on RFPs 80–88. First, a date range. Although some of these RFPs include a date range (January 1, 2024, to the present), others do not. *See* Dkt. 89-4 at 2–6. The date range adequately addresses Netgear's proportionality concerns. To further ensure proportionality, the Court will impose the same date range on all RFPs 80–88. For these RFPs, Choice hasn't demonstrated a need for pre-2024 documents.

Second, for RFP 80, Netgear must produce "[d]ocuments sufficient to identify all Netgear Products for which purported shortages were reported by or with Amazon," but Netgear needn't produce "all [responsive] purchase orders, invoices, inventory tracking reports, communications to and from Amazon, shipment notifications, and delivery notifications." Dkt. 89-4 at 2. The latter list of documents is expansive, and RFP 80 as written would require Netgear to produce all such documents. This comprehensiveness is inconsistent with the first part of RFP 80, which limits the request to documents "sufficient to identify." *Id.*

***Choice's RFPs 25–33.*** Netgear needn't respond further to RFPs 25–33. These RFPs seek documents related to Netgear's efforts to enforce its trademarks in disputes with third-party resellers and documents related to the retail pricing of Netgear products. *See* Dkt. 89-1 at 10–13. Choice says these RFPs will shed light on "Netgear's motivation" for pursuing trademark-infringement claims, dkt. 112 at 3, but Choice hasn't explained how that

motivation is relevant to any claim or defense in the case. Choice contends that Netgear's motivation may be relevant to attorney's fees, *id.*, but Choice hasn't cited any authority supporting fact discovery relating only to attorney's fees, not to any claim or defense.

**IT IS SO ORDERED.**

Dated: October 29, 2026

Alex G. Tse
United States Magistrate Judge